UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
(electronically filed)

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| VS. | Criminal Action No. 3:21-cr-155-DJH |
| JOSHUA WHITE | DEFENDANT |

DEFENDANT'S REPLY TO THE RESPONSE
TO HIS MOTION TO SUPPRESS SEARCH

Comes the Defendant, Joshua White (hereinafter "White"), by counsel, and makes the following Reply to the United States' Response (DN 31) to his Motion to Suppress (DN 23):

The United States averred in their Response that the Target website "could only be accessed through TOR." (Response, DN 31, PageID #: 125). At the same time, the United States asserts that White's alleged doings on the dark web were followed by foreign law enforcement agents from another country that was authorized pursuant to *that country's laws*. (Affidavit at p. 15). That does not mean that the methods of following someone around on the dark web used by the foreign agents would be lawful if used by United States' agents. However, the United States is now attempting to use intelligence about a United States citizen's activities within the United States obtained by a foreign government. Based on what is stated in the Affidavit, it cannot be determined that White registered at the Target website nor that he followed any of the links from that website *on the dark web* to another website also *on the dark web*. It appears that the United States is attempting to benefit from spyware searches performed by foreign governments without first lawfully obtaining a search warrant that complies with *United States'* laws and the *United States'* Constitution. In addition, "There is a long history of United States law enforcement

sharing criminal investigative information with FLA and FLA sharing criminal investigative information with United States law enforcement, across disciplines and including the investigation of crimes against children." (Affidavit, p. 15). Given this co-operative history, it is a stretch for the United States to assert that the investigation of White took place "independently from any United States law enforcement personnel." (Response, at PageID #: 125). A long history of sharing criminal investigative material back and forth is a coordination that does not qualify as "independently from any United States law enforcement personnel."

The case law that comes closest to addressing this issue looks at whether the Fourth Amendment applies to searches that take place on soil outside the US. However, the only foreign aspect of this search was the searching agency – the search was of a United States' citizen's property that took place on United States' soil – the lengthy cooperation with the foreign agency served as a way for the United States to make an end run around the warrant requirements of the Fourth Amendment. As argued in the original motion, when this same dark web activity search was run by a US agency – they obtained a warrant. The lengthy relationship of investigative sharing between the two law enforcement agencies is troubling. This is not a one-off incidental capturing of information from a US citizen, instead, the methods used by the foreign agency regularly benefit US agents. If those methods do not comport with the US Constitution, then US agencies must stop making use of that information. If the US wants to perform those searches, then they need to get a US warrant.

In addition to this large, over-arching issue, several other assertions in the Response require a reply. The Affidavit contained many more intimations than statements of fact. For instance, the Affidavit explains that a user needs to register with the website to gain access to the links to illicit material. There is no assertion that White registered with the site – just an

implication that he did, since one needs to in order to access the materials. No allegation of downloads by White is made in the Affidavit, just an assertion that users do, so likely he did. However, we do not know that he was a registered user. The Affidavit merely asserts that he was seen accessing the site on the dark web. No information about how this is "known" was provided to the neutral magistrate to determine whether the inferences made were reasonable and whether the information was obtained by the foreign government in a way that might shock the conscience – particularly the conscience of a nation that is currently reeling from the infiltration of our internet spaces by foreign governments. This behavior should not be condoned. Our law enforcement officers must conduct these investigations by seeking warrants rather than relying on foreign governments to conduct investigations of US citizens on US soil without a US warrant.

    Regarding staleness, 22-months may not be too stale to search for downloads, but is too old to look for evidence of browser history used for alleged viewing only, without downloads. The Affidavit does not contain any allegation that White downloaded materials.

    WHEREFORE, White respectfully requests this Honorable Court enter the attached Order suppressing evidence obtained from the search of White's residence on February 27, 2021.

**Respectfully submitted**,

*/s/ Rob Eggert*

_____
**ROB EGGERT**
600 West Main Street
Suite 200
Louisville, Kentucky 40202
(502) 540-5700

## CERTIFICATE OF SERVICE

      It is hereby certified that a true copy hereof was filed this 1st day of March, 2022, via the cm/ecf system which will automatically send notice to all counsel of record.

                                          */s/ Rob Eggert*

                                          _____
                                          **ROB EGGERT**