## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**UNITED STATES OF AMERICA**                                                         **PLAINTIFF**

**v.**                                                  **CASE NO. 3:21-CR-00155-DJH**

**JOSHUA WHITE**                                                                **DEFENDANT**

### RESPONSE TO GOVERNMENT'S MOTION
### TO DISMISS WITHOUT PREJUDICE

Comes the Defendant, **JOSHUA WHITE** (hereinafter "White"), by counsel, pursuant to the 5th and 6th Amendments to United States Constitution, as well as Rule 48(a) of the Federal Rules of Criminal Procedure, and in response to the Government's Motion to Dismiss Count 1 of the Indictment, *Without* Prejudice, states as follows:

On December 7, 2021, White was indicted on two counts: accessing with intent to view child pornography; and, possession of child pornography. An arrest warrant was issued, and White was arrested on the allegations. White appeared for his initial appearance and arraignment on December 10, 2021. Following his arrangement, White was released on conditions bail.

White's case has been continued a number of times due to discovery issues. The Court ultimately referred the case to the Magistrate Judge to resolve pending discovery issues. The Magistrate Judge scheduled a status conference to address the pending issues on November 30, 2022.

During the status conference, the Government advised the Magistrate Judge that the Government was likely going to dismiss Count 1 of the Indictment, and the dismissal would eliminate much of White's discovery requests and issues.

On December 6, 2022, the Government filed a Motion to Dismiss Count 1, *Without Prejudice*. (DN 62). White objects to the Dismissal; and specifically the Dismissal *Without Prejudice*.

As to the Dismissal of Count 1, White objects to the Dismissal since the allegation has been pending for almost an entire year, and White and his attorneys have expended a great deal of time, effort, and money defending the allegation. Rule 48(a) permits dismissal without prejudice "provided [the Government] is not acting in bad faith." *United States v. Hayden*, 860 F. 2d 1488 (9th Cir. 1988); see also *United States v. W.R. Grace*, 429 F. Supp. 2d 1207, 1247 (D. Mont. 2006) ("Dismissal under Rule 48(a) is without prejudice unless the Court finds that the dismissal was for some improper purpose.") The Government's sole purpose in moving to Dismiss Count 1, is to avoid providing White with necessary and requested discovery. Accordingly, the Government's Motion seeks dismissal for an improper purpose, and the motion should be denied.

Rule 48(a) permits the Government to seek dismissal of an indictment - - or a count of the indictment, but only upon review by the Court. The Government did not include any reason for the requested dismissal of Count 1. The Government's proposed Order stated dismissal is requested "for the reason stated." No reason was given.

The Government should be required to provide a reason for dismissal to prevent the Government from abusing its power of dismissal. The Court should review the Government's request for a dismissal to ensure that the reason advanced for the dismissal is for a legitimate purpose. See *United States v. Ammdown*, 497 F. 2d 615 (D.D.C. 1974). In *United States v. Cockrell*, 353 F. Supp. 2d 762 (N.D. Tex. 2005) the Government's Motion to Dismiss the Indictment was denied because the Government did not give a substantial reason for the proposed dismissal. Further, in *United States v. Heaton*, 458 F. Supp. 2d 1271 (D. Utah 2006) the Court ordered the Government to provide the basis for its Motion to Dismiss under 48(a). Accordingly, the Court

should not dismiss Count 1 of the Indictment based on the Government's bare request without some substantial supporting and valid reason.

WHEREFORE, for the foregoing reasons, White requests the Court to deny the Government's Motion to Dismiss Count 1 of the Indictment. In the alternative, White respectfully moves the Court to require the Government to provide a valid reason for its request to Dismiss Count 1; and assuming the Government provides such a valid reason, then White requests the Court to Dismiss Count 1 *With* Prejudice.

Respectfully Submitted,

/s/ Patrick J. Renn
Counsel for Defendant
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 568-3600 (fax)
prenn@600westmain.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2022, I electronically filed with the Clerk of the Court by using the CM/ECF system, which will serve notice of electronic filing to all attorneys of record.

/s/ Patrick J. Renn
Counsel for Defendant
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 568-3600 (fax)
prenn@600westmain.com