**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**v.**                                            **CASE NO. 3:21-CR-00155-DJH-RSE**

**JOSHUA WHITE**                                                **DEFENDANT**

### MOTION TO COMPEL

Comes the Defendant, **JOSHUA WHITE** (hereinafter "White"), by counsel, pursuant to the Fifth and Sixth Amendments to the United States Constitution, as well as Rule 16 of the Federal Rules of Criminal Procedure; *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972); and respectfully moves the Court to compel the government to provide White with relevant and necessary discovery. As grounds for this motion, White states as follows:

The Court held a status conference on February 13, 2023. Following the status conference, the Court entered a Memorandum of Hearing and Order. [DN70]. In the Court's Memorandum and Order, the Court stated it "presumes the parties' compliance with the order following arraignment [DN8] as to initial disclosures and discovery." The Memorandum and Order continued "[i]f additional discovery or inspection is sought, defendant's attorney[s] shall confer with the Assistant United States Attorney with a view to satisfying these requests in a cooperative atmosphere without recourse to the Court." Finally, with respect to additional discovery or inspection, the Memorandum and Order

stated "[a]ny motion for additional discovery or inspection shall be made no later than twenty-one (21) days following this Order,...."

The trial of White's case has been delayed and continued due to outstanding discovery issues. On October 25, 2022, the Court referred the discovery issues to the Magistrate Judge "for the purpose of holding status conferences and hearings, as necessary, regarding the parties' ongoing compliance with the schedule set out in the Memorandum of Conference and Order (Docket No. [55]) and the Revised Protective Order (D.N. [56])." Discovery issues remain ongoing.

On November 9, 2022, White's attorney, Wanda M. Dry, sent four discovery requests to the government prosecutor: "first of four Supplemental Discovery Requests;" "second of four Supplemental Discovery Requests;" "third of four Supplemental Discovery Requests;" and "fourth of four Supplemental Discovery Requests." The discovery requests remain outstanding.

Accordingly, pursuant to the Court's Memorandum of Hearing and Order [DN 70] identified above, White respectfully moves the Court to compel the government to provide the requested outstanding discovery.

        Respectfully Submitted,

        /s/ Patrick J. Renn
        Patrick J. Renn
        Counsel for Defendant
        600 West Main Street, Suite 100
        Louisville, Kentucky 40202
        (502) 540-5700
        (502) 568-3600 (fax)
        prenn@600westmain.com

and

Rob Eggert
Counsel for Defendant
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 568-3600
reggert@600mainlaw.com

and

Wanda M. Dry
Counsel for Defendant
The Dry Law Firm
P.O. Box 2122
Danville, KY. 40423-2122
(859) 583-0037
wandadry@gmail.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 6, 2023, I electronically filed with the Clerk of the Court by using the CM/ECF system, which will serve notice of electronic filing to all attorneys of record.

/s/ Patrick J. Renn
Counsel for Defendant