# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**UNITED STATES OF AMERICA**                                                            **PLAINTIFF**

**v.**                                                    **CASE NO. 3:21-CR-00155-DJH**

**JOSHUA WHITE**                                                                 **DEFENDANT**

### DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO COMPEL [DN 71]

Comes the Defendant, **JOSHUA WHITE** (hereinafter "White"), by counsel, in reply to the Government's response to his Motion to Compel [DN71], and states as follows:

White's counsel have requested a number of specific items of discoverable evidence, in possession of the "Government," that is material and relevant to White's defense of the allegations against him. In his motion to compel, White noted that one of his attorney's, Wanda Dry, sent four (4) discovery requests to the government prosecutor. In fact, there is at least one other discovery request, namely, "fifth supplemental discovery," sent to the Government on February 28, 2023 - - after the Court's dismissal of count one of the Indictment.

In its response, the Government, stated it "opposes [White's] motion to compel additional discovery as being moot per Court order on December 15, 2022 [DN63]." White disagrees.

White objected to the Government's motion to dismiss count one. White advised the Court the Government was attempting to avoid its discovery obligations by moving to dismiss count one. Over White's objection, the Court granted the dismissal of count one. Importantly, White never agreed that dismissal of count one would eliminate the Government's obligation to provide him with

requested discovery. Further, although the Court granted the Government's motion to dismiss count one, the Court did *not* find the Government was absolved of its obligations to provide discovery; nor that White's requests were "moot." [DN69].

The Government is required to preserve all evidence subject to disclosure under any of the Federal Rules of Criminal Procedure or under *Brady vs. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), or their progeny. See, e.g., *United States v. Holmes*, 975 F.2d 275, 284 (6th Cir. 1992), cert. denied, 507 U.S. 937 (1993); *United States v. Clark*, 957 F.2d 248, 251 (6th Cir. 1992); *United States v. Tincher*, 907 F.2d 600, 602 (6th Cir. 1990).

In addition to the above general law, courts have been willing to grant specific items of discovery in similar cases. For example, in *United States v. Mitrovich*, 458 F.Supp.3d 961 (N.D. Ill 2020) the Court held the defendant's motion to compel should not be denied "based on the government's submission that the exclusionary rule [did] not apply to the investigatory conduct of [Australia and New Zealand authorities]." Similarly, in *United States v. Budziak*, 697 F.3d 1105, 1113 (9th Cir. 2020), the Court found "an abuse of discretion for the district court to deny... discovery of [a software program developed by the FBI that allowed it to see what files particular users were downloading]," reasoning that "criminal defendants should not have to rely solely on the government's word that further discovery is unnecessary...."

White's requests for specific items of discovery are material to his defense, including as support for a motion to dismiss; motion(s) to suppress; and a *Franks* hearing. White's defense team has spent hundreds of hours combing through the discovery received from the Government thus far, as well as reviewing similar cases, in other jurisdictions. Regrettably, the protective order that is in place in this case, has significantly hampered White's ability to freely exchange relevant and helpful information with other defense counsel in similar cases.

White requests an evidentiary hearing, with witnesses and argument, on his motion to compel. White is confident, based on the evidence to be introduced during such hearing that the Court will agree his requested specific items of discovery, are necessary for him to receive effective assistance of counsel, a fundamentally fair trial, and to effectively defend the allegations against him.

Respectfully Submitted,

/s/ Patrick J. Renn
Counsel for Defendant
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 568-3600 (fax)
prenn@600westmain.com

and

Rob Eggert
Counsel for Defendant
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 568-3600
reggert@600mainlaw.com

and

Wanda M. Dry
Counsel for Defendant
The Dry Law Firm
P.O. Box 2122
Danville, KY. 40423-2122
(859) 583-0037
wandadry@gmail.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 3, 2023, I electronically filed with the Clerk of the Court by using the CM/ECF system, which will serve notice of electronic filing to all attorneys of record.

/s/ Patrick J. Renn  
Counsel for Defendant  
600 West Main Street, Suite 100  
Louisville, Kentucky 40202  
(502) 540-5700  
(502) 568-3600 (fax)  
prenn@600westmain.com