UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
(electronically filed)

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.                                          Criminal Action No. 3:21-cr-155-DJH

JOSHUA WHITE                                                DEFENDANT

* * * * * * *

**DEFENDANT'S MEMORANDUM IN
SUPPORT OF DISCOVERY REQUESTS**

* * * * * * *

Comes the defendant, Joshua White, through counsel, and submits this supporting

memorandum ordered by this Court (DN 74) to specify what Discovery has been requested and

why the defense is entitled to such Discovery. Copies of the Discovery Request Letters sent to

the prosecution have been attached as exhibits for reference. The Discovery requests are seeking

information to comport with Due Process and to allow Mr. White to adequately prepare his

defense under the Sixth and Fourteenth Amendments to the United States Constitution.

Rule 16 of the Federal Rules of Criminal Procedure requires the Government to permit

the defendant to inspect and copy "papers, documents, data, [and] photographs" in the

Government's possession if (1) the item is material to preparing the defense, (2) the Government

intends to use the item in its case-in-chief at trial, or (3) the item was obtained from or belongs to

the defendant. Fed. R. Crim. P. 16(a)(1)(E). The United States has claimed that the Discovery

requests pertaining to the investigation carried out by the Foreign Law Enforcement Agency or

Agencies are moot now that Count 1 of the Indictment has been dismissed (over the objection of

the defense). (DN 72). However, how access to Mr. White's computer was obtained has never

been made clear – the United States opted to dismiss the count involving the computer access

before providing crucial information as to how Mr. White's IP address was allegedly obtained while he was alleged to have been on the dark web through use of TOR. TOR deliberately hides IP addresses. When the United States seeks such information through servers in the United States, they obtain a warrant, as the process is invasive. *See, United States v. Horton*, 863 F.3d 1041 (8th Cir. 2017) (collecting cases litigating the NIT warrant in the Playpen investigation).

Mr. White's case differs from the Playpen line of cases in that instead of investigating through a United States warrant, the investigation was carried out by foreign law enforcement agencies without any warrants. These agencies using undisclosed techniques that somehow allegedly compelled Mr. White's computer to divulge its IP address during use of the dark web. Mr. White's computer was interacted with by investigators from a foreign law enforcement agency. The interactive mechanism has not been disclosed to the defense, so the nature of the interaction is unknown. The nature of that interaction is material to Mr. White's defense – there is reasonable doubt that images allegedly found on Mr. White's computer were placed there by Mr. White, as opposed to be a foreign actor. Particularly given the level of spyware and malware pervading the internet and coming from foreign sources, this scenario is quite realistic. While all the details of the foreign investigative tools may not be in the possession of the United States, Mr. White is entitled to what is in their possession. If the United States has no information pertaining to the tool, that fact is indicative that the "tip" used to initiate the search warrant was completely unreliable – thus, that fact would be pertinent to Mr. White's defense.

In preparation for this Memorandum, defense counsel consulted with a forensic analyst, Dr. Adrian Lauf, on the very limited question of how an IP address could be obtained while someone is using TOR. His one-page explanation is attached and may be useful to the Court for understanding why there are substantial questions casting doubt as to how Mr. White's IP

address was allegedly obtained. To determine what sort of malware may have been placed on Mr. White's computer by the foreign agents, more detail is needed as to what mechanism was used.

Discovery of the mechanism used to interact with Mr. White's computer is necessary to his defense. In addition, the details of the interaction are likely to include information that would provide a basis for reconsidering the Court's ruling on the earlier filed suppression motion. (DNs 23 and 35).

WHEREFORE, Joshua White offers this Memorandum and exhibits to the Court in support of his Motion to Compel production of the requested Discovery, and respectfully requests this Court enter the earlier tendered Order compelling the United States to meet its Discovery obligations by fulfilling the Letters of Request.

**Respectfully submitted**,

*/s/ Pat Renn*

_____
**PAT RENN**
600 West Main Street
Suite 100
Louisville, Kentucky 40202
(502) 540-5700

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy hereof was filed this 25th day of April, 2023, via the cm/ecf system which will automatically send notice to all counsel of record.

*/s/ Pat Renn*

_____
**PAT RENN**