# THE DRY LAW FIRM

---

| | |
|---|---|
| WANDA M. DRY, J.D.*<br>*Licensed in Kentucky & Florida<br>E-mail: wandadry@gmail.com | 141 North Third Street, Suite #3 (40422)<br>P.O. Box 2122<br>Danville, KY 40423-2122<br>Fax (859) 239-0072<br>Cell (859) 583-0037 |

November 9th, 2022

A. Spencer McKiness
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202

**via email only:** spencer.mckiness@usdoj.gov

RE:     United States of America v. Joshua White
          Case No. 3:21-CR-00155-DJH
          4th Discovery Request
          (Internal Document Number 31151)

Dear Spencer:

This is the first of four supplemental discovery requests that I'm emailing to you.

Please let me know how soon we can anticipate receiving the requested materials. We would appreciate you sending timely responses as you receive the information in lieu of waiting until you have received all of the information for each request.

If you are not inclined to provide any of the listed materials, please let me and Pat know as soon as possible - - and to the extent you are not willing, the reason why you believe you did not have to disclose the material.

We are numbering this request beginning with roman numeral "VII" in an attempt to maintain a continuing sequence, beginning with the next number from the end of the last request, for ease of reference in the future.

The "materiality standard of rule 16 is normally not a heavy burden; rather evidence is material as long as there is a strong indication that it will play an important role in **uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal**" Maniktala, 934 F.2d at 28 quoting united States V. Ross, 511 F.2d 757, 762-63 (5th Cir. 1975) United Stein, 488 F. Supp. 2d 350, 36-57 (S.D.N.Y. 2007)

## Definitions:

- BS-### - Bates Stamp document number
- SW Affidavit - references the US v. White Search Warrant Affidavit BS-115
- FLA1 = NCA of the UK Operation Habitance 1 and 2
- FLA2 = Brazil law enforcement agency. Operation Lobos 1 and 2
- TOR ATTACK - examples: Denial of Service (DDOS), Traffic analysis, Network intrusion technique (NIT)

TARGET WEBSITES:
- Target WEBSITE 1 = Description given: "share cp of babies and toddlers"
    - TARGET WEBSITE name itself is a reference to the genitalia of prepubescent boys.
    - website logo included images depicting babies and toddlers.
- Target WEBSITE 2 = Hurt meh
- Target WEBSITE 3 = Description given: "an online forum dedicated to the sexual exploitation of minor and/or prepubescent males.", an explicit focus on the facilitation of sharing child abuse material (images, links and videos), emphasis on indecent material of boys."
- TARGET WEBSITE 4 = Forbidden Angels
- TARGET WEBSITE 5 = TARGET CHATSITE = GirLand, this is the TARGET WEBSITE from the SW Affidavit, also known to the FBI/HSI from other SW Affidavits as TARGET WEBSITE 5.
- TARGET WEBSITE 6 = description given: "Chat for boylovers"
- TARGET WEBSITE 7 = description given "Forum for boy-and girlovers"
- TARGET WEBSITE 8 = description given "Girls pedo portal"

VII. Investigation/operation status

Please provide:

1. The total number of tips received from the FLA(s) related to TARGET WEBSITES 1 - 4 and 6-8 in general, and TARGET CHATSITE, in particular, as part of Operation Habitance 1 and 2, Operation Lobos 1 and 2, Operation Liberty Lane and any other related operation in which the FLA(s) provided LEAs with a deanonymized IP address of an alleged TOR user.
2. The total number of template affidavit applications for search warrants sent out in pursuit of a search related to Operation Liberty Lane (i.e., regarding alleged access to TARGET WEBSITES 1 - 4 in general and TARGET CHATSITE (TARGET WEBSITE 5), in particular, based on a Tip/Notification provided by the FLA yielding only a deanonymized IP address of an alleged TOR user)
3. The total number of outstanding investigations that have yet to initiate their search and or seizure.
4. The number of total TARGET WEBSITES identified as part of Operation Habitance 1 and 2, Operation Lobos 1 and 2, Operation Liberty Lane and any other operation in which the FLA(s) provided only a deanonymized IP address of an alleged TOR user.

VIII. Protective order and contractually obligated OPSEC due to NDA or other disclosure agreements.

With regard to Operation Habitance 1 and 2, Operation Lobos 1 and 2, Operation Liberty Lane and any other related operation in which the FLA(s) provided LEAs with a deanonymized IP address of an alleged TOR user, please provide:

1. all information sharing agreements between the US and the FLA1
2. all information sharing agreements between the US and the FLA2
3. all non-disclosure agreements between any of the governments or law enforcement agencies that are contributing to the protective order or reticence to release discovery information.
4. any documentation/memorandum/agreement regarding collaboration between the United States and all FLAs involved in the Habitance 1 and 2, Lobos 1 and 2, and Liberty Lane investigations (This includes but isn't limited to the FBI's and HSI's aid in identifying the server in Brazil and seizing that server in June 2019.)

