# THE DRY LAW FIRM

---

WANDA M. DRY, J.D.*  
*Licensed in Kentucky & Florida  
E-mail: wandadry@gmail.com

141 North Third Street, Suite #3 (40422)  
P.O. Box 2122  
Danville, KY 40423-2122  
Fax (859)239-0072  
Cell (859) 583-0037

November 9th, 2022

A. Spencer McKiness  
Assistant United States Attorney  
717 West Broadway  
Louisville, Kentucky 40202

**via email only:** spencer.mckiness@usdoj.gov

RE:   United States of America v. Joshua White  
      Case No. 3:21-CR-00155-DJH  
      5th Discovery Request  
      (Internal Document number 31152)

Dear Spencer:

This is the second of four supplemental discovery requests that I'm emailing to you.

Please let me know how soon we can anticipate receiving the requested materials. We would appreciate you sending timely responses as you receive the information in lieu of waiting until you have received all of the information for each request.

If you are not inclined to provide any of the listed materials, please let me and Pat know as soon as possible - - and to the extent you are not willing, the reason why you believe you did not have to disclose the material.

We are numbering this request beginning with roman numeral "X" in an attempt to maintain a continuing sequence, beginning with the next number from the end of the last request, for ease of reference in the future.

**Important! Please preserve all audio, video, digital, archives, that are related in any way to the investigations of Mr. White.**

USA v. White 5th Discovery Request (31152)  
11/09/2022  
Page 1

**The "materiality standard of rule 16 is normally not a heavy burden; rather evidence is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal" Maniktala, 934 F.2d at 28 quoting united States V. Ross, 511 F.2d 757, 762-63 (5th Cir. 1975) United Stein, 488 F. Supp. 2d 350, 36-57 (S.D.N.Y. 2007)**

## Definitions:

- BS-### - Bates Stamp document number
- SW Affidavit - references the US v. White Search Warrant Affidavit BS-115
- FLA1 = NCA of the UK Operation Habitance 1 and 2
- FLA2 = Brazil law enforcement agency. Operation Lobos 1 and 2
- TOR ATTACK - examples: Denial of Service (DDOS), Traffic analysis, Network intrusion technique (NIT)

  TARGET WEBSITES:
- Target WEBSITE 1 = Description given: "share cp of babies and toddlers"
    - TARGET WEBSITE name itself is a reference to the genitalia of prepubescent boys.
    - website logo included images depicting babies and toddlers.
- Target WEBSITE 2 = Hurt meh
- Target WEBSITE 3 = Description given: "an online forum dedicated to the sexual exploitation of minor and/or prepubescent males.", an explicit focus on the facilitation of sharing child abuse material (images, links and videos), emphasis on indecent material of boys."
- TARGET WEBSITE 4 = Forbidden Angels
- TARGET WEBSITE 5 = TARGET CHATSITE = GirLand, this is the TARGET WEBSITE from the SW Affidavit, also known to the FBI/HSI from other SW Affidavits as TARGET WEBSITE 5.
- TARGET WEBSITE 6 = description given: "Chat for boylovers"
- TARGET WEBSITE 7 = description given "Forum for boy-and girlovers"
- TARGET WEBSITE 8 = description given "Girls pedo portal"

    X.    US Law enforcement surveillance (e.g, CHATSITE digital archives, audio recordings, video recording, photography etc.)

1. Please provide all transcripts, images, audio and video and recording of any type on any media on the day of the search (February 17, 2021) of 2134 Woodbourne Ave by any of the persons that participated in the search, including but not limited to:
   a. the audio file of recording of Interrogation of Jordan B White.
   b. all body cam video and audio and any transcripts from the day of the search.
   c. all dash cam video and audio from the day of the search.
   d. all audio and video or recording of any type on any media of the interview with Joshua White.
   e. any other audio or video related to the search.
   f. all photographs taken as part of the search of 2134 Woodbourne Avenue.

