# THE DRY LAW FIRM

| | |
|---|---|
| WANDA M. DRY, J.D.* | 141 North Third Street, Suite #3 (40422) |
| *Licensed in Kentucky & Florida | P.O. Box 2122 |
| E-mail: wandadry@gmail.com | Danville, KY 40423-2122 |
| | Fax (859)239-0072 |
| | Cell (859) 583-0037 |

November 9th, 2022

A. Spencer McKiness
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202

**via email only:** **spencer.mckiness@usdoj.gov**

RE:   United States of America v. Joshua White
       Case No. 3:21-CR-00155-DJH
       6th Discovery Request
       (Internal Document Number 31155)

Dear Spencer:

This is the forth of four supplemental discovery requests that I'm emailing to you.

Please let me know how soon we can anticipate receiving the requested materials.  We would appreciate you sending timely responses as you receive the information in lieu of waiting until you have received all of the information for each request.

If you are not inclined to provide any of the listed materials, please let me and Pat know as soon as possible - - and to the extent you are not willing, the reason why you believe you did not have to disclose the material.

We are numbering this request beginning with roman numeral "XXVII" in an attempt to maintain a continuing sequence, beginning with the next number from the end of the last request, for ease of reference in the future.

**Important! Please preserve all audio, video, digital, archives, that are related in any way to the investigations of Mr. White.**

USA v. White 7th Discovery Request 31155
11/09/2022
Page 1

**The "materiality standard of rule 16 is normally not a heavy burden; rather evidence is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal" Maniktala, 934 F.2d at 28 quoting united States V. Ross, 511 F.2d 757, 762-63 (5th Cir. 1975) United Stein, 488 F. Supp. 2d 350, 36-57 (S.D.N.Y. 2007)**

## Definitions:

- BS-### - Bates Stamp document number
- SW Affidavit - references the US v. White Search Warrant Affidavit BS-115
- FLA1 = NCA of the UK Operation Habitance 1 and 2
- FLA2 = Brazil law enforcement agency. Operation Lobos 1 and 2
- TOR ATTACK - examples: Denial of Service (DDOS), Traffic analysis, Network intrusion technique (NIT)

  TARGET WEBSITES:
- Target WEBSITE 1 = Description given: "share cp of babies and toddlers"
    - TARGET WEBSITE name itself is a reference to the genitalia of prepubescent boys.
    - website logo included images depicting babies and toddlers.
- Target WEBSITE 2 = Hurt meh
- Target WEBSITE 3 = Description given: "an online forum dedicated to the sexual exploitation of minor and/or prepubescent males.", an explicit focus on the facilitation of sharing child abuse material (images, links and videos), emphasis on indecent material of boys."
- TARGET WEBSITE 4 = Forbidden Angels
- TARGET WEBSITE 5 = TARGET CHATSITE = GirLand, this is the TARGET WEBSITE from the SW Affidavit, also known to the FBI/HSI from other SW Affidavits as TARGET WEBSITE 5.
- TARGET WEBSITE 6 = description given: "Chat for boylovers"
- TARGET WEBSITE 7 = description given "Forum for boy-and girlovers"
- TARGET WEBSITE 8 = description given "Girls pedo portal"

USA v. White 7th Discovery Request 31155
11/09/2022
Page 2

XXVII.   FLA/partner/participant identification

For each law enforcement agency ("LEA" or "FLA") (for brevity, "FLA" includes US LEA when in doubt), or other entity, from each of the following countries, **Brazil, the United States, the United Kingdom, Australia, Canada, New Zealand, Germany, Portugal, Italy, Norway, France and Austria**, that was consulted or participated or assisted in any way, please provide:

1. documentation showing the date that any entity/FLA(s) became involved with this investigation or started their own "independent investigation" as identified by both the first communication on the operation and, first knowledge of any/all TARGET WEBSITE.
2. documentation showing each country's role in the investigation, including, but not limited to those roles identified below, using the following definitions and roles as a guide:
    a. hacked or otherwise acquired the web administrator credentials of TARGET WEBSITE 1 (BABY HEART) or TARGET CHATSITE (GirLand)
    b. initially collected any information from any informants
    c. applied for and/or received any warrant used in any step to de-anonymize the TARGET WEBSITE 1 or TARGET CHATSITE server location(s)
    d. de-anonymized the TARGET WEBSITE 1 or TARGET CHATSITE server location(s)
    e. applied for and/or received any warrant for surveillance of TARGET WEBSITE 1 or TARGET CHATSITE host server(s), server location(s) and/or server administrator(s)
    f. applied for and/or received any warrant for search and/or seizure of TARGET WEBSITE 1 or TARGET CHATSITE host server(s).
    g. originate any search and/or seizure of TARGET WEBSITE 1 or TARGET CHATSITE host server(s)
    h. rehosted any TARGET WEBSITE or TARGET CHATSITE (or a copy) on a Government controlled server
    i. de-anonymized any TOR user IP addresses
    j. provided, to any FLA, technology, software or training to aid in the process of deanonymizing TARGET WEBSITE 1 or TARGET CHATSITE server location(s) (hidden services) or the Tor user IP addresses.
    k. acquired, from any FLA, technology, software or training to aid in the process of deanonymizing TARGET WEBSITE 1 or TARGET CHATSITE server location(s) (hidden services) or the Tor user IP addresses.
    l. provided the tip to the US LEAs (e.g., the FLA mentioned in the SW Affidavit paragraph 28)

  m. performed any role in the investigation not identified in this list
3. Please provide the identity of every NGO (non-governmental organization), private citizen, individual, and/or "hacker" that was consulted or participated or assisted in any way, in the investigation, including but not limited to:
   a. Provided a tip to the initial FLA(s)
   b. Performed hacking independently or in cooperation with the FLA(s) or US LEA(s).

