UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL NO. 3:21-CR-155-DJH |
| JOSHUA WHITE | DEFENDANT |

**RESPONSE TO DEFENDANT'S MEMORANDUM
REGARDING DISCOVERY REQUESTS**
*-Electronically filed-*

At the onset of this case, defense counsel for Joshua White filed a motion to suppress the search warrant that gave law enforcement access to his computers. In that motion White essentially argued that the U.S. government used a foreign law enforcement agency (FLA) as an agent to conduct its own foreign investigation. (DN 23). This Court denied the motion stating that "[t]he Court [] cannot find that the foreign law enforcement agency's investigation requires suppression." (DN 35). Realizing that the warrant was valid, White switched his strategy to attack Count 1, which charged access with intent to view child pornography. (See DN 1).

White sent the government numerous discovery request pertaining to the access of the subject website and the foreign investigation. (See DN 75-1 through 75-5). The U.S. government did not possess many of those documents and could not obtain them. The government could not compel the FLA to participate or testify in this case either. Without the involvement of the FLA, the government could not put on the necessary evidence to meet the elements of Count 1 and chose to dismiss Count 1 of the Indictment over the defendant's

1

objections.   (See DN 69).

The only charge remaining in this case after the dismissal of Count 1 is a single possession of child pornography count for items of child pornography located on a device owned and controlled by White and found in his residence.   A majority of many requests for discovery deal with the FLA and their investigation into a foreign website and have nothing to do with the remaining possession of child pornography charge.   As has been made clear numerous times throughout this litigation, the U.S. government does not have the ability to compel the FLA's investigative records.   Many of the other requests deal with general information related to all of the leads generated from the FLA and are frankly excessive.

Rule 16(a)(1)(E) sets out what documents and objects the government must permit the defense to inspect or copy.   To be discoverable, the items must be "within the government's possession, custody, or control," and be either (1) material to preparing the defense; (2) an item the government intends to use in its case-in-chief at trial; or (3) the item was obtained from or belongs to the defendant.   Fed. R. Crim. P. 16(a)(1)(E).   The items being requested by the defense were not obtained from the defendant and are not going to be used by the government at trial.   The only justification the defense can argue is that the requested items are material to preparing their defense, despite not being related to the charge of possession of child pornography. When evaluating materiality, a court considers "the logical relationship between the information withheld and the issues in the case, as well as the importance of the information in light of the evidence as a whole." *United States v. Lykins*, 428 F. App'x 621, 624 (6th Cir. 2011).

The defense appears to be arguing that the voluminous items requested are material to their defense because they want to argue that somehow the FLA may have implanted child pornography

onto White's computer. Ignoring the farfetched nature of the argument, if this is truly the reason White seeks the seemingly infinite number of items listed in his many discovery letters, there is a simple solution. The defense could use the computer forensic reviewer that it already hired to review the electronic evidence to search for evidence of some intrusion onto White's computer. The defense has had multiple opportunities to review the electronic evidence and their forensic reviewer has reviewed at least one of those devices. Moreover, many of the items requested in discovery would not even support the theory that a FLA implanted child pornography onto White's device.

Many of the numerous discovery requests deal with broad swaths of information related to tips obtained from the FLA and provided to federal law enforcement that do not directly relate to White's possession of child pornography. Others deal with other federal cases that have no bearing on White's possession of child pornography at all. For example, White literally asks the government to provide the discovery from a federal case in the District of Massachusetts. (See DN 75-5, at para. XXXIV). The government is unaware of any obligation under Rule 16 to produce evidence from a separate unrelated case in a different jurisdiction. White's requests border on the ridiculous especially considering the charge is a single count of possession of child pornography on White's electronic devices within the Western District of Kentucky.

Most importantly, the prerequisite for items of evidence to be discoverable is for the item to be "within the government's possession, custody, or control." The government has no obligation to produce records from the FLA as they are not in the government's possession, custody, or control. To the extent that White has requested items related to the actual search of his residence, the government has provided those items or is in the process of providing them in

keeping with its continuing duty under Rule 16.    Everything else sought by White is an overreach and true example of a fishing expedition.

The United States of America opposes the defendant's motion to compel additional discovery as being moot per Court Order on December 15, 2022 (DN 63).    The motion should be denied . . . again because the information sought is not material to the defense of possession of child pornography.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

s/ *A. Spencer McKiness*
A. Spencer McKiness
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
PH: (502)582-5911
FAX: (502)582-5067
Email:spencer.mckiness@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

s/ *A. Spencer McKiness*
A. Spencer McKiness
Assistant United States Attorney
