# UNITED STATES DISTRICT COURT
## for the
### Northern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>THE CELLULAR TELEPHONE ASSIGNED<br>CALL NUMBER (518) 210-1564 | ) ) ) ) ) Case No. 1:19-MJ-812(CFH) |

**FILED DEC 06 2019 AT ___ O'CLOCK John M. Domurad, Clerk - Albany**

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property: *(identify the person or describe the property to be searched and its given location)*:

See Attachment A.

located in the ___Northern___ District of ___New York___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 751(a) | Escape from Custody |

The application is based on these facts:

See Attached Affidavit.

- ☒ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days): Click here to enter a date. is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Deputy U.S. Marshal Jeffrey Susi
*Printed name and title*

AO 106 (Rev. 04/10) Application for a Search Warrant *(Page 2)*

Sworn to before me and signed in my presence.

Date: December 6, 2019

*Judge's signature*

City and State: Albany, NY

Hon. Christian F. Hummel, U.S. Magistrate Judge

*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (518) 210-1564 | Case No. 1:19-MJ-_____ (CFH) <br><br> **Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Deputy U.S. Marshal Jeffrey Susi, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (518) 210-1564 (the "Target Cell Phone"), whose service provider is Sprint, a wireless telephone service provider headquartered at 6200 Sprint Pkwy. Overland Park, KS 66251. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am a Deputy U.S. Marshal for the Northern District of New York. I have worked in law enforcement for 24 years, nearly all of this time has been spent with federal

agencies. From 1996 to 2000, I was a Detention Enforcement Officer with the U.S. Immigration and Naturalization Service. Since 2000, I have been a Deputy U.S. Marshal, first in the Western District of New York and now in the Northern District of New York. In 2004, I graduated from the Basic Criminal Investigator School at the Federal Law Enforcement Training Center. Since 2007, I have been assigned to the U.S. Marshals Service's New York/New Jersey Regional Fugitive Task Force. I am currently the Deputy-In-Charge of the Albany Division of this task force. In this role, I have been involved in hundreds of cases where law enforcement has sought to locate fugitives from justice. As such, I have extensive experience in investigating crimes involving escapes from custody and tracking down fugitives.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that Autumn Saglimbeni (hereinafter, "SAGLIMBENI") has violated 18 U.S.C. § 751(a), Escape from Custody from November 7, 2019 to the present. SAGLIMBENI was charged by criminal complaint with Escape from Custody on December 6, 2019 and is the subject of an arrest warrant issued on December 6, 2019. There is also probable cause to believe that SAGLIMBENI is aware of these charges and has fled. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting SAGLIMBENI, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6.    The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7.    The United States, including the United States Marshal Service ("USMS"), is conducting a criminal investigation of SAGLIMBENI regarding a violation of 8 U.S.C. § 751(a), Escape from Custody.

### *Background*

8.    On May 27, 2015, SAGLIMBENI waived indictment and pleaded guilty to an Information charging her with a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. *See* Dkt. ## 1-5, *United States v. Autumn Saglimbeni*, No. 15-CR-156-LEK-1 (N.D.N.Y. May 27, 2015).

9.    On October 5, 2015, the Honorable Lawrence E. Kahn entered a judgment sentencing SAGLIMBENI to, among other things, 77 months of incarceration to be followed by three years of supervised release. *See* Dkt. # 8, *United States v. Autumn Saglimbeni*, No. 15-CR-156-LEK-1 (N.D.N.Y. Oct. 5, 2015).

10.   On July 25, 2019, as part of the Bureau of Prisons' re-entry protocol, SAGLIMBENI was transferred from FCI Danbury, a federal correctional institution in Danbury, Connecticut to the Horizon House Residential Reentry Center ("Horizon House"), a halfway home in Albany, New York. SAGLIMBENI's estimated release date is December 13, 2019. When she entered the Horizon House, SAGLIMBENI reported that his wireless phone number is (518) 210-1564, the Target Cell Phone.

11. On November 7, 2019, at 8:00 a.m., SAGLIMBENI left Horizon House and, while exiting stated "I am leaving." SAGLIMBENI then ran towards Morton Avenue in Albany, New York and has not returned to Horizon House. Since SAGLIMBENI's escape from custody, members of Horizon House have spoken with SAGLIMBENI over the Target Cell Phone and, during those conversations, SAGLIMBENI indicated she would self-surrender. However, SAGLIMBENI has not yet returned to Horizon House. During these telephone calls, SAGLIMBENI was using the Target Cell Phone.

12. In my training and experience, I have learned that Sprint is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. [Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

13.     Based on my training and experience, I know that Sprint can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on Sprint's network or with such other reference points as may be reasonably available.

14.     Based on my training and experience, I know that Sprint can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as Sprint typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

15.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

16.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify

confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

17. I further request that the Court direct Sprint to disclose to the government any information described in Attachment B that is within the possession, custody, or control of Sprint. I also request that the Court direct Sprint to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Sprint's services, including by initiating a signal to determine the location of the Target Cell Phone on Sprint's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate Sprint for reasonable expenses incurred in furnishing such facilities or assistance.

18. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

19. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
Jeffrey Susi
Deputy U.S. Marshal
U.S. Marshals Service

Subscribed and sworn to before me on December 6, 2019

_____
HON. CHRISTIAN F. HUMMEL
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number (518) 210-1564 (the "Target Cell Phone"), whose wireless service provider is Sprint, a company headquartered at 6200 Sprint Pkwy. Overland Park, KS 66251.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of Sprint including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Sprint, Sprint is required to disclose the Location Information to the government. In addition, Sprint must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Sprint's services, including by initiating a signal to determine the location of the Target Cell Phone on Sprint's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Sprint for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

**II. Information to Be Seized by the Government**

All information described above in Section I that will assist in arresting Autumn Saglimbeni (hereinafter, "SAGLIMBENI"), who was charged with violating 18 U.S.C. § 751(a), Escape from Custody on December 6, 2019, is the subject of an arrest warrant issued on December 6, 2019, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.