UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES of AMERICA,

          Plaintiff

vs                                        Crim. No. 3:21-cr-155-DJH
                                        Hon. David J. Hale

JOSHUA WHITE,

          Defendant

## MOTION TO COMPEL EVIDENCE

Defendant JOSHUA WHITE, through counsel, Jonathan M. Epstein and Wanda M. Dry, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972) and F. R. Crim. P. 16(a)(1)(E), respectfully move this Honorable Court to compel production of documents material to preparation of the defense, impeachment and cross-examination at trial and in support, states:

1.    Mr. White was originally charged in Count 1, "**access**[], with intent to view, material that contained an image of child pornography F. R. Crim. P. 16(a)(1)(E), (CP)" on or about April 11, 2019, and, Count 2, possession of CP on or about the date of the search being February 17, 2021, 18 U.S.C. §2252A(a)(5)(B); §2252A(b)(2) (ECF 1; Indictment).

2.    The evidence underlying Count 1, that Mr. White's IP address "accessed" Target Website on April 11, 2019, at a certain time, was false and incorrect resulting in dismissal, yet this information was used to commence the investigation,

1

to swear out a search warrant and enter the sanctity of the White family home and conduct searches and seizures of the family's papers and belongings[1].

3. There is no allegation, nor discovery information, that the subject IP address ever registered, had a log-in or password, clicked on links, accessed other websites, nor spent any duration of time on Target Website nor downloaded any images or materials on April 11, 2019.

4. On March 9, 2022, this Court issued a Memorandum Opinion and Order, denying Defendant's Motion to Suppress citing Homeland Security Investigations (HSI) Special Agent John C. Koski Jr.'s allegation that the Target Website, in general, was often used to "share and distribute" CP. (R. 35; Order at p.1; SWA, para. 28).

5. While prior Counsel argued Target Website contained no CP but merely housed links to **other websites**, this Honorable Court determined "the Affidavit asserted that White accessed the Target Website, and that Special Agents were able to download child pornography images directly from the Target Website." Order at p. 5 citing SWA, para. 29.

6. However, Agent Koski's allegation, relied upon by the Court, is false and/or misleading in that there was "**another website**...where images and/or videos were stored" *Id.* at para. 16 and further the SWA omitted that the IP address had registered, had a log-in nor that the duration on the Target site was undetermined.

---

[1] The devices and files seized were not the sole possession Mr. White, but included devices owned by Ms. White, his wife, and devices that were previously co-owned by former residents of the home. Files and file backups of other family and friends that were being stored at the house (as backup in case of fire or other disaster) and confidential business and corporate documents and records.

2

7. While "access" is not defined, "entry to the site" **requires passage through a "registration page," the creation of a user name and password and creation of a "series of characters" "to gain access to the actual content on the Target Website"** however the SWA omits any such information nor any actual duration on the site. (SWA, paras. 17-18).

8. Further, the SWA shows Target Website is defined as an "active online **chat site**..." and thus even had the IP address successfully registered and entered the "chat site," this is protected free speech. *Reno v. A.C.L.U.*, 521 U.S. 844 (1997) (First Amendment applies to communications on the internet).

9. Child Exploitation statutes do not prohibit or regulate, nor may they, chats and speech regarding erotica or CP. *See United States v. Tykarsky*, 446 F.3d 458, 482 (3d Cir.2006) (§2422 "does not prohibit all communications that relate to illegal sexual activity").

10. The claim IP address accessed CP on the date and time alleged, as relied upon by this Court, is simply an impossibility given the duration and is **false** and/or misleading and Defendant seeks an in-camera review, per *Franks v. Delaware*, 438 U.S. 154, 164-65 (1978) and thus material to the defense, cross-examination, impeachment, and a reasonable doubt at trial.

11. That this Court determined the SWA provided probable cause to search the subject premises based upon reliance on claims CP materials "were available on the Target Website" yet there remains no discovery evidence IP address ever registered and entered the subject site. (SWA para. 29; Order ECF 35).

