UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                             CRIMINAL NO. 3:21-CR-155-DJH

JOSHUA WHITE                                                DEFENDANT

**RESPONSE TO DEFENDANT'S MOTION TO
COMPEL EVIDENCE**
*-Electronically filed-*

Joshua White is again asking the Court to compel discovery unrelated to his charged conduct.  (DN 146).  This time, White makes a muddled argument seeking impeachment evidence from a foreign agency to use against the HSI agent that swore out the affidavit supporting the search of White's home.  Because the evidence sought is irrelevant to the charged crime and cannot be used to impeach the agent, White's motion should be denied.

BACKGROUND

A foreign law enforcement agency (FLA) was conducting an online investigation into a foreign website ("Target Website") dedicated to child pornography of girls five to thirteen-years-old.  (DN 23-1, Search Warrant Affidavit at para. 16).  The FLA sent a tip to Homeland Security Investigations that an IP address associated with Joshua White accessed the website on April 11, 2019.  (HSI report of FLA tip, at p. 3, attached as Exhibit 1).  HSI special agent John Koski swore out a search

warrant affidavit that contained the FLA tip information.   (DN 23-1).    That warrant allowed agents to search the home of Joshua White for evidence of child pornography violations.   The search resulted in the seizure of several electronic storage devices.   At least two of those devices contained evidence of the possession of child pornography.   White was subsequently indicted in a two-count indictment for accessing child pornography with an intent to view, and possession of child pornography, respectively.   (DN 1, Indictment).

White filed a motion to suppress the search of his home citing numerous reasons, including that the FLA violated his Fourth Amendment rights.   (DN 23). The Court denied the motion to suppress, noting that the Fourth Amendment "does not 'extend to foreign government actions in foreign territories, even when directed against a United States citizen.'" (DN 35, at p. 11).   And that "[t]he Court [] cannot find that the foreign law enforcement agency's investigation requires suppression." (DN 35, at p. 12).   Realizing that the warrant was valid, White switched his strategy to attack Count 1, which charged access with intent to view child pornography.   (See DN 1).

White sent the government numerous discovery request pertaining to his access of the Target Website and the foreign investigation.   (See DN 75-1 through 75-5).   The U.S. government did not possess many of those documents and could not obtain them from the FLA.   The government could not compel the FLA to participate or testify in this case either.   Without the involvement of the FLA, the government could not put on the necessary proof to meet the elements of Count 1 and chose to

dismiss Count 1 of the Indictment over the defendant's objections.   (See DN 69).

The only charge remaining in this case after the dismissal of Count 1 was a single possession of child pornography count for items of child pornography located on devices owned and controlled by White and found in his residence.[1]   Over the course of this case, White made numerous requests for discovery related to the FLA and their investigation into a foreign website that had nothing to do with the remaining possession of child pornography charge.   This Court sent the issue to a Magistrate Judge to decide, and the discovery requests were denied as moot.   (DN 63).

White again filed a motion to compel that same discovery.   (DN 71).   White's discovery requests for a one count possession of child pornography case were almost 40 pages combined.   (DN 75-1 through 75-5).   Before the Court could rule on the motion, all the attorneys representing White withdrew from the case.   (DN 79, DN 80, DN 84).   The motion remained pending until new lead counsel entered the case with Wanda Dry reentering the case after her withdrawal; White then withdrew the motion to compel.   (DN 94, DN 96, DN 97, DN 99, DN 101).

Just before the end of 2023, White's new lead counsel withdrew from the case. (DN 120, DN 131).   Current counsel entered the case about a month later and after successfully pushing the trial date, filed a motion seeking discovery related to the FLA.   (DN 146).   As of March 13, 2024, the government has produced over 500

---

[1] White claimed ownership of these devices when he filed a claim with HSI to have the devices returned to him.

pages of discovery relating to White's possession of child pornography, and repeatedly invited counsel and the defendant to visit HSI offices in Louisville, Kentucky to review evidence.   Included in those 500 pages of discovery was the HSI report containing the FLA tip information used in the search warrant affidavit.   (Exhibit 1).

ARGUMENT

As has been made clear numerous times throughout this litigation, the U.S. government does not have the ability to compel the FLA's investigative records.   The government does not possess items under the custody and control of a foreign law enforcement agency.   The information contained in the FLA tip was already provided to White's attorneys in an HSI report on August 16, 2022, and again on January 10, 2024.   The information White claims is impeachment evidence is from that report.   White is essentially asking the Court to compel the already provided discovery be produced to him again . . . in a different form.   He has no right to that.

**A. The government has fulfilled its discovery obligations.**

Rule 16(a)(1)(E) sets out what documents and objects the government must permit the defense to inspect or copy.   To be discoverable, the items must be "within the government's possession, custody, or control," and be either (1) material to preparing the defense; (2) an item the government intends to use in its case-in-chief at trial; or (3) the item was obtained from or belongs to the defendant.   Fed. R. Crim. P. 16(a)(1)(E).   The FLA tip requested by the defense is not going to be used by the government at trial and was not obtained from the defendant.   The only justification

the defense has for disclosure is that the requested items are material to preparing their defense, despite the content of said FLA tip having already been provided.

