UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES of AMERICA,

        Plaintiff

vs                                           Crim. No. 3:21-cr-155-DJH
                                                   Hon. David J. Hale

JOSHUA WHITE,

        Defendant
_____

**REPLY BRIEF ON MOTION TO COMPEL**

Defendant's Motion seeks documents of the "tip" provided H.S.I., relative to the White family home later determined to be false and/or inaccurate[1]. While the Government dismissed count 1, they may not skirt continuing *Brady* obligations as count 2 is a product or "fruit" of this investigation and is further relevant to guilt or innocence.

To begin, domestic law enforcement agencies, like F.B.I or H.S.I., may not operate in secret and are subject to U.S. laws, Congressional oversight and Court approval of warrants. So, how can the government

---

[1] In related Liberty Lane investigations, in *United States v. Dugan*, No. 21-cr-00127 (S.D. W.Va. 2023), forensic experts likewise could not explain why Dugan's computer was not used on the date identified in the FLA tip and in *United States v. Shacar*, No. 21-cr-30028 (DC Mass. 2024), defendant also identified false information presented to authorities by the same FLA. On information and belief, in other instances, FLA tips were likewise false and led to searches but no seizures and thus no prosecution was initiated.

defer to a foreign power to invade and search the sanctity of a home only to later dismiss the allegation (which provided probable cause) and not offend due process, Fourth Amendment or the Confrontation Clause?

The Government's states White is "again" asking to compel discovery. However, a prior motion to compel was withdrawn (R. 99) and the Court allowed withdrawal (R. 101; Order). Further, White does not seek documents "solely in the possession of the FLA" nor does he "already have" this information. Documents relative to the original date(s) this offense was reported, like a police report, to F.B.I or H.S.I. containing the precise information regarding the IP address have not been provided, only ROI "summaries" prepared for court.

Rule 16(a)(1)(e) entitles White to documents "within the government's possession" which are "material for preparing the defense." Here, Counsel must prepare his cross-examination and assemble impeachment material. In this motion, Counsel focuses on SWA paras. 28 and 29 as containing material misrepresentations[2]. At trial, internal

---

[2] SWA para. 28 falsely states the IP address was used to "access online child sexual abuse and exploitation material" whereas Target Website was a "chat room" with no CP images and to access "links," a membership, log-in and password were required yet there was no evidence subject IP address so registered or ever utilized a link. Thus, para. 29 is also false in that "files depicting child sexual abuse material" were not on the Target Website but on "links" to other sites.

2

notes or reports relative to the FLA tip are cross-examination and impeachment as to the initiation and findings of the instant investigation which form the basis for Count 2.

The Government responds this Court previously denied a motion to suppress as to the search of the White home (the devices seized belonged to the White family). Nonetheless, Counsel anticipates a *Franks* motion, and seeks discovery relative to the actual information provided by the FLA which would include investigative methods and findings as relied upon, adopted and repeated by Agent Koski in the SWA for purposes of impeachment, cross-examine and actual innocence.

The Government next responds discovery relative to the FLA "ha[s] nothing to do with the remaining possession of child pornography charge." To the contrary, count 2 charges a **knowing** possession of illicit materials. (R.1; Indictment; 18 U.S.C. 2252A(5)(B)). While count 1 is dismissed[3], "possessing child pornography is a lesser-included offense of receiving the same child pornography." *United States v. Ehle*, 640 F.3d 689, 695 (6th Cir. 2011). As such, Mr. White's purported obtaining such materials remains relevant at trial, not only as res gestae, but to the

---

[3] The Government has also not provided exculpatory evidence as to the dismissal of count1.

3

element of a "knowing possession." *See* 6th Cir. Pattern Jury Instruction, 16.08(1)(A).

In addition, the Government must establish the jurisdictional element of 2252A(5)(B) to prove "image[s] of child pornography' were "mailed, shipped, [or] transported using any means or facility of interstate or foreign commerce…by any means, including by computer." Pattern Jury Instruction 16.08(1)(C). Thus, in addition to the relevance of FLA's tip as a knowing possession it is also relevant to the jurisdictional element of 2252A(5)(B). As such, dismissal of count 1 **does not** absolve the government of a continuing duty to disclose.

