UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF KENTUCKY

LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                                 Plaintiff,

v.                                                                                         Criminal Action No. 3:21-cr-155-DJH

JOSHUA WHITE,                                                                              Defendant.

\* \* \* \* \* \* \*

**MOTION FOR RECONSIDERATION OF MOTION TO COMPEL DISCOVERY**

Comes the Defendant, JOSHUA WHITE (hereinafter "White"), through counsel, Wanda M. Dry, and respectfully moves the court to reconsider its order denying the Motion to Compel, entered on 4/8/2024 (DN-153). In support of this motion, White states as follows:

**BACKGROUND**

Defendant is charged with one count of knowingly possessing child pornography on February 17, 2021 - 18 U.S.C. 2252A(a)(5)(B). The case was designated as complex in August 2022 (DN-49) due to the numerous discovery/evidentiary and constitutional issues requiring resolution, as well as the international scope.

Attorney Jonathan Epstein entered his appearance in January 2024 (DN-136, DN-137). He timely filed a motion to compel discovery (DN-146) to replace the previously filed motion (DN-71) that had been withdrawn by prior counsel (DN-99, DN-101).

On April 28th, 2024, this court entered an order denying White's motion to compel discovery on the premise that the Government had already provided all responsive evidence in its possession. This conclusion was based on demonstrably inaccurate facts, and therefore the Defendant requests this court reconsider its opinion denying the motion to Compel Discovery, and to hold any necessary hearings, including an evidentiary hearing, to correct the record.

The court further opined that the Government does not have a duty to disclose items, nor obtain evidence it does not possess.

## ARGUMENT

### The Government Erroneously Stated It Has Already Provided All Available Discovery [1]

The Government mistakenly asserted that "it has already provided all responsive evidence in its possession…" (DN-153). This Court relied upon that mistaken assertion as the basis of its ruling. The Defense has conducted independent research, revealing relevant discovery that is known to be possessed by the Government, that was not provided in response to Defendant's requests.

Below are examples of the discovery the defendant knows the Government possesses but has not provided:

- Approximately 1,000 pages of documents/information pertinent to this investigation that were recently disclosed via a FOIA request that the Government has not produced to the Defendant.
- Methodology of the technology utilized that resulted in the tip that formed the basis for probable cause to search (as referenced and redacted in the case *US v. Kidde*r, 1:20-mj-01010 (DN-9).
- Exhibits A,B,C,D attached to the Government's Response…in *US v. Kiejzo,* 4:20-cr-40036-TSH (DN-193 filed 2/10/2023).
- Complete information about the technology and techniques the FBI used and/or provided to deanonymize the server in Brazil that was hosting the target websites.
- Unredacted communications and TEI warrant numbers related to Foreign Law Enforcement (FLA) collaboration, as well as internal collaboration efforts related to the investigation and resulting search.
- Images and videos taken during the search of the White family residence that have never been produced (approximately ~2,500 photographs were created during the search by the government).

Additional examples of relevant discovery that is known to be possessed by the Government that was requested but not provided can be found in Appendix A.

### Suppression of Brady Material

"[T]he prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of importance is inescapable." (*Kyles v. Whitley,* 514 U.S. at 438 (1995)) In addition to

---

[1] The Government's duty to disclose Brady material and the requested discovery accrued long before the dismissal of count one. The evidence is relevant. See motion to Compel (DN-146). White never agreed that dismissal of count one would eliminate the obligation to provide discovery. Although the Court granted the motion to dismiss count one, the Court did not find the Government was absolved of its obligations to provide discovery; nor that White's requests were "moot." (DN-69). Further, in *United States v. Budziak (*697 F.3d 1105, 1113 (9th Cir. 2012), the court noted that "criminal defendants should not have to rely solely on the government's word that further discovery is unnecessary."

Appendix A, The Defense knows there is additional information that the Government should have, that should have been produced under *Brady v. Maryland*, 373 U.S. 83 (1963) per the court's early order from 12/13/2021 (DN-9). See Appendix B for examples.

