UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES of AMERICA,

          Plaintiff

vs                                      Crim. No. 3:21-cr-155-DJH
                                            Hon. David J. Hale

JOSHUA WHITE,

          Defendant

## MOTION TO SUPPRESS
## EVIDENCE FROM NEW SEARCHES

    Defendant JOSHUA WHITE, through counsel, Jonathan M. Epstein and Wanda M. Dry, respectfully move this Honorable Court pursuant to Rule 41(g) and the Fourth Amendment, to suppress new evidence searched and seized after that authorized by the Search Warrant, and in support states:

    1.     Mr. White is charged in an Indictment with possession of child pornography relative to images dating back to the years 2009 to 2010, contrary to 18 U.S.C. §2252A(a)(5)(B) and §2252A(b)(2).

    2.     This case arises from the execution of a search warrant on February 17, 2021 based upon an FLA tip, wherein approximately 29 computers, hard drives, electronic devises, and storage media were seized

from the White Family home per an investigation into access or possession of illicit materials "on or about April 11, 2019." SWA §28.

3. On information and belief, following the search and seizure, the Government made "exact disk images" or "digital copies," forensically identical to the originals, of the White family's private electronic items and devices.

4. The Search and Seizure Warrant, dated February 8, 2021, authorized a search of the property and all "digital evidence" relative to this investigation as described in the Application.

5. That F. R. Crim. P. 41(g), Motion to Return Property, provides once property is returned the court "may impose reasonable conditions to protect access to the property and it's use in later proceedings;" however, that has not been sought in this case.

6. On April 30, 2021, White asserted his right for the return of the seized property, through counsel, by filing a completed U.S. Customs Seized Asset Claim Form seeking return of items. (Exhibit "B" to be provided).

7. On or about June 14, 2021, pursuant to the Asset Claim Form, twenty-one items were returned to White's counsel Darren Wolff,

and on February 1, 2022, four more items were returned to counsel Patrick Renn.

8. In total, twenty-one of twenty-five-line items were returned to the White family and the Government kept four items; an LI 0002 Hitachi Hardrive, LI 0004 Western Digital Hardrive, LI 0007 Master Item and LI 0020 Toshiba Qosmio Laptop.

9. In 2023, the Government advised it had retained exact "disk images" of all line items and used sophisticated means and equipment to conduct **additional searches** on exact "digital copies" of the White family's library and seized additional personal information and photographs without obtaining consent or a second search warrant.

10. That the Search and Seizure Warrant dated February 8, 2021, authorized a search and seizure of only the items sought in relation to the pending H.S.I. investigation.

11. The Search Warrant did not authorize continued searches of the White Family library for unrelated items into perpetuity and as such these continued searches and seizures are unreasonable under the Fourth Amendment. *Riley v. California*, 573 U.S. 373 (2014).

12. The Government advises they intend to introduce at trial new evidence recently searched and seized beyond a reasonable period authorized by the search warrant and Rule 41.

13. The Government does not concur in the relief requested.

WHEREFORE, Defendant JOSHUA WHITE, pursuant to Rule 41 and the Fourth Amendment, respectfully requests this Honorable Court suppress from trial all evidence searched and seized beyond a reasonable date as authorized by the Search Warrant or alternatively to grant a hearing.

        Respectfully submitted:

        /s/ Jonathan Epstein
        Jonathan M. Epstein
        Attorney for Defendant White
        30445 Northwestern Hwy, Suite 225
        Farmington Hills, MI 48334
        (248) 219-4004

Dated: May 6, 2024

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES of AMERICA,

        Plaintiff

vs                                              Crim. No. 3:21-cr-155-DJH
                                                     Hon. David J. Hale

JOSHUA WHITE,

        Defendant
_____

**MEMORANDUM IN SUPPORT OF MOTION
TO SUPPRESS EVIDENCE FROM NEW SEARCHES**

On information recently received from the Government, H.S.I. created exact "digital files" or "digital copies," forensically indistinguishable from the original articles, of the White family computers, laptops and other storage devices. On June 14, 2021, the Government first identified 24 old images, in recycling bins or unallocated deleted spaces, for trial. Now, in 2024, the Government advises it has performed additional searches and seized additional images they may intend to use at trial.

