UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES of AMERICA,

                    Plaintiff

vs                                      Crim. No. 3:21-cr-155-DJH
                                        Hon. David J. Hale

JOSHUA WHITE,

_____Defendant

## SUPPLEMENTAL MOTION TO SUPPRESS
## EVIDENCE EXCEEDING WARRANT'S AUTHORIZATION

Defendant JOSHUA WHITE, through counsel, Jonathan M. Epstein, and Wanda M. Dry, respectfully moves this Honorable Court, pursuant to the Fourth Amendment, to suppress evidence searched and seized beyond that authorized by the Search Warrant, and in support states:

1.    Mr. White is charged in an Indictment with possession of child pornography relative to deleted images dating back to the years of approximately 2009-2010. 18 U.S.C. 2252A(a)(5)(B) and 2252A(b)(2).

2.    This case arises from execution of a Search Warrant wherein approximately 29 computers, hard drives, electronic devises, and storage

1

media were seized from the White Family home per an investigation of "access" to materials "on or about April 11, 2019." Indictment, count 1.

3.     On March 9, 2022, this Honorable Court denied White's original motion to suppress (R.23) (R. 35; Order).

4.     However, on further review, the Search Warrant Affidavit alleges the specific nature of the subject investigation that White accessed Target Website in April 2019.

5.     That the Application for Search Warrant describes the crime with specificity; "the basis for the search warrant under F. R. Crim. P. 41(c) is…related to "a violation of 18 U.S.C. 2252A(a)(5)(B)…Accessing with the intent to view child pornography" per the attached Affidavit in Support.

6.     The Affidavit in Support advised H.S.I. received information that "on April 11, 2019, IP address…. was used to access online child sexual abuse and exploitation material" from Target Website. SWA, para. 28.

7.     SWA Attachment "B", provides the items to be seized as "computers or storage media used as the means of committing a criminal offense, namely violation of 18 U.S.C. 2252A(a)(5)(B)."

8.     Attachment B details items to be seized as "that [which] contains or in which are stored records or information that is otherwise

called for by this warrant…[specifically] (e) evidence indicating the computer users' knowledge and/or intent **as it relates to the crime(s) under investigation.**"

9.      Accordingly, the Search and Seizure Warrant issued by U.S. Magistrate Judge Regina S. Edwards, authorized a search of "digital evidence pertaining to the sexual exploitation of minors (more fully set out in Attachment B)."

10.      The Warrant **did not** authorize a search and seizure of all the White Family's devices and storage of personal data, dating back dozens of years, unrelated to this investigation.

11.      As the Fourth Amendment requires a search warrant describe with "particularl[ity]…the…things to be seized," U.S. Const. Amdt, IV, Magistrate Judge Edwards properly "cabined" the search to the matters set forth in Application Attachment B.

12.      As there were no described violations, nor probable cause, relative to dates or events preceding the 2019 investigation, the search and seizure through **all White's electronic data** far exceeded that authorized by Magistrate Judge Edwards.

13.     H.S.I.'s wide-ranging, open-ended exploratory search through the White Family's entire library of personal and private data dating back in time long preceding this investigation violates the Fourth Amendment.

14.     The Government does not concur in the relief requested.

WHEREFORE, Defendant JOSHUA WHITE, pursuant to the Fourth Amendment, respectfully requests this Honorable Court suppress all evidence searched and seized unrelated to the instant investigation and outside the authorization provided in the Search Warrant or, in the alternative, schedule a hearing on the motion.

Respectfully submitted:

/s/ Jonathan Epstein
Jonathan M. Epstein
Attorney for Defendant White
30445 Northwestern Hwy, Suite 225
Farmington Hills, MI 48334
(248) 219-4004

Dated: May 6, 2024

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES of AMERICA,

                    Plaintiff

vs                                           Crim. No. 3:21-cr-155-DJH
                                             Hon. David J. Hale

JOSHUA WHITE,

                              Defendant
_____

**MEMORANDUM IN SUPPORT OF**
**<u>SUPPLEMENTAL MOTION TO SUPPRESS EVIDENCE</u>**

In this supplemental motion, new Counsel seeks suppression of items and things searched and seized by H.S.I. outside that particularly described and authorized by U.S. Magistrate Judge Regina S. Edwards in the Search Warrant dated February 8, 2021.

The Fourth Amendment requires a search warrant describe with "particularl[ity]… the place to be searched and the persons **or things to be seized**." U.S. Const. Amdt, IV. (emphasis added). This requirement "ensures that the search will be carefully tailored to its justifications and will not take on the character of the wide-ranging exploratory searches the framers intended to prohibit." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987).

5

A warrant must describe objects with sufficient particularity so as to leave "nothing…to the discretion of the officer executing the warrant." *Andresen v. Maryland*, 427 U.S. 463, 480 (1976); *United States v. Richards*, 659 F. 3d 527, 537 (6th Cir. 2011). "The chief purpose of the particularity requirement [is] to prevent *general* searches by requiring a neutral judicial officer to **cabin the scope of the search** to those areas and items for which there exists probable cause that a crime has been committed." *Baranski v. Fifteen Unknown Agents*, 452 F.3d 433, 441 (6th Cir. 2006) (emphasis added).

The "degree of specificity required" to satisfy the particularity requirement is "flexible and will vary depending on the crime involved and the types of items sought," *Richards*, *supra.* (quoiting *United States v. Greene*, 250 F.3d 471, 477 (6th Cir. 2001)). "Consequently, a description is 'valid if it is as specific as the circumstances and the nature of the activity under investigation permit.'" *Green*, 250 F.3d at 477 (quoting *United States v. Ables*, 167 F.3d 1021, 1033 (6th Cir. 1999)). In other words, the warrant may not be so broad as to allow the officer to have essentially unbridled discretion to generally rummage through the defendant's property.

Thus, a warrant referring to stolen property of a certain type of class is insufficient if that property is common. *United States v. Spilotro*, 800 F.2d 959 (9th Cir. 1986) (description of "gemstones and other items of jewelry' insufficiently particular in search of jewelry store). *See also* 2 Wayne LaFave Search and Seizure 561-62 (3rd Ed. 1996). In *United Sates v. Gardner*, 537 F.2d 861 (6th Cir. 1976), the warrant authorized a search for "all firearms and ammunition." Yet police had probable cause to search for a certain .38 caliber pistol allegedly used in a murder. While executing the warrant, officers seized a sawed-off shotgun pursuant to the warrant, constituting evidence of another offense. The Sixth Circuit held the warrant overbroad and suppressed the evidence.

Likewise, in *United States v. Blakeney*, 942 F.2d 1001, 1027 (6th Cir. 1991), *cert denied*, 502 U.S. 1008 (1991), a case involving the robbery of a jewelry store, the Sixth Circuit held that the warrant affidavits use of the generic term "jewelry," when the officer applying for the warrant had an inventory of the specific items taken during the robbery, rendered that portion of the warrant overbroad and invalid. *Id*. The court held a "failure to employ the specificity available will invalidate a general description in a warrant." *Id*.

7

Thus "modern development of the personal computer and its ability to store and intermingle a huge array of one's personal papers in a single space increases law enforcement's ability to conduct a wide-ranging search into a person's private affairs, and accordingly makes the particularity requirement that much more important." *Richards, supra,* at 358. And "analogizing computers to other physical objects when applying Fourth Amendment law is not an exact fit because computers hold so much personal and sensitive information touching on many private aspects of life…[T]here is a far greater potential 'for the intermingling' of documents and a consequent invasion of privacy when police execute a search for evidence on a computer." *United States v. Walser*, 275 F.3d 981, 986 (10th Cir. 2001).

In this case, H.S.I. exceeded the authorization in the Search Warrant and conducted "a wide-ranging search into [White's] private affairs" in his family's computers contrary to the Sixth Circuit's caution in *Richards*.  Here, the "degree of specificity required" to satisfy the particularity requirement relates to the precise H.S.I. investigation as described in the Search Warrant Affidavit. The Affidavit described the "crime involved, and the types of items sought." *Richards, supra*. The

Application specifically states, "the basis for the search warrant under F. R. Crim. P. 41(c) is…related to a violation of 18 U.S.C. 2252A(a)(5)(B), Accessing with the intent to view child pornography."  In support thereof, the Affidavit provides the precise nature of the tip received from the FLA, that "on April 11, 2019, IP address…. was used to access online child sexual abuse and exploitation material" and the investigation which followed. SWA, para. 28.

The Application for Search Warrant, however, provided no facts nor probable cause White had a membership in Target Website, was a "collector" of CP nor had downloaded or possessed child erotica during or prior to the events of 2019. Thus, Attachment "B" specifically authorizes **only** the search and seizure of any "computers or storage media used as the means of committing a criminal offense, namely a violation of 18 U.S.C. 2252A(a)(5)(b), an "access with intent to view" on or about April 11, 2019. Again, the Application provided no facts nor probable cause of the receipt or possession of child erotica in the years preceding 2019.

As such, Magistrate Judge Edward's Warrant authorization was sufficiently "tailored" and "cabined" to this investigation as described in the Application, and to the items described in Attachment B. However,

H.S.I. agents seized and searched all White's electronic items for materials unrelated to and long preceding the instant investigation. Thus, given the nature of the investigation described per a tip from an FLA, being in April 2019, Magistrate Judge Edwards did not authorize a wide ranging general exploratory search beyond this investigation.

As a result, H.S.I. exceeded that authorized by rummaging through the White Family library dating back in time long before 2019 and the "media used as a means to commit the violations described above." Attachment B. That Attachment further states items may be seized "that contain or in which are stored records or information that is otherwise authorized by this warrant…" Thus, when investigators executing the warrant found old hard drives and storage devices containing deleted files long predating April 2019, they were not authorized to search and seize materials which predate the investigation by a decade.

Indeed, a "search warrant application's approval on a whole is what is used to develop the search warrant, and only the search warrant is used by the searchers to determine what they are to look for." *United States v. Abboud*, 438 F.3d 554, 562 (6th Cir. 2006). The Third Circuit wisely stated "we recognize the reality that over-seizing is an inherent

10

part of the electronic search process and proceed on the assumption that, when it comes to the seizure of electronic records, this will be far more common than in the days of paper records. This calls for greater vigilance on the part of judicial officers in striking the right balance between the government's interest in law enforcement and the right of individuals to be free from unreasonable searches and seizures. The process of segregating electronic data that is seizable from that which is not must not become a vehicle for the government to gain access to data which it has no probable cause to collect." *United States v. Stabile*, 633 F.3d 219, 224 (3rd Cir. 2011).

Here, Magistrate Judge Edwards did just that; carefully limiting the authorization to the investigation and probable cause set for in the Application. Thus, the warrant **did not authorize** a wide-ranging exploratory search and seizure into all the White Family's devices and storage of personal and private data dating back from time immemorial, unrelated to this investigation, as such an authorization would violate the Fourth Amendment's particularity requirement. Thus, Magistrate Judge Edwards properly "cabined" the search for evidence relative to this investigation as described in the Application and Attachment B. Yet, it

has become clear H.S.I.'s seizure and continued high-tech searches through digital copies of **ALL** the White Family's electronic devices, computers, laptops and storage devices, containing libraries of private and personal material that predate the investigation by decades, is unreasonable and exceed Magistrate Judge Edward's authorization and must be suppressed.

WHEREFORE, Defendant JOSHUA WHITE, pursuant to the Fourth Amendment, respectfully requests this Honorable Court suppress all evidence searched and seized not authorized by the search warrant or, in the alternative, schedule a hearing on the motion.

Respectfully submitted:

/s/ Jonathan Epstein
Jonathan M. Epstein
Attorney for Defendant White
30445 Northwestern Hwy, Suite 225
Farmington Hills, MI 48334
(248) 219-4004

Dated: May 6, 2024