UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA     PLAINTIFF

v.                                                    CRIMINAL NO. 3:21-CR-155-DJH

JOSHUA WHITE                                                              DEFENDANT

**RESPONSE TO DEFENDANT'S MOTION
FOR A FRANKS HEARING**
-Electronically filed-

Joshua White filed a motion for a *Franks* hearing alleging the search warrant affidavit contained intentionally false statements or material omissions necessary to the probable cause finding in this case. (DN 172). White's motion is based on assumed and disputed facts not in the record. White's motion should be denied because the affidavit did not omit or contain any materially false or misleading statements.

**BACKGROUND**

On February 8, 2021, HSI Special Agent John Koski obtained a search warrant to search White's residence for evidence that he accessed child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (DN 23-1, Affidavit in Support of an Application for a Search Warrant). The affidavit alleged that there was probable cause to believe there was evidence that White committed the crime of accessing with the intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (DN 23-1. at para. 5). The affidavit contained the following supporting facts.

A foreign law enforcement agency (hereinafter "FLA") notified the FBI that on April 11, 2019, an IP address associated with Joshua White "was used to access online child sexual abuse

and exploitation material" via a website located on the TOR network also known as the dark web. (DN 23-1, at paras. 28, 32). The FLA is a national law enforcement agency of a country outside the United States with an established rule of law and a history of providing reliable accurate information. (Id. at paras. 28, 30). The FLA's investigation took place outside of the United States and independently from any United States law enforcement personnel. (Id. at para. 30). The FLA and the FBI provided the above information to Special Agent Koski.

The subject website could only be accessed through TOR, which requires the user to download special software and know the 16 or 56-character web address of the subject website. (Id. at para. 32). The subject website was an active chat site that served the primary purpose of sharing child pornography. (Id. at para. 16). The first page of the website stated that it was intended for users to post photos and videos of "GIRLS 5 to 13 years [old]". (Id.). Child pornography images and videos were traded through this site via the posting of web links within the chat messages. (Id.). The website also listed several ways to avoid detection from law enforcement. (Id. at para. 22).

The FLA provided information to HSI that on April 11, 2019, an IP address associated with Joshua White "was used to access online child sexual abuse and exploitation material" via the target website. (Id. at para. 28). Special Agent Koski reviewed several files of child pornography that were available on the website when White's IP address accessed the site and verified that they were indeed child pornography. (Id. at para. 29). The affidavit also set out certain characteristics of child pornography users, including that they typically use computer type devices to store and access child pornography over long periods of time. (Id. at paras. 43-44).

White has filed a motion for a *Franks* hearing alleging Special Agent Koski made

materially false statements and material omissions necessary for the finding of probable cause. (DN 172).

## ARGUMENT

To obtain a *Franks* hearing, a defendant must (1) "make[] a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit" and (2) "prove[] that the false statement or material omission is necessary to the probable cause finding in the affidavit." *United States v. Young*, 847 F.3d 328, 348-49 (6th Cir. 2017) (quoting *United States v. Pirosko*, 787 F.3d 358, 369 (6th Cir. 2015) (citations omitted). If statements are not deliberately or recklessly false, and material to the probable cause finding, no *Franks* hearing is necessary. *United States v. Ardd*, 911 F.3d 348, 353-354 (6th Cir. 2018).

As for the first requirement, a law enforcement officer's statement is only considered to be issued with "reckless disregard for the truth" if a defendant shows that the affiant subjectively "entertained serious doubts as to the truth of his or her allegations." *United States v. Vaughn*, No. 22-20059, 2023 U.S. Dist. LEXIS 136337, at *11-12 (E.D. Mich. Aug. 4, 2023) citing *United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019).

When a material omission is claimed, the petitioner must make "a strong preliminary showing that the affiant, with an intention to mislead, excluded critical information from the affidavit." *Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998). "*Franks* protects from omissions that are designed to mislead, or that are made in reckless disregard of whether they would mislead, the magistrate." *United States v. Awadallah*, 349 F.3d 42, 67-68 (2d Cir. 2003) (citing *United Staes v. Colkley*, 899 F.2d 297, 300-301 (4th Cir. 1990) (quotation omitted).

**A.     The White search warrant affidavit does not contain a knowingly and intentionally false statement.**

White's motion fails to make a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit. White's description of the facts as presented by the affidavit are misleading. He claims that the affiant created a false implication that White clicked on a link on a webpage revealing child pornography, while noting that the affidavit contains no statement that he clicked on any of the links. (DN 172 at p. 13). Further, the affiant never claimed to have personal knowledge of White's access to child pornography. Instead, the affiant states definitively that

> *HSI Agents received information* from a foreign law enforcement agency known to the FBI and with a history of providing reliable, accurate information in the past, notified the FBI that FLA determined that on April 11, 2019, [White's IP address] 'was used to access online child sexual abuse and exploitation material' via a website that the FLA named and described as the TARGET WEBSITE.

(DN 23-1, at para. 28) (Emphasis added). The affiant then states in the next paragraph that he received and reviewed child pornography files from the website that were available when White accessed it. (Id. at para. 29). The affidavit makes it clear that the child pornography files were *available* on the website, not that White viewed the child pornography. As the affidavit states, the website is an "active online chat site whose primary purpose was to share and distribute child pornography." (Id. at para. 16). White's arguments are based on taking sections of the affidavit and reading them out of context and without reference to the entire affidavit.

White intentionally misreads the affidavit as stating he accessed the website and then clicked on a link to view child pornography. However, the affidavit actually states that White accessed the child pornography "online chat site" that contained links to child pornography and

4

then gave a description of some of the child pornography available when White accessed the website. (DN 23-1, at paras. 16, 28-29). White knows this fact to be true as the government provided him with the original lead in discovery, describing his access to the target website in the documents Bates numbered USA-WHITE-000001 and USA-WHITE-000147. Furthermore, White's own exhibit shows that once he accessed the target website he had access to child pornography. The first page of his exhibit shows the chat page and approximately 37 jpg. and png. links to child pornography. (DN 185). To say that he does not have access to child pornography by virtue of being on a dark web page with 37 links to child pornography is like saying one does not have access to a menu on a restaurant's website because the user must click on the word "menu" to see the actual menu. The affidavit was accurate.

**B.      The White search warrant affidavit does not contain a material omission.**

White claims that the affidavit omitted exculpatory evidence that he did not create a nickname, password, or Captcha necessary to access the links containing child pornography. *Franks*, however, is inapplicable to the omission of disputed facts. *Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998). The government cannot state whether White created a nickname, password, or Captcha and is not aware of any item of evidence that corroborates his claim that he did not do those things or that the government knew he did not do those things and omitted it from the search warrant. White's claim is conclusory and without any supporting facts.

Even if White truly did not create a nickname, password, or Captcha, that fact is irrelevant to a determination of probable cause because his access to the website alone would create probable cause that he accessed child pornography with an intent to view. White used the dark web to access a website that could not be found by normal means. (DN 23-1, at para. 26). To find the homepage to this website White would have to know the exact web address and type it into TOR

to get there.  This is difficult because "[u]nlike standard Internet websites, a TOR-based web address is comprised of a series of either 16 or 56 algorithm-generated characters, for example 'asdlk8fs9dflku7f,' followed by the suffix '.onion.'  (DN 23-1, at para. 15).  White would have likely had to use a directory website dedicated to child pornography to find the website as explained in the affidavit.  (Id. at para. 26).  As this Court stated in a previous order denying suppression in this case, "probable cause to search [the defendant's] house would exist even if he was 'curiosity shopping' for child porn on [the website] but never actually viewed an illegal image."  (DN 35, at p. 6, citing *United States v. Tagg*, 886 F.3d 579, 587-88 (6th Cir. 2018).

To sidestep *Tagg*, White also claims that the affidavit omitted that the duration of his access to the website was zero; however, the government is not aware of any document in discovery that corroborates that claim and he does not cite to any document in the record that corroborates that claim.  Logically, the affidavit cannot omit information the affiant does not have, or which does not exist.  As previously stated, *Franks*, is inapplicable to the omission of disputed facts.  *Mays v. City of Dayton*, 134 F.3d at 816.  The government disputes this "fact" as another baseless conclusory statement.  Neither of the claimed omissions are a strong preliminary showing that the affiant, with an intention to mislead, excluded critical information from the affidavit.  Because White has failed this first inquiry, a *Franks* hearing is not warranted.

C.      **White motion contains factual misstatements.**

White made some additional factual misstatements that government will clear up.  White stated the affiant "possessed relevant screenshots, yet these images were not shared with Magistrate-Judge Edwards and were omitted." (DN 172, at p. 10).  The affiant did not possess those screenshots, let alone at the time the affidavit was sworn out.  Those screenshots were obtained pursuant to one of White's many discovery requests by a different HSI agent and provided

on August 17, 2022, over one and a half years after the affidavit was sworn.

White also claims that Judge Edwards was inflamed and prejudiced after reviewing three images of child pornography that he did not access. (DN 172, at p. 10). The government has not seen any evidence that Judge Edwards was "inflamed and prejudiced" after reviewing the images related to this case. Nor does the government concede that White did not access the images of child pornography available on the website. Nevertheless, this determination is unnecessary for analyzing White's *Franks* motion.

## CONCLUSION

White's motion for a *Franks* hearing is based on assumed and disputed facts not in the record. The affidavit did not omit or contain any materially false or misleading statements. White's motion failed to make a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit. Therefore, a *Franks* hearing is unnecessary, and his motion should be denied.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

s/ *A. Spencer McKiness*
A. Spencer McKiness
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
PH: (502)582-5911
FAX: (502)582-5067
Email: spencer.mckiness@usdoj.gov

## CERTIFICATE OF SERVICE

   I hereby certify that on May 20, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

                s/ *A. Spencer McKiness*
                 A. Spencer McKiness
                 Assistant United States Attorney