IX. With reference to the related Case, Eastern District of Virginia US v. Sanders 1:20-cr-00143-TSE Document 294 Filed 04/20/21

1. Page 2 of the aforementioned document states : "Additionally, the FLA requested as a condition for providing its tip to the FBI that its identity, the existence of its investigation, and the information it provided not be publicly disclosed to the greatest extent possible"
Page 8 of the aforementioned document states : "public disclosure of the identity of the FLA would hinder the cooperative relationship between the FLA and the United States and would render the FLA and other such entities less likely to share information regarding the results of their criminal investigations with the United States in the future." and "FLA's …. tip documents were provided by the FLA on the condition that the government not publicly disclose those materials to the greatest extent possible."

    Please provide:
    a. all documentation showing the substance of any condition(s) that any FLA requested or required of any US LEA, including the FBI and/or HSI, prior to the release of information about its investigations related to the tip(s) involved in the above-referenced investigations.
    b. all documents or information that shows the nature of the cooperative relationship between the FLA(s) and the United States.
    c. all documents or information that shows the conditions that the FLA(s) set that limits the government's ability to disclose "materials to the greatest extent possible."
    d. all documents or information that shows why and how disclosing the requested information (i..e., identity of the FLA(s), the FLA(s) methods, and the identity of the target websites) would hinder the cooperative relationship between the FLA and the United States and would render the FLA and other such entities less likely to share information regarding the results of their criminal investigations with the United States in the future

2. Please identify the treaty, agreement, or other legal instrument and provide any documentation addressing how any FLA provided information regarding IP address 104.49.245.246 required by or authorized by said treaty, agreement, or other legal instrument between the U.S. and any FLA.

3. Please provide **unredacted copies of all documents** identified in the tables in the aforementioned document) or provide an exception to the protective order in

that case so that we can receive the requested documents from defense counsel. Exhibits can be found in Docket Number 258.

(From table on page 7)
a. July 31, 2020 hearing transcript  Exhibit A and Exhibit D-13
b. September 11, 2020 hearing transcript  Exhibit B
c. FBI 302 dated February 14, 2020  Exhibit C-2 and Exhibit G-2
d. Second Declaration of Dr. Matthew Miller  Exhibit E-5
e. Third Declaration of Dr. Matthew Miller  Exhibit F-5
f. Unredacted application for a search warrant  Exhibit F-10
g. Declaration of Special Agent Christopher A. Ford and Exhibit F-12

(From table on page 8)
h. FBI FD-1057 dated January 17, 2020 Exhibit C-4, Exhibit D-4, Exhibit E-2, and Exhibit G-4 Exhibit 1
i. Comparison chart Exhibit D-6 Exhibit 2
j. Fourth Declaration of Dr. Matthew Miller Exhibit D-7, Exhibit E-6, and Exhibit F-6 Exhibit 3
k. Declaration of Seth Schoen Exhibit D-8
l. Exhibit E-7 Exhibit 4
m. Declaration of Dr. Matthew Miller Exhibit E-4 and Exhibit F-4 Exhibit 5
n. Declaration of Dr. Richard Clayton Exhibit E-8 and Exhibit F-9 Exhibit 6

(From table on page 9)
o. Affidavit in Support of an Application for a Search Warrant Exhibit C-1, Exhibit D-3, Exhibit F-3, and Exhibit G-1
p. FLA document Exhibit C-5, Exhibit D-1, Exhibit E-1, Exhibit F-1, and Exhibit G-5
q. FLA letter dated September 16, 2019 Exhibit D-2 and Exhibit F-2
r. Third FLA document Exhibit D-3
s. Search and Seizure Warrant Exhibit D-11
t. Declaration of Matthew Ryder Exhibit F-7
u. Second Declaration of Matthew Ryder Exhibit F-8
v. Search Warrant Affidavits comparison Exhibit F-11

(Misc documents not on tables but related to this investigation)
w. SW application with affidavit for US v. Lewis in the Eastern District of Kentucky Case: 3:21-cr-00021-GFVT-EBA

   x. SW application with affidavit for US v. Kiejzo in District of Massachusetts Case 4:20-cr-40036-TSH
   y. SW application with affidavit for US v. Bateman in District of Massachusetts Case 1:20-cr-10012-IT
   z. SW application with affidavit for US v. Stauffer in the Southern District of Illinois Case 3:20-cr-30018-SMY
   aa. SW application with affidavit for US v. Clark in the Western District of Washington Case 2:21-mj-00147-JLW  (deceased)

Sincerely,

*Wanda M. Dry*