2. Please provide a digital copy of all archives created in this investigation of the TARGET CHATSITE.
3. Please provide a digital image of the TARGET CHATSITE.
4. Please make available the data archives for our forensic team's analysis.

## Continued Discovery Requests

XI. Overlooked/Continued from April 25, 2022 Discovery Request

1. In reference to the response to the April Discovery Request II-3.  The paragraph 25 and of the SW Affidavit indicates that the publicly available postings were "captured and archived" for law enforcement.  Please provide/identify the following:
   a. Who was doing the capturing and archiving,
   b. Who was receiving the captured and archived postings.
   c. The "law enforcement agency" and location, i.e. is it FBI, HSI etc. where the archives are preserved and accessible.
   d. For each of the separate archives of publicly available postings that exists, provide:
      i) the beginning and ending date and time of each capture/archive.
      ii) detailed information regarding the number and type of entry (files/references/records) in each archive
      iii) the format of each entry in each archive,
      iv) the date and time of each entry in each archive.
   e. the quantity of chat messages archived,
   f. the quantity of images available from links on the TARGET CHATSITE that were archived
2. From the April Discovery Request III-2, (answered as IV-1,2) in reference to TARGET CHATSITE:  The screenshots provided are not from the requested date of April 11, 2019 (alleged time date and time of alleged crime).
   a. Please identify the quantity and time stamp of each screenshot of the TARGET CHATSITE from April 11, 2019 that is in the custody of the government.
   b. Please provide a copy of each and every screenshot of the TARGET CHATSITE from April 11, 2019 that is in the custody of the government.
   c. Please provide the full screenshot of the "Links" button referenced in paragraph 21 of the SW Affidavit.
   d. Please provide the full screen shot of the "Photo archive" page referenced in paragraph 21 of the SW Affidavit. (redacted if any inappropriate photos exist on the page)
3. In the letter dated August 17th, in response to the April 25, 2022 Discovery Request, the prosecutor indicated the prosecution believes the TARGET CHATSITE was "accessed" despite stating that the government is not in

    possession of any evidence of a username and presumably no password either. Please provide any evidence/discovery that supports the continued belief by the prosecution that the TARGET CHATSITE's secure area (which required a username and password) was accessed.

4. Related to responses for April 25th 2022 Discovery Request IV-1.  None of the information provided pertained to April 11, 2019 nor did it answer the questions asked in general.
    a. Please provide any evidence/documentation or images which shows that the TARGET CHATSITE was online and functioning on April 11, 2019 21:22:21 UTC.
    b. Please provide any evidence/documentation or images which shows that the TARGET CHATSITE registration and login functions were turned on and functioning on April 11, 2019 at 21:22:21 UTC.

XII. Comprehension and followup questions on received Discovery Bates Stamped 140-149 & BS-035

1. Per the document BS-149; please provide the full name, purpose or meaning of program code VIP
2. Per the BS-149 document; please provide the full name, purpose or meaning of the program codes MY3, GRN and 111.  Please provide a document that describes the naming convention or schema.
3. Please provide descriptions and meaning of the COC OP and green monster Code GRN per BS-146
4. Per the BS-035
    a. Please define the purpose or meaning and purpose of the program codes.
    b. Please provide descriptions and definitions for the following program codes and their meaning.
        i) 1C3 - TICOT/PTOC/IOC2,
        ii) SPN - SIP Nashville,
        iii) GRN - CUC OP GREEN MONSTER (BO)
5. Please provide the meaning of the acronym ISR from BS-140
6. With respect to the project codes mentioned on BS-149, what were the official start and finish dates for operations/programs MY3, GRN, VIP and 111,
    a. please provide the classification/description of information tracked by those project codes.
    b. please provide information on whom that information is/was shared with.

7. The Lead Source details table on BS-146 indicates several things:  that the source was Unknown, Highly reliable and Verified. Please provide the:
   a. method that was used to determine and label this "lead source" to be verified as highly reliable.
   b. meaning of "unknown source type"
   c. method that was used to "verify" the lead source.
   d. guidelines, standard methodology and/or document name for verifying a lead source as reliable.

## SW Affidavit related request

XIII.   Requests Pertaining to Paragraph 5 of the SW Affidavit

Please provide the following information/documents with the original dates:

1. The <u>information</u> provided by United States federal law enforcement agents, and the identity of the agents referenced in the statement "The statements contained in this SW Affidavit are based in part on <u>information</u> provided by United States federal law enforcement agents;
2. An index and the copies of the <u>written reports</u> about this and other investigations that (Koski) has received" referenced in the statement "<u>written reports</u> about this and other investigations that I have received, directly or indirectly, from other law enforcement agents, including foreign law enforcement agencies."
3. Copies of the administrative subpoenas, an index of said subpoenas, and the copies of the information gathered from the service of <u>administrative subpoenas</u> referenced in the statement "information gathered from the service of <u>administrative subpoenas</u>;"
4. The independent investigation and analysis by law enforcement officials/agents/analysts and computer forensic professionals referenced in the statement "independent investigation and analysis by law enforcement officials/agents/analysts and computer forensic professionals;"
5. Specifically as referenced in paragraphs 5 and 37 of the SW Affidavit, please provide:
    a. the subpoena submitted to AT&T;
    b. all documents and photographs submitted by AT&T in response to the subpoena;
    c. all information and supporting documentation tending to show that prior to February 8, 2021, the FBI/HSI or other US LEA failed to subpoena or otherwise obtain information from AT&T showing whether the Internet user went on Tor, whether the Internet user frequently used Tor

XIV.   Requests pertaining to paragraph 6 of the SW Affidavit.

1. From the definition (c) "Chat Room … Individuals may also have the ability to transmit electronic files to other individuals within the chat room."

   a. Please confirm that the TARGET CHATSITE did not have the ability/function to directly transmit electronic files from one individual to another.
   b. If the function did exist, please show screen shots and other documentation of the feature and describe its method of operation.
2. If you allege that the "child erotica" linked to the TARGET CHATSITE was illegal, please identify a law or statute that supports your allegation.

XV. Referenced facts and statistics per paragraphs 16, 26 and 33 of the SW Affidavit and BS-154 Previous discovery

1. Paragraph 16 of the SW Affidavit states that the "primary purpose was to share and distribute child pornography".
   a. Please provide
      i) all documentation that supports the statement that "primary purpose was to share and distribute child pornography"
      ii) all documentation that supports how the primary purpose was determined.
      iii) the statistical analysis that supports the statement that the "primary purpose was to share and distribute child pornography"
2. Paragraph 33 of SW Affidavit states, "FBI review of user data from that website found that less than two hundredths of one percent of user accounts registered an account on the website, accessed a message thread on the website, and then never returned to the website and logged in to the same account." These facts and statistics referenced would have required a detailed analysis of the data from the TARGET CHATSITE and its hosting server.
   a. Please provide the statistical analysis and articles, journals and reports and any other references/documents used to determine the 99.98% return rate of TARGET CHATSITE users.
   b. As was provided by the NCA in BS-154, the site only supported users a single one time login per username and password.  Please explain how this statistical analysis would have been performed if users never logged in with the same username and password a second time.

XVI. Requests Pertaining to Paragraph 25 of the SW Affidavit.

1. Paragraph 25 of the SW Affidavit states "that the FBI accessed and downloaded cp files via links from the TARGET [CHATSITE] in an undercover capacity from Maryland." Please provide the following information:

a. the first date that the FBI accessed the TARGET CHATSITE;
b. the first date that the HSI accessed the TARGET CHATSITE;
c. how the HSI and FBI first came to know the URL of the TARGET CHATSITE;
d. the original documentation and author of that documentation that the Affiant relied on to verify that the FBI (or HSI) was performing this activity of accessing and downloading cp files from the TARGET CHATSITE.
e. The SW Affidavit states that "on November 2, 2018, a TARGET [CHATSITE] user posted a hyperlink of a .jpeg file named https://MATRIX_171313_cae_178991.jpg [description omitted] that linked to an image." Please provide the following:
   i) supporting information (with original dates and times) on how the US LEA came into possession of that link, the image and the description.
   ii) the identity of the US LEA which verified this.
   iii) dates and times when the link was accessed by LEA and by whom
   iv) the identify of the person that analyzed the image and created the description.
   v) documentation to show how long the image link mentioned in this paragraph was available
   vi) documentation or images/screen-shots to show how long the image link mentioned in this paragraph persisted on the TARGET CHATSITE.
   vii) documentation or images/screen-shots to show that the image was still available on April 11, 2019.
   viii) the documentation showing that Agent Koski had documentation or knowledge about the alleged activity on or before February 8, 2021.

2. Paragraph 25 of the SW Affidavit states that FBI special agents "accessed and downloaded child pornography files via links that were posted on the TARGET [CHATSITE], in an undercover capacity, from computers located in the District of Maryland."
   a. Please provide the FBI's and HSI's standard operating procedure and instructions used at that time for determining whether an image was child pornography, erotica, or some other classification of image. If the procedure was updated over the course of time that the TARGET CHATSITE was under observation, please provide all revisions.
   b. Please provide the date and time that this undercover operation started.
   c. Please provide the date and time that this undercover operation ended.
   d. Please provide any dates or times that the US government participated in any type of attack (for example, a DDOS attack), interference (for example, a

> DDOS attack), traffic analysis or used any other method to disable, modify, affect or de-anonymize the TARGET CHATSITE, the TARGET CHATSITE's host server, or user of the TARGET CHATSITE.

XVII. Requests pertaining to paragraph 26 of the SW Affidavit

1. According to the SW Affidavit paragraph 26, "Postings to the TARGET CHATSITE that were publicly available to any registered user at the time of posting were captured and archived for law enforcement review."

   a. Please provide a digital text-based copy of said chat archive.
   b. Please provide information in the government's possession that shows that the TARGET CHATSITE was up for the entire duration of the day to all users on April 11, 2019.
   c. Please provide any written correspondence, emails, reports, or presentations that were generated about the said chat archive.

XVIII. Requests pertaining to paragraph 28 of the SW Affidavit

   Please provide all original documentation or original substance of the communications for the following:

1. The original TIP document(s) provided to the HSI or FBI from FLA1 and/or FLA2 that documented the statement "April 11, 2019, IP address 104.49.245.246 "was used to access online child sexual abuse and exploitation material" via the [TARGET CHATSITE]" (The TIP document(s) previously provided (BS-140) do not identify the TARGET CHATSITE. Nor does that tip document (BS-140) provide any information that describes the method of access ("via a website"). Furthermore BS-154 is dated May 8, 2022, which is after the search warrant was created and therefore could not be part of the tip document).

2. From reading several SW Affidavits from multiple Liberty Lane cases, it is still wholly unclear about how the TIP other information from the investigation was relayed amongst the US LEAs and FLAs.  To clear things up, please concisely provide the following:
   a. information the HSI received from the FLA1 and FLA2.
   b. information the FBI received from the FLA1 and FLA2.

    c. information the HSI related/relayed to the FBI
    d. information the FBI related/relayed to the HSI
    e. information the FLA1 received from the FLA2, FBI or HSI.
    f. information the FLA2 received from the FLA1, FBI or HSI.

XIX. Requests Pertaining to Paragraph 29 of SW Affidavit application for the warrant.

1. Paragraph 29 states that three images were available *"on"* the TARGET CHATSITE when IP address 104.49.245.246 allegedly connected to the TARGET CHATSITE server. For each of the three images that were allegedly on the TARGET CHATSITE on April 11, 2019 at 21:22:21 UTC, please provide:

    a. a list of all steps (each and every) that were required for any user who had arrived on the registration/home page to access a child exploitive image.
    b. a list of all steps (each and every) that were required for any user who had arrived on the registration/home page to view a child exploitive image.
    c. all evidence that proves each image was available/accessible to a user that was connected and logged into the TARGET CHATSITE on April 11th 2019 at 21:22:21 UTC.
    d. all evidence showing the method used to confirm each image link actually led to an accessible image at 21:22:21 UTC on April 11th 2019.
    e. screen shots showing all chat messages with the links to each image.
    f. the complete file path for each of the three said image files allegedly on the host server for the TARGET CHATSITE.
    g. the URL for each of the three said image files allegedly on the TARGET CHATSITE.
    h. the date and time of each chat message posted that contained a link to any of the three said image files. (the time/date stamps associated with the links)
    i. evidence that the images were accessible (e.g., image repositories server up, image repository server connectable and with adequate bandwidth to retrieve the images from IP address) at the links indicated at that date and time April 11, 2019 21:22:21 UTC.
    j. all evidence/documentation showing the Affiant (Koski) knew, as of February 8, 2021, that those three said image links were available on the TARGET CHATSITE at April 11, 2019 21:22:21 UTC.

    k. all evidence/documentation showing the Affiant (Koski) knew, as of February 8, 2021, that those three said images were available on their respective HOST SERVER(S) at April 11, 2019 21:22:21 UTC.

XX. Requests pertaining to paragraph 31 of the SW Affidavit

1. Through Mr Koski's consultation with other United States law enforcement agents about tips provided by the FLA(s) regarding IP addresses that the FLA(s) advised were associated with access to TOR network child exploitation-related website and chat sites:
   a. How many tips have not yielded arrest of a United states-based child pornography producer or hands-on offender?
   b. How many tips have not led to the seizure of evidence of child pornography trafficking and possession
   c. How many tips have not yielded any evidence of access other than an individual using TOR.

XXI. Requests pertaining to paragraph 41 of the SW Affidavit

1. Paragraph 41 of the SW Affidavit states, "HSI Special Agent Michael Huffines conducted surveillance of the residence located at 2134 Woodbourne Ave., Louisville, Kentucky" on November 9th 2020.  Please provide:

   a. confirmation that no other surveillance was conducted by SA Michale Huffines or any other agents before February 8, 2021 of the White Family residence as related to this investigation.
   b. any and all information (not limited to images, written reports, emails, or logged discussions) gathered by SA Michael Huffines as part of his surveillance on November 9th, 2020 or surveillance on any other date and time as part of this investigation of the White Family address or Joshua or Jordan White.
   c. documentation showing whether or not SA Michael Huffines scanned for wifi network access points
   d. all information and supporting documentation tending to show that the government made any investigation into the wifi networks visible in and around the White family residence on or prior to February 17, 2021.

    e. all information and supporting documentation tending to show that on or prior to February 17, 2021 there was an unsecured WIFI network access point at the White family residence.

2. all information and supporting documentation tending to show that on or prior to February 17, 2021 no information had been collected about the white family WIFI access points.
3. all information that the FBI/HSI or other US LEA was unable to determine, prior to February 17, 2021, whether the Internet network at the White's family home in April 2019 was an open network or a password-protected network;

XXII.    Requests pertaining to paragraphs 43-44 of the SW Affidavit

1. Please provide documentation, images, or other evidence of all efforts the FBI/HSI or other US LEA took prior to February 8, 2021, to determine that the Internet user displayed or possessed characteristics of individuals with a sexual interest in children or visual depictions of children, as described in paragraph 43 to 44 of the SW Affidavit;

2. Please provide all information that, prior to February 8, 2021, the government did not possess any documents, photographs, other tangible evidence, or information to show that the Internet user displayed or possessed characteristics of individuals with a sexual interest in children or visual depictions of children, as described in paragraph 43 to 44 of the SW Affidavit;

3. All information, including but not limited to photographs and documents, reflecting efforts that Special Agent Koski specifically, and the FBI/HSI or other US LEA, generally, took prior to February 8, 2021, to confirm or refute any allegation that Mr. White or Mrs. White or anybody residing at the White Family residence was a "child porn collector" as described in paragraph 44 of the SW Affidavit.

Sincerely,

Wanda M. Dry