XXVIII.  FLAs/partners/participants TIP/notification(s)

  Paragraph 28 of the SW Affidavit states, "**_HSI Special Agents received information from_** an . . . "FLA", **notified** the FBI that FLA determined that on April 11, 2019, IP address 104.49.245.246 "was used to access online child sexual abuse and exploitation material" via . . . the TARGET WEBSITE. The FLA was able to identify the IP address 104.49.245.246 utilizing FLA established legal undercover methodologies and techniques.

1. Please provide:
   a. an index of all information and communications, between or among the FBI/HSI/other US LEA and every FLA regarding the IP address 104.49.245.246.
   b. all information, in its original format(s), with original dates, authors and complete content, identified in the aforementioned index of information regarding the IP address 104.49.245.246.
   c. proof of the chain of custody of the evidence for the notification from the time it was created by one or more of the FLAs until the time it was entered into the Affidavit.
2. Please provide a complete description (e.g. url, hash#, filename, etc) and redacted images of all "online child sexual abuse and exploitation material" allegedly "accessed" by 104.49.245.246 as referenced in paragraph 28 of the SW Affidavit.
3. Please provide documentation showing the complete, step-by-step, information pipeline for the notification, beginning with the first warrant or arrest of any administrator of any of the TARGET WEBSITES.  This documentation should include, but not be limited to, any information/data from the initial de-anonymization of the hidden service that hosted each target website to the de-anonymization of individual user IP addresses to the sending of the "notifications" to the US LEAs receiving the information in the HSI Field offices.

4. Please provide all memoranda, reports, documents, notes, correspondence, and any other recorded writings regarding the identification, disclosure to any FLAs, and ultimate disclosure to the United States' investigation law enforcement agency(s), of information related to the investigation leading to White's Indictment.
5. Please provide all photographs, documents, and other information showing the action taken by the United States, on or before February 8th, 2021, in response to any FLA **notifications**, tending to:
   a. show efforts, that the FBI/HSI or other US LEA took that failed or succeeded to corroborate the tip/notification from any of the FLA(s), including all information tending to show that the FBI/HSI or other US LEA was able or unable to corroborate the notification from the FLA on or prior to February 08, 2021;
   b. show how the FLA(s) obtained the time stamp of 21:22:21 UTC and what that time stamp reflected; (e.g. the time the IP address allegedly first arrived on the site, left the site, had been there for a specific duration etc.)
   c. show how the US LEA(s) determined the FLA(s) meaning and usage of their legal definition of the term "access" and provide evidence that shows the documentation of that determination, and the findings of that determination.
   d. show that the FBI/HSI or other US LEA generally, and specifically Special Agent Koski AND the author of the SW Affidavit, were unable to determine, prior to February 8, 2021, to determine what particular material the Internet user allegedly accessed on April 11, 2019;
   e. show that the FBI/HSI or other US LEA generally, and specifically Special Agent Koski AND the author of the SW Affidavit, were unable to determine, prior to February 8, 2021, that the Internet user visited any other website linked to/from the TARGET CHATSITE;

XXIX.   FLAs/partners/participants Advisements

   Paragraph 28 of the SW Affidavit states in advisement 1: "The FLA was able to identify the IP address 104.49.245.246 utilizing FLA established legal undercover methodologies and techniques."
   Paragraph 30 of the SW Affidavit states in advisement 2: "FLA advised United States law enforcement that it obtained that information through independent investigation that was lawfully authorized in FLA's country pursuant to its national laws."

      Paragraph 30 further states in advisement 3: "FLA further advised United States law enforcement that FLA had not interfered with, accessed, searched or seized any data from any computer in the United States in order to obtain that IP address information."

For each of the three advisements identified above (i.e., in Paragraphs 28 and 30 of the SW Affidavit), please provide:

1. the name of each FLA being referenced in each advisement.
2. any documentation and/or record of action taken by the United States, before February 8th, 2021, in response to any FLA advisements, to:
   a. corroborate that the undercover methodologies and techniques were legal in each FLA1 country (e.g. requested warrants, reviewed warrants, reviewed statutes, consulted with any legal authorities etc.)
   b. corroborate that the undercover methodologies and techniques were legal in each FLA2 country (e.g. requested warrants, reviewed warrants, reviewed statutes, consulted with any legal authorities etc.)
   c. corroborate that the FLA1 investigation(s) was/were lawfully authorized
   d. corroborate that the FLA2 investigation(s) was/were lawfully authorized
   e. corroborate that the FLA1 did not interfere with, access, search or seize any data from any computer in the United States.
   f. corroborate that the FLA2 did not interfere with, access, search or seize any data from any computer in the United States.
   g. corroborate that FLA1 investigation(s) was independent
   h. corroborate that FLA2 investigation(s) was independent
3. documentation showing the type (e.g., Targeted Equipment Interference warrant (TEI), Targeted intercept warrant (TI), surveillance, search/seizure warrant, etc.) and complete identity of every warrant obtained by any FLA or US LEA prior to the execution of any part of the investigation(s) identified in paragraph 28 and 30 of the SW Affidavit and provide:
   a. the identifying legal citation for the warrant
   b. issuing court, the warrant number
   c. date's of the warrant, the requesting agency
   d. copies of all applications, affidavits, and any other supporting documentation filed in support of each warrant requested or obtained
   e. copies of each warrant obtained
4. an index of all information and communications, between or among the FBI/HSI/other US LEA and every FLA identified in paragraph 28 and 30 of the SW Affidavit.

5. all documentation or substance of the communications in its original format(s), with original dates, authors and complete content for the information and communications identified in the aforementioned index, regarding information and communications between or among the FBI/HSI/other US LEA and every FLA identified in paragraph 28 and 30 of the SW Affidavit.

XXX. Investigative Technique/ TOR Information
   1. Please provide all documentation and evidence that shows the duration and beginning and ending times (all in UTC format), of the alleged access of the TARGET CHATSITE by IP address 104.49.245.246
   2. Please provide all documentation and evidence that was generated by any entity (e.g. FLAs, US LEA, NCMEC etc.) during the investigation (e.g. reports from traffic analysis, any use of a NIT, or DDOS or other TOR attack) that shows IP address 104.49.245.246 accessed, or attempted to access any of the target website(s).
   3. Tor Entry Nodes
      a. Please provide the name, IP address, owner and residing country of the TOR entry/guard node that was allegedly used on April 11th 2019 by IP address 104.49.245.246.
      b. Please identify who controlled the TOR entry/guard node allegedly used by IP address 104.49.245.246 on April 11, 2019. E.g. (private individual, government, etc.) and identify if that owner was a partner/participant of the investigation.
      c. Please identify the FLA(s) or US LEA that controlled the entry/guard-node for the TARGET CHATSITE host server.
   4. Please identify the FLA(s) or US LEA that controlled the Rendezvous nodes used in conjunction with deanonymizing the TARGET CHATSITE hidden service traffic.
   5. The source code and binary code of the Traffic Analysis software employed by any of the FLA(s) and/or the FBI/HSI or other US LEA against the target websites and/or the Internet user;
   6. All information and documentation to show that any FLA employed the same technique to generate the TIP/Notification as was used to deanonymize the Hurt meh host server.

XXXI. Reliability

   Please provide the following:

1. As it relates to the deanonymization of IP Addresses in the investigation of the TARGET WEBSITES, please provide all information and supporting documentation that any of the FLA(s) provided notifications in the past that turned out to be baseless, inaccurate, false, misleading, or incorrect.  As defined by lack of corroborating evidence of the alleged access at the date and time of the alleged offense.
2. Information regarding the number of IP addresses that any of the FLA(s) provided to the FBI prior to February 8, 2021, and how many of those IP addresses were ones that the FBI/HSI was unable to corroborate, prior to February 8, 2021, as being used to engage in illegal activity;
3. All information and supporting documentation that the FBI//HSI or other US LEA previously decided not to pursue past notifications from the FLA(s) regarding de-anonymized IP addresses that had allegedly accessed a TARGET WEBSITE and why such decision(s) was/were made;
4. A list of FLAs that have used a deanonymization technique, aided by the FBI since January of 2019.

XXXII.  Project Information, warrants and statistics
1. How many tips were received (from the FLAs) total for:
    a. TARGET WEBSITE 5
    b. TARGET WEBSITE 1
    c. TARGET WEBSITE 2
    d. TARGET WEBSITE 3
    e. TARGET WEBSITE 4
    f. TARGET WEBSITE 6
    g. TARGET WEBSITE 7
    h. TARGET WEBSITE 8
    i. Other target websites.
    j. Please provide the identity, host server location, name and URL of all the TARGET WEBSITES that were part of this investigation.

XXXIII.  Comprehension and followup questions on received Discovery Bates Stamped 140-149
1. The case overview (BS-141) indicates that the origin country was Brazil, the transit country was the United States and the destination country was the United States.  Please provide documentation that explains:

a. what the origin country did or what purpose it served
b. what the transit country did or what purpose it served
c. what the destination country did or what purpose it served
d. There is no mention of the UK or NCA in the HSI documents (just the USA and BRA) that list the case overview for Liberty Lane. Please provide documentation showing how the UK/NCA was involved with operation Liberty Lane.
e. Why is the USA the transit country if it was the destination country?
f. What is the UK's role if they were not the transit country or the origin country?

Sincerely,

Wanda M. Dry