3

12. Discovery documents relative to this anomaly is "material to preparing the defense" as such materials are germane to actual innocence, impeachment by documents, cross-examination and casting a reasonable doubt that, at the times alleged, IP address accessed, downloaded and thus possessed CP.

13. That outstanding discovery documents relative to information provided by the FLA and/or HSI have been requested by Counsel, in several letters and emails to the Assistant U.S. Attorney, but most remain un-responded to nor provided as determined to be "moot."

14. That on this date the U.S. Attorney was advised of the substance of this Motion to Compel and does not agree with the relief requested.

WHEREFORE, Defendant JOSHUA WHITE prays this Honorable Court enter an Order compelling production of discovery documents relative to the truthfulness, veracity and substance of the FLA and documents reporting the actual data information provided to HSI and FBI in this matter.

Respectfully submitted:

Jonathan M. Epstein/Wanda M. Dry
Attorneys for Defendant White
30445 Northwestern Hwy, Suite 225
Farmington Hills, MI 48334
(248) 219-4004

Dated: March 15, 2024

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES of AMERICA,

             Plaintiff

vs                                          Crim. No. 3:21-cr-155-DJH
                                          Hon. David J. Hale

JOSHUA WHITE,

             Defendant

## MEMORANDUM IN SUPPORT
## OF MOTION TO COMPEL EVIDENCE

### A. Facts & Select Relevant Procedure

Per the discovery provided, FBI and HSI received a "tip" from a foreign law enforcement agency (FLA) that on April 11, 2019, at 5:22 p.m., the subject IP address "was used to access child sexual abuse and exploitation material via a website that the FLA named and described as the Target Website." (SWA, para. 28). On February 8, 2021, Homeland Security Investigations (HSI) Special Agent John C. Koski, Jr. swore out a Search Warrant Affidavit (SWA) for Mr. Joshua White's family home. Counsel notes the SWA **omitted** the nature, time and duration of the "access," and the necessary requirements and steps for access to Target Website, from the SWA.

On December 7, 2021, Mr. White was charged in a two count Indictment with; Count 1, "access[], with intent to view, material that contained an image of child pornography" on or about April 11, 2019, and Count 2, possession of child pornography on or about February 17, 2021 (R. 1). Defendant pled not guilty and denies the IP address accessed the Target Website, nor any CP, on April 11, 2019, at 5:22 p.m. and

5

as no duration is provided, the claimed access does not indicate IP address was used to resister, create a profile, a log-in password nor "clicked on links" to actually access CP images. Counsel has long sought discovery relative to the precise nature of the allegation of access, registration, and possession which remains a mystery.

On January 28, 2022, White filed a Motion to Suppress arguing the SWA failed to state probable cause. (R. 23). On February 17, 2022, the Government responded (R. 31) and on March 9, 2022, this Honorable Court denied the motion. (R. 35; Memorandum Opinion and Order). White thereafter continued discovery requests regarding the actual facts of the purported access. Indeed, how could someone "access" CP without a registration, log-in name or password and with no duration as this would be an impossibility or indicate a strictly computer-generated contact.

Following over eight months of discovery requests such that Counsel can fully understand and defend against this allegation, on December 6, 2022, the Government moved to dismiss Count One (R. 62) for the claimed reason it was unable to "compel testimony of foreign witnesses." (R. 68). As the case had been continued several times due to these "discovery issues," White objected as the Government had previously advised "dismissal would eliminate much of White's discovery requests" as being an improper purpose for dismissal. (R. 64; Response at 1-2).

On February 8, 2023, this Court entered an Order granting the motion to dismiss (R. 69). However, the general nature of the "tip" which creates an impossible scenario is certainly at minimum *res gestae* information and pertinent to cross-examination and impeachment in the Government's case in chief. Specifically, sworn

statements and omissions in the SWA, if false and/or misleading, are "red meat" for cross-examination in addition to violating *Franks v. Delaware*, 438 U.S. 154 (1978). Accordingly, discovery documents relative to the FLA, the substance of the tip given to FBI and HIS, the nature of the "access" are "material to preparing the defense" for trial as such materials provide the basis for impeachment, cross-examination and casting a reasonable doubt that White, at the times alleged, knowingly possessed CP. Counsel notes, **there is no allegation White "possessed" or received CP on April 11, 2019** as that would be an impossibility given the registrations requirement, necessity of log-in credentials and the duration of access.

## B. Law & Argument

HSI Case Agent Koski made material misrepresentations and omissions in the SWA germane to trial preparation, cross-examination of the Government agent(s), impeachment and ultimately to show a reasonable doubt. Here, discovery reports indicate the subject IP address was used to access Target Website on April 11, 2019 at 5:22 p.m. however that is false based on independent forensics experts; and such "exculpatory" material must be provided to Counsel per *Brady v. Maryland*, 373 U.S. 83 (1963)[2].

Under *Brady,* a prosecutor has a duty to promptly disclose material exculpatory evidence favorable to the defense. *United States v. Graham*, 484 F.3d 413 (6th Cir. 2007). The Sixth Circuit noted "*Brady* and its progeny have recognized a duty on the part of the prosecutor to disclose material evidence that is favorable to

---

[2] Magistrate Regina Edwards Ordered on December 13, 2021, that any and all exculpatory evidence (Brady v. Maryland) be provided in a timely fashion.

7

the defendant over which the prosecution team has control." *Id.* at 417. While this duty does not extend to cooperating witnesses, who are independent actors, this would apply to those "sufficiently identified with the prosecution team." *Id.* at 417-18. Here, the FLA would qualify as such.

Further, the prosecutor must disclose information favorable to the defense that may be used to impeach government witnesses. *Giglio v. United States,* 405 U.S. 150, 154–55 (1972). Evidence is material in the *Brady* sense if it is relevant to the defendant's guilt or punishment. *Id.* When a witness's testimony may be determinative as to a defendant's guilt or innocence, disclosure of impeachment evidence is required. The prosecution's failure to provide *Brady* violates due process even if done in good faith. While *Brady* and *Giglio* do not give "the defense a general right to pre-trial discovery" due process requires disclosure of *Brady* and *Giglio* material in sufficient time to permit the defendant to make effective use of that material at trial. *United States v. Presser,* 844 F.2d 1275, 1283 (6th Cir. 1988).

For nearly a year, White requested such material relative to the veracity of FLA, it's methods, investigative techniques and the "tip" provided to the FBI and/or HSI. The Government provide some information but ignored Counsel's numerous email and letter requests relative to the FLA's investigation, and has not responded to and ultimately claimed the requests were rendered "moot," by moving to dismiss Count 1. Yet, the dismissal of Count 1 cannot shield the Government from its responsibility under Rule 16, *Brady* and *Giglio*.

8

In order to demonstrate the necessity and exculpatory nature of such discovery requests, Counsel respectfully seeks an ex parte *in camera* review by the Court at which Counsel will produce and demonstrate, through independent expert forensic examinations of the devices, the falsity of the allegations contained in the SWA and Indictment and the need for the discovery sought under *Brady, Giglio* and Rule 16.

F. R. Crim. P. 16(a)(1)(E) provides, upon request, the government must permit the defendant to inspect "documents and objects" in its possession if:

> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant."

The Government is required to produce all data and documents (among other things) "material to preparing the defense." The decision of whether to require the disclosure of confidential law enforcement information, such as an informant's identity or methods, is left to the sound discretion of the trial court. *United States v. Cummins*, 912 F.2d 98, 103 (6th Cir. 1990). Where evidence upon which the government's case in chief is based was secured by government agents personally, and is in no way dependent on any informer, the Sixth Circuit has found the privilege to apply. *United States v. Craig*, 477 F.2d 129, 131 (6th Cir. 1973). That is not the case here.

Thus, where a discovery request seeks information cloaked in law enforcement privilege, the Court must weigh the competing interests of a defendant's articulated needs with the government's intent to protect disclosure. *United States v. Harper*, 2023 WL 4746764 (6th Cir. 2023) *citing United States v. Pirosko*, 787 F.3d 358, 365

9

(6th Cir. 2015). As stated in *Harper,* application of this balancing test means the government does not have "a blank check to operate its file-sharing detection software sans scrutiny," for the discovery of such materials ensures "that the government's investigative methods [are] reliable, both for individual defendants...and for the public at large." *Harper, supra* at 4 *citing Pirosko* at 366. In sensitive matters, the Sixth Circuit requires a prima facie showing, i.e. "defendant to produce some evidence of government wrongdoing." *Id.*

In *Harper,* the Sixth Circuit concluded he "ha[d] not shown that the government engaged in wrongdoing (the only way the evidence could help his defense) in employing the particular technique." *See also United States v. Harney,* 934 F.3d 502, 508 (6th Cir. 2019); *accord Pirosko,* 787 F.3d at 366. Notably, in *Harper* and *Harney,* the defendants were offered a forensic examination of the computers and data download which would have "reveal[ed] the computer logs, show[n] when law enforcement officers connected to Harper's computer, and what files were downloaded." Both in *Harper* and *Harney,* however, those offers "went unclaimed." *Id.*; *Harney,* 934 F.3d at 508. Left with "nothing more than conjecture about what the additional evidence might show," the *Harper* Court concluded the defendant "comes up short." *Id.*

In this case, however, White did avail himself of the offer; and wishes to produce a *prima facia* case of "government wrongdoing" as demonstrated by SWA, paras. 28 and 29 and will do so *in camera*. Thus, unlike *Harper* and *Harney,* Counsel for White affirmatively requested access to the seized computers, laptops, storage

10

devices and smart phones and the Government complied. An independent expert forensic review followed, and Counsel wishes to present *ex parte* a forensic report. Thus, the Government's offer was not "unclaimed" by White. Further, the SWA on its face shows some evidence "wrongdoing" as in *United States v. Budziak*, 697 F.3d 1105 (9th Cir. 2012) (defendant presented sufficient evidence of wrongdoing).

The Sixth Circuit further holds the failure to provide the identity and information about an informant may be prejudicial error where the informant was the *only known witness* of the crime and the disclosure of the informant's identity was *the only way* to determine the legality of a search. *United States v. Sanders*, 2020 WL 2331195 (ED KY 2020) *citing United States v. Harper*, 609 F.2d 1198 (6th Cir. 1979). Here, the FLA was the only known witness to the "access" to a website located in a foreign country. As to FLA, this case involves not an individual informant, whose identity is understandably guarded due to security issues or could impair ongoing or future investigations, the FLA, like a domestic law enforcement agency, should not be confidential. This is arguably unconstitutional where an American law enforcement agency were involved. Why should a foreign agency, not subject to Executive or Congressional oversight, administrative rules or regulatory rules be entitled to greater protection? If anything, a FLA should be held to greater scrutiny.

Here, Counsel for White continues to seek information relative to the identity, veracity and reliability and basis of knowledge of the FLA and its investigative methods and techniques in this case. This is sought for reason that certain information, contained in the initial presentation to this Court, i.e. the SWA (there

11

was no Criminal Complaint), are demonstrably false such that the Grand Jury, the Magistrate-Judge and/or this Court may have been misled as to truth and veracity of the underlying investigation, particularly given the omissions in the SWA relative to the duration of the contact.

The government will likely respond, however, that the "access" count has been dismissed and that it does not intend to use the disputed evidence in its case in chief. However, **to allow dismissal of a count to skirt *Brady*, due process and Rule 16 would "invite future misconduct by the government and open the door to the possibility of grave 'abuses' because the government could dismiss a count to avoid giving exculpatory materials to the defendant."** *United States v. Salinas*, 693 F.2d 348, 353 (5th Cir. 1982) (emphasis added).

In this case, the evidence sought is material to the preparation of the defense as the substance and accuracy of the tip" and/or the Government's interpretation of the "tip" directly informs the credibility, veracity, completeness, and or fairness of the investigation. Again, the Case Agent swore out an Affidavit and essentially entered Mr. White's home under false pretenses. This raises serious Constitutional concerns in a free society. Affiant falsely advised the Magistrate-Judge, and this Honorable Court, that or about April 11, 2019, the subject IP address "was used to access child sexual abuse and exploitation material via a website that the FLA named and described as the Target Website..." (SWA, para. 28). Again, forensic review shows no access at the times indicated by the FLA, and the duration fails to show CP was accessed. If shown this claim is indeed false, this would offend a jury.

12

At trial, White intends to challenge, cross-examine, and impeach Case Agent Koski and other Government witnesses as to misrepresentations with information the IP address DID NOT access the Target website on April 11, 2019 at 5:22 p.m. and that any access on that date was of zero duration (forensics to be shown ex parte and *in camera*). This false allegation by FLA and/or HSI, or materially incomplete and thus deceptive, would cast a shadow over the veracity of the investigation and create reasonable doubt on the remaining Count 2. Further, under *Brady,* due process is violated when "a defendant has to stand trial on an indictment which the government knows is based partially on perjured testimony, when the perjured testimony is material." *United States v. Siriprechapong,* 181 F.R.D. 416, 421 (N.D. Cal. 1998).

In the general course of criminal proceedings, the Government is required to provide exculpatory material in a prompt, timely fashion. Yet in this case they did not do so. This is manifestly unjust when an individual's liberty and freedom is at stake. And the dismissal of Count 1 does not absolve the Government of this responsibility as actual innocence "*Brady*" material is crucial to the credibility of the Government witnesses, to aggressive cross examination, impeachment by documents and casting a well-deserved suspicion and reasonable doubt over the Government's case in chief.[3]

Lastly, discussions, communications or online "chats," even concerning unpopular topics such as CP, are protected free speech. *Reno v. A.C.L.U.*, 521 U.S. 844 (1997) (First Amendment applies to communications on the internet). Thus "to

---

[3] Note the DOJ Manual provides the agency may not violate the Constitution and must comply with such discovery requests. See JM 9-5.00 to JM 9-5.001.

13

find otherwise, moreover, is to chill the rights of speech and association guaranteed by the First Amendment. "That [the website] was a forum for a repugnant viewpoint does not alone support an inference of criminal conduct. Coreas broke no laws in joining the group and visiting its website, provided that he did not download any child pornography while there." *United States v. Coreas*, 419 F.3d 151, 156-157 (2nd Cir. 2005).

In sum, visiting a "chat site," for an unknown duration, is protected on-line activity and the FLA and/or the FBI or HSI Agents appear to have omitted and misrepresented key matters in sworn statements to the Grand Jury, Magistrate-Judge and this Court and discovery relative to these omissions, misrepresentations and/or false statements are obviously necessary to a defense of this action, for a robust challenge to the Government's case-in-chief and to demonstrating to the jury the foundations of the case are slip-shod and rotten such that there is reasonable doubt.

WHEREFORE, Defendant JOSHUA WHITE prays this Honorable Court enter an Order compelling production of discovery relative to the truthfulness, veracity and substance of the "tip" FLA provided to the Government in this matter.

Respectfully submitted,

*/s/ Jonathan M. Epstein*

Jonathan M. Epstein/Wanda M. Dry
Attorneys for Defendant White
30445 Northwestern Hwy, Suite 225
Farmington Hills, MI 48334
jonathan@jonathanmepstein.com
(248) 219-4004

Dated: March 15, 2024