1. <u>There is no witness to impeach.</u>

White confusingly attempts to claim he is requesting "impeachment" evidence to show that an agent, who likely will not testify at trial, made a material misrepresentation in the search warrant affidavit by relying on information provided to him from the FLA tip.  When evaluating materiality for discovery purposes, a court considers "the logical relationship between the information withheld and the issues in the case, as well as the importance of the information in light of the evidence as a whole." *United States v. Lykins*, 428 F. App'x 621, 624 (6th Cir. 2011).   Evidence is "material" when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different.   *Cone v. Bell*, 556 U.S. 449, 469-470 (2009).   A "reasonable probability" of a different result is one in which the suppressed evidence "undermines confidence in the outcome of the trial." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

The FLA tip is not material to preparing the defense because White already possesses the information contained in the tip and there is no witness to impeach. White claims he wants to review the FLA tip because he believes the tip contains false information based on his forensic reviewer's findings.   It appears his argument is that the FLA tip states White's IP address accessed the subject website at a specific time, but that White's independent forensic review of White's devices does not show evidence of that access, and therefore the search warrant affidavit contained a false

statement by relying on that tip.   This is a curious argument since White has the information from the FLA tip and bases his motion on it.   He in fact has the information he seeks to have the government compelled to produce.   If there is an inconsistency in the FLA tip, White already knows what it is.

Further, White's impeachment claim is only applicable to the author of the FLA tip, who will not be testifying at trial.   The statement White claims is false is the statement in the FLA tip, which Special Agent Koski did not draft.   Special Agent Koski simply relied on the statement in drafting his affidavit in support of the search warrant affidavit.   The affidavit clearly states "HSI Special Agents *received information from a foreign law enforcement agency* [] known to the FBI and with a history of providing reliable information in the past, notified the FBI that FLA determined that on April 11, 2019," White's IP address "was used to access online child sexual abuse material" via the Target Website.   (DN 23-1, at para. 28). Special Agent Koski did not make the statement; he relied on it.   This is no different than when an agent relies on the information provided by a reliable informant.

2. The content of the FLA tip was already produced to the defendant.

The report from HSI related to receipt of the FLA tip stated the same information quoted in the affidavit, but added the time of access was 21:22.21 UTC. (Ex. 1).   That report was provided to White multiple times, but most recently in January of this year.   White is intentionally unclear about what it is he is hoping to have revealed to him by obtaining the FLA tip, but it is clear the government provided him with a report that contained the information from the FLA tip.

If his goal is to cross examine a witness about the time of the access reported in the tip and impeach them based on his "expert's" findings then the discovery request is moot.   The government has already produced the report noting the time White's IP address accessed the Target Website.   The government will not call any witness to testify at trial regarding the FLA tip or search warrant affidavit.   See *United States v. Craig*, 477 F.2d 129, 130-131 (6th Cir. 1973) ("The government is not ordinarily compelled to call all witnesses competent to testify including special agents or informers").   The government does not have access to any FLA witness, so calling one to testify is an impossibility.   Regardless, neither the FLA tip nor the search warrant affidavit are relevant to the government's case against White for possession of child pornography.   There will be no trial witness for the defense to "impeach" regarding the FLA tip.   There is nothing more to disclose and the government has fulfilled its discovery obligations.   There is no exculpatory evidence here.

**B. An *in camera* review is inappropriate.**

If White wants his "expert" to testify at trial regarding a review of White's devices, there is no impediment to him making an expert disclosure.   Despite White's baseless statements to the contrary, there is no evidence of wrongdoing by the government.   If there were, one of White's many attorneys would have made the government aware of any such allegations at some point in the last few years.   It is a false statement made in his pleadings to clear the necessary hurdle of "government wrongdoing" to compel protected investigative information as set out in *United States v. Harper*, No. 22-5984, 2023 U.S. App. LEXIS 19365, at p. *4 (6th Cir. July 25, 2023).

Moreover, the Court should not entertain any attempt by the defense to present purported expert evidence *in camera* related to what may or may not be on one of White's devices.   If there is a discrepancy between the information contained in the affidavit that is derived from the FLA tip and White's forensic examiner's findings is of no relevance to White's possession of child pornography or the veracity of a testifying witness because no FLA witness will testify at trial.

Additionally, whether any of White's devices contain evidence that he accessed the Target website is irrelevant.   White has never made an expert disclosure or provided the government with any discovery.   White's devices contained state of the art file encryption and data destroying software, which made government review of those devices extremely difficult and near impossible.   In fact, one of White's devices remains unreviewed by HSI because they have yet to break its encryption despite purchasing thousands of dollars' worth of equipment for that purpose.   Regardless of these attempts to hide his conduct, the government was able to retrieve evidence of White's possession of child pornography on multiple devices.   The government is not aware of any evidence of actual innocence in its possession, and the absence of evidence that White accessed the Target website has no bearing on his possession of child pornography on multiple devices.   The *in camera* review sought by White is thus inappropriate.

## CONCLUSION

The United States of America opposes the defendant's motion to compel additional discovery as being moot because the substance of the requested discovery

was already provided.   The motion should also be denied because the information sought is not material to the defense of possession of child pornography.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

s/ *A. Spencer McKiness*
A. Spencer McKiness
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
PH: (502)582-5911
FAX: (502)582-5067
Email:spencer.mckiness@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

s/ *A. Spencer McKiness*
A. Spencer McKiness
Assistant United States Attorney