Moreover, discovery relative to the FLA tip is exculpatory under *Brady* in that the White Family home IP address **did not** access Target Website at the times alleged; "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material…to guilt…irrespective of the good faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963)[4]. *Brady* includes evidence affecting the credibility of witnesses for impeachment. *Giglio v. United States*, 405 U.S. 150 (1972). And "*Brady* provides no refuge to

---

[4] It is fundamental the prosecution may not use false information or evidence to obtain a conviction. *Giles v. Maryland,* 386 U.S. 66, 74 (1967).

4

defendants who are aware of the government's possession of potentially exculpatory information but choose to sit on their hands." *United States v. Clarke*, 767 F. Supp. 2d 12 (D.C. 2011). Thus, while "aware," Counsel makes the request for the actual documents. (See ftnt. 1 infra).

Further, the Government may not dodge *Brady*, as ordered by this Court (R. 9; Order 12/13/21)[5] by dismissing count 1. White has long requested *Brady* information as ROI 7 states the subject 23 images were contained on an old Western Digital hard drive (removed from a computer a decade ago) and was not in use nor readily accessible. Material contained in the "recycler," i.e. deleted files, or in "unallocated space" are generally inaccessible to a user. Thus, dismissal of count 1, fourteen (14) months after the *Brady* Order, does not absolve the government from its obligations.

Indeed, files contained in old, deleted, unused and/or inaccessible space of an old hard drive (and not in an operating computer), last accessed, per forensics, over **ten (10) years prior to the investigation** (see HSI ROI 7; bates 00043) **contradict** a "knowing" possession "on or

---

[5] See also the Court's Scheduling Orders which provide "the United States **shall** disclose and Brady material of which it has knowledge…" (see R. 8 and others) (emphasis added).

5

about February 17, 2021." This is not only relevant but is *Brady* material. As *Brady* requires a **timely** response, the Government may not avoid this obligation by running the clock and/or dismissing counts. The Government's response that White "already possesses the information" is simply incorrect.

Further, the Government does not address the Sixth Circuit test set forth in *Harper and Craig, supra,* where the Court **specifically authorizes** disclosure or "unmasking" where evidence upon which the government relies, as in this case, was not secured directly by government agents but by a source. The Government likewise omits the "balancing test" used to ensure "the government's investigative methods [are] reliable, both for individual defendants…and for the public at large." *Harper*, *supra*. Here, this Court must weigh competing interests and exercise its discretion as to the unmasking of the FLA.

At trial, Counsel intends to cross-examine and impeach H.S.I. agents that the IP address DID NOT access Target Website on April 11, 2019, at 5:22 p.m. and further that the SWA omits information that **no contact was made at that time** (forensics to be shown ex parte and *in*

6

*camera*). This false allegation, and the omissions, by FLA[6] and Agent koski as adopted by H.S.I., is exculpatory and would cast a reasonable doubt on count 2.

WHEREFORE, Defendant JOSHUA WHITE prays this Honorable Court enter an Order compelling production of discovery relative to the actual "tip" and information received from the FLA as provided to the Government in this matter.

Respectfully submitted,

/s/   Jonathan M. Epstein
Jonathan M. Epstein/Wanda M. Dry
Attorneys for Defendant White
30445 Northwestern Hwy, Suite 225
Farmington Hills, MI 48334
jonathan@jonathanmepstein.com
(248) 219-4004

Dated: April 12, 2024

---

[6] The United States has bilateral MLATs in force with Germany and the United Kingdom (U.S.-E.U., June 25, 2003, S. Treaty Doc. No. 109-13, at 350-73 (2006) and Brazil (See Treaty on Mutual Legal Assistance in Criminal Matters, U.S.-Brazil, Oct. 14, 1997, S. Treaty Doc. No. 105-42). These MLATs grant specific rights to a defendant to access to evidence under the Foreign Evidence Efficiency Act, 18 U.S.C. § 3512.