Whether requested or not, "...favorable evidence is material, and constitutional error results from its suppression by the government, 'if there is a reasonable probability that, had the evidence been disclosed to the Defense, the result of the proceeding would have been different.'" (*Kyles v. Whitley, at 433)* (quoting *United States* v. *Bagley,* 473 U. S. 667, 682 (1985)).

"Such disclosure will serve to justify trust in the prosecutor as 'the representative . . .of a sovereignty . . . whose interest . . . in a criminal prosecution is not that it shall win a case, but that justice shall be done.'" (*Kyles v. Whitley at 439) (*quoting *Berger v. United States*, 295 U. S. 78, 88 (1935).

### The Government is Responsible for Obtaining all Available Discovery

The court noted that the Government does not "...have a duty to obtain evidence it does not possess." (DN-153**)**.  Although the prosecutor may not be aware of all of the information the Government has in its possession, "[t]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. at 437 (1995).

Further, "'[t]he prudent prosecutor will resolve doubtful questions in favor of disclosure'". *Kyles v. Whitley*, 514 U.S. at 439 (1995) (quoting *United States v. Agurs*, 427 U. S., at 108). "This is as it should be."*Kyles v. Whitley*, 514 U.S. at 439 (1995).

In this case, it is known that the Government was collaborating with at least two Foreign Law Enforcement Agencies (FLAs), the UK and Brazil, and possibly a third, Germany. As such, the US has constructive possession of the information held by those agencies who were working collaboratively with the US.

There is no doubt that "procedures and regulations can be established to carry [the prosecutor's] burden and to ensure communication of all relevant information on each case to every lawyer who deals with it." *Kyles v. Whitley,* 514 U.S. at 438 (1995) (quoting *Giglio v. United States*, 405 U. S. 150, 154 (1972)).

In this case, the prosecutor has the ability to discharge the government's Brady responsibility, as these FLAs (The United Kingdom, Brazil, and Germany) have a Mutual Legal

Assistance Treatise (MLAT) procedure by which the Government can compel information and testimony regarding the investigation at issue.[2]

If the prosecutor or the Department of Justice (DOJ) refuses to utilize an MLAT to request necessary information, such refusal amounts to prosecutorial suppression of evidence and infringes on the defendant's due process and other constitutional rights.

### AUTHORITY

"Although the Federal Rules of Criminal Procedure do not explicitly provide for motions to reconsider, such motions "are not uncommon."" *United States v. Johnson*, No. 20-5873, 2022 WL 35406, at *5 (6th Cir. Jan. 3, 2022) (citing *United States v. Ibarra*, 502 U.S. 1, 5–7 (1991) (per curiam)). "Courts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment Case pursuant to Fed. R. Civ. P. 59(e)." *United States v. Robinson*, 5 F. Supp. 3d 933, 936 (S.D. Ohio Mar. 20, 2014) (quoting *United States v. Titterington*, 2003 WL 23924932, at *1 (W.D. Tenn. May 22, 2003) (unpublished)); see also *United States v. LaDeau*, 734 F.3d 561, 572 n. 3 (6th Cir. 2013) (noting that "the Federal Rules of Criminal Procedure do not necessarily prohibit the filing of a motion for reconsideration" and relying "on analogous precedent arising under the Federal Rules of Civil Procedure").

Under Federal Rule of Civil Procedure 59(e), motions to alter or amend a judgment "may be granted if there is a clear error of law. . . or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).[3]

### CONCLUSION

The Government mistakenly informed the court that all relevant evidence in its possession has been provided. The Defense has provided examples of relevant evidence that the Government possesses but has failed to provide. The Government has a duty to use the MLAT procedures to request and provide relevant information pertaining to this investigation.

Wherefore, the Defense respectfully requests this court reconsider its ruling denying the motion to compel discovery, and enter an order compelling the Government to produce the requested information, Brady material, and information that can be obtained via the MLAT procedures. The Defense also respectfully requests any hearing necessary to correct the record.

---

[2] The United States has bilateral MLATs in force with Germany and the United Kingdom (U.S.-E.U., June 25, 2003, S. Treaty Doc. No. 109-13, at 350-73 (2006) and Brazil (See Treaty on Mutual Legal Assistance in Criminal Matters, U.S.-Brazil, Oct. 14, 1997, S. Treaty Doc. No. 105-42). These MLATs grant specific rights to a *defendant*. Congress passed the Foreign Evidence Efficiency Act, 18 U.S.C. § 3512 (effective in 2009).

[3] Quoting AUSA Robert B. Bonar, 3:15-cr-44, (DN-463)

**APPENDIX A**

The following is a non-exhaustive list of items from the Defense's Discovery requests concerning pieces of information known to be possessed by the government:

1. Information concerning Operation Lobos 1, which was the Brazilian, US, UK joint operation
2. Information concerning Operation Habitance, Project Jarvis, Operation Liberty Lane, and Project WoodPecker Ridge
3. Information regarding the Good Listener software and its use as part of Project Woodpecker Ridge
4. Identities and communications among all FLAs involved in Operation Liberty Lane, including, but not limited to, the US, Brazil, and Germany
5. Archived records from the TARGET CHATSITE, as referenced in the Search Warrant Affidavit
6. Information the Government has about the total number of tips, provided by the FLAs in the associated operation, in each district
7. The total number and names of the TARGET WEBSITES that are being investigated and/or prosecuted in the United States
8. The full name, purpose, and meaning of the Government's program codes, as cited in various discovery produced
9. All items referenced and/or relied upon by Agent Koski in Paragraph 5 of the Search Warrant Affidavit
10. The date the Government received the TIP from the FLA in this case
11. Statistics of Operation Liberty Lane's results, including:
    a. The quantity of tips that were received from the FLA.
    b. The quantity of subpoenas generated for Operation Liberty Lane.
    c. All search warrants generated in connection with Operation Liberty Lane.
12. All requested documents produced by the Government to the Defense in the *US v. Sanders* case

## APPENDIX B

The following is a non-exhaustive list of items that the Government should have from its own internal documents, and/or should have received from the collaborating FLAs, or could be requested via the MLAT processes.

1. The FBI/HSI Primer on residents of the White Household, and associated investigative reports from the following databases, including but limited to ICACCOPS, NCMEC, ACCURINT, National Sex offender registry database, FBI database queries, NCIC check for criminal history, Open Source Searches, such as Facebook, linkedIn, etc.
2. Surveillance reports, subpoenas, search warrants, and any background reports or investigations into the residents of the White household
3. The Liberty Lane Operation Plan, and starting/ending dates of this operation as well as all associated operations/projects
4. Directories, link lists, or search engines that were able to be used to access the TARGET CHATSITE
5. The total number of tips sent to field offices. Of those, identify:
    a. The total number of search warrants or searches completed in relation to this investigation, and how many of those resulted in an arrest
    b. The total number of outstanding investigations that have yet to initiate their search and/or seizure.
6. Information or knowledge to interpret the labels on the NCA intelligence report.
7. All supporting documents, with their original dates from 2019, related to this investigative referral that were provided to the RAC Louisville
8. The original TIP document, all original documents from BS-141 - BS-145, the original and complete NCA intelligence report, the PRTT, Document Identifying the TEI warrants.
9. Any information regarding the location or administration of the server that hosted the TARGET CHATSITE
10. The operation plan, communications, budgets, rosters, or other information about each of the named operations
11. Various technological elements of the TARGET CHATSITE, including LeChat HTML code generated by the php software,cookie information, parameters from the chat.php file, headers, javascript, and css
12. Information sharing agreements between the U.S. the U.K., Brazil, and Germany
13. Any documents showing the restrictions on disclosure concerning the FLA identity or methodology

Respectfully submitted,

<u>/s/ Wanda McClure Dry</u>
Wanda McClure Dry
P.O. Box 2122
Danville, Kentucky 40423
(859) 583-0037
wandadry@gmail.com
*Co-counsel for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2024, the foregoing motion was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

<u>/s/ Wanda M. Dry</u>
*Co-Counsel for Defendant*