On April 17, 2021, the White family, through counsel, sought return of their sized personal library of materials by filing a U.S. Customs Asset Claim Form seeking return of items of personal property (Exhibit "B" to

be provided). F. R. Crim. P. 41(g), Motion to Return Property, provides once property is returned the court "may impose reasonable conditions to protect access to the property and it's use in later proceedings" yet the Government never sought such approval here. On June 14, 2021, pursuant to White's Asset Claim, seventeen items were returned to White's counsel Darren Wolff and on February 1, 2022, four more items were returned to counsel Patrick Renn.

However, after returning these hard drives and storage items of personal and private digital information, which like a library, contain personal information, writings, letters, photographs, etc., the Government without securing a new warrant, consent or other judicial authorization, and through new and advanced technology, has performed additional searches of the "digital copies" of the White family library, in order to search for additional evidence of crimes which may have occurred on other dates and times unrelated to this investigation.

Counsel's review indicates this particular scenario is relatively new to Fourth Amendment analysis. As noted by Harvard Law Professor Orin Kerr, "[e]xisting precedents dealing with the treatment of copies of seized property are surprisingly difficult to find." *Searches and Seizures in a*

6

*Digital World*, 119 Harv. L. Rev. 531, 562 (2005). Here, the White family's property, writings, personal information, photographs and the like are not "government owned" but have been lawfully claimed as the White family's property, most of which, as stated, have been returned.

In *Riley v. California*, 573 U.S. 373 (2014), police seized Riley's cell phone and over the course of several hours, continued to search his phone for digital content including photographs. The Supreme Court held police generally may not, without a warrant, search digital information lawfully seized from an individual. As explained in *Riley*, cell phone data is not the same as physical evidence; cell phones contain immense amounts of personal information about people's lives, they are unique, and law enforcement "officers must generally secure a warrant before conducting such a search." *Id.* at 2485. The Court noted the "chief evil" the Fourth Amendment was intended to address was the hated 'general warrant' of the British crown.

Indeed, it is well settled that the ultimate touchstone of the Fourth Amendment is reasonableness. *Riley*, 134 S. Ct. at 2482. The question here becomes whether H.S.I. may permanently copy and save all electronic data collected from the White family's many digital devices and

7

after an initial search, continue to search in perpetuity for additional evidence of wrongdoing? Defendant White and other interested parties answers no and asserts H.S.I.'s continued searches of their "library" of private and personal information are "unreasonable" and run afoul of the Fourth Amendment.

Many courts have concluded that an otherwise authorized search may become unreasonable following the passage of a significant period of time. *See United States v. Wilkins*, 538 F. Supp. 3d 49, 54 (D.D.C. 2021) ("[a] seizure can 'bec[o]me unreasonable' when 'its length unduly intrude[s] upon constitutionally protected interests.'" (quoting *United States v. Jacobsen*, 466 U.S. 109, 124 n.25 (1984); See also *United States v. Ganias*, 824 F.3d 199, 240 (2d Cir. 2016) (Chin, J., dissenting).

As the Supreme Court instructs, "a seizure lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes possessory interests protected by the Fourth Amendment's prohibition on 'unreasonable seizures.'" *Jacobson, supra.* "The evaluation of 'reasonableness' [under the Fourth Amendment] includes consideration of any delays in retaining... an item." *In re Application for Search Warrant*, 527 F. Supp. 3d 179, 181 (D. Conn.

2020) (evaluating the government's delay in applying for a search warrant prior to issuing the warrant).

For example, in *United States v. Jones*, 43 F.3d 94, 100 (2nd Cir.2022), the FBI obtained two search warrants authorizing it to search electronic devices previously collected lawfully by the local Sheriff's Office in a **related** sexual exploitation prosecution. The Sheriff's Office had sent the FBI, as we have here, exact digital copies of three storage cards seized from Jones's residence in a valid search warrant. In that case, the F.B.I. knew they were required to obtain new warrants to search for digital data already seized and in the possession of law enforcement and then did so before searching the digital copies. That procedure, however, was not followed in this case.

Thus, courts allow police broad latitude in what is searched and seized, allowing police to copy entire hard drives, so long as the object of the search is adequately set forth in the search warrant. See e.g. *United States v. Galpin*, 720 F.3d at 447; *United States v. Richards*, 659 F.3d 527, 537–38 (6th Cir. 2011); *United States v. Comprehensive Drug Testing, Inc.* 621 F.3d 1162, 1176 (9th Cir. 2010) (*en banc, per curiam*). This eventuality at the gathering stage came about through necessity:

9

the nature of the technology itself dictates the method. But because of the very breadth given the seizure of electronic data on the front end, police and courts understand the seizure will in all reality contain a great deal—perhaps the overwhelming majority—of data which is nonresponsive to the reasons giving rise to probable cause for the search warrant in the first place.

As noted, this is magnified by the breathtaking depth and scope of digital evidence each of us possess on our computers and cell phones. "Modern cell phones, as a category, implicate privacy concerns far beyond those implicated by the search of a cigarette pack, a wallet, or a purse." *Riley*, 134 S. Ct. at 2489. Calling these items a phone or a computer is a misnomer as they may just as aptly be called a library, a camera, a tape recorder, a video player, a rolodex, a diary, an album, a newspaper, or a tv. *Id*. Current cell phones can store millions of pages of text, thousands of photographs, and hundreds of videos. *Id*. They can also store information of many different types—financial, health, mental impressions. *Id*. Cell phones, by amalgamating a variety of discrete data about the owner all in a single place, have the potential to invade the owner's privacy to a degree that could not be possible if just one variety

10

of data were discovered. *Id.* Thus, the nature of digital data technology requires it be over seized in the initial phase of a search but carries with it the potential for invasion of privacy of several degrees of magnitude greater than has ever been possible in the past. *Riley, supra.*

In the instant case, the Department of H.S. I., pursuant to the Search Warrant, seized twenty-nine digital devices, including hard drives, computers, laptops and the like from the White family. H.S.I. then forensically made "exact digital copies" (disc images) of said devices and searched for evidence. The initial search led to presentation to the grand jury and issuance of the instant Indictment. However, months and years after the authorization in the Warrant, H.S.I. has continued to search these disc images seeking to obtain additional evidence of possessions unrelated to the instant investigation. Counsel was not advised of this until 2023 and 2024. All without obtaining judicial approval.

Even after returning same, and the White family asserting and regaining possession of said items, H.S.I. has employed new search technologies and employed new search engine tools to extract additional evidence they claim constitute possession of child erotica in 2009 to 2010.

11

To allow this, however, law enforcement must get a warrant to search an individual's computer for specific infractions where they wish to use the data in perpetuity to search for evidence of other crimes (here, possessions unrelated to the FLA investigation and as to files that had long ago been deleted) and prosecute or expand the proofs at trial into additional felony crimes of possession. Some limit must be placed on the government's use or retention of digital data collected under a valid search warrant. While reasonable at inception, searches years following the authorization provided in the Search Warrant, is unreasonable and violates fundamental Fourth Amendment concerns of Governmental overreach and the prohibited "general warrant." *Jacobson, supra.*

WHEREFORE, Defendant JOSHUA WHITE respectfully requests this Honorable Court suppress from trial all evidence searched and seized beyond a reasonable date as authorized by the search warrant.

> Respectfully submitted:
>
> /s/Jonathan Epstein
> Jonathan M. Epstein
> Attorney for Defendant White
> 30445 Northwestern Hwy, Suite 225
> Farmington Hills, MI 48334
> (248) 219-4004

Dated: May 6, 2024