# United States v. White 3:21-cr-155-DJH EXHIBIT "G"

The United States has bilateral MLATs in force with Germany and the United Kingdom (U.S.-E.U., June 25, 2003, S. Treaty Doc. No. 109-13, at 350-73 (2006) and Brazil (See Treaty on Mutual Legal Assistance in Criminal Matters, U.S.-Brazil, Oct. 14, 1997, S. Treaty Doc. No. 105-42). These MLATs grant specific rights to a defendant. Congress passed the Foreign Evidence Efficiency Act, 18 U.S.C. § 3512 (effective in 2009).

| 109TH CONGRESS 2d Session | SENATE | TREATY DOC. 109–13 |
|---|---|---|

# MUTUAL LEGAL ASSISTANCE AGREEMENT WITH THE EUROPEAN UNION

## MESSAGE

FROM

# THE PRESIDENT OF THE UNITED STATES

TRANSMITTING

AGREEMENT ON MUTUAL LEGAL ASSISTANCE BETWEEN THE UNITED STATES OF AMERICA AND THE EUROPEAN UNION (EU), SIGNED ON JUNE 25, 2003 AT WASHINGTON, TOGETHER WITH TWENTY-FIVE BILATERAL INSTRUMENTS WHICH SUBSEQUENTLY WERE SIGNED BETWEEN THE UNITED STATES AND EACH EUROPEAN UNION MEMBER STATE IN ORDER TO IMPLEMENT THE AGREEMENT WITH THE EU, WITH EXPLANATORY NOTE



SEPTEMBER 28, 2006.—Agreement was read the first time, and together with the accompanying papers, referred to the Committee on Foreign Relations and ordered to be printed for the use of the Senate

★ **(Star Print)**

350

Instrument as contemplated by Article 3(2) of the Agreement on Mutual Legal Assistance between the United States of America and the European Union signed 25 June 2003,
as to the application of the Treaty between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland on Mutual Legal Assistance in Criminal Matters signed 6 January 1994

1. As contemplated by Article 3(2) of the Agreement on Mutual Legal Assistance between the United States of America and the European Union signed 25 June 2003 (hereafter "the Mutual Legal Assistance Agreement"), the Governments of the United States of America and the United Kingdom of Great Britain and Northern Ireland acknowledge that, in accordance with the provisions of this Instrument, the Mutual Legal Assistance Agreement is applied in relation to the bilateral Treaty between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland on Mutual Legal Assistance in Criminal Matters signed 6 January 1994 (hereafter "the 1994 Mutual Legal Assistance Treaty") under the following terms:

(a) Article 4 of the Mutual Legal Assistance Agreement shall be applied as set forth in Article 16 bis of the Annex to this Instrument to provide for the identification of financial accounts and transactions, in addition to any authority already provided under the 1994 Mutual Legal Assistance Treaty;

(b) Article 5 of the Mutual Legal Assistance Agreement shall be applied as set forth in Article 16 ter of the Annex to this Instrument to provide for the formation and activities of joint investigative teams, in addition to any authority already provided under the 1994 Mutual Legal Assistance Treaty;

(c) Article 6 of the Mutual Legal Assistance Agreement shall be applied as set forth in Articles 6 and 16 quater of the Annex to this Instrument to provide for the taking of testimony of a person located in the Requested Party by use of video transmission technology between the Requesting and Requested Parties, in addition to any authority already provided under the 1994 Mutual Legal Assistance Treaty;

(d) Article 7 of the Mutual Legal Assistance Agreement shall be applied as set forth in Article 4 (1) of the Annex to this Instrument to provide for the use of expedited means of communication, in addition to any authority already provided under the 1994 Mutual Legal Assistance Treaty;

(e) Article 8 of the Mutual Legal Assistance Agreement shall be applied as set forth in Article 1 (1 bis) of the Annex to this Instrument to provide for mutual legal assistance to the administrative authorities concerned, in addition to any authority already provided under the 1994 Mutual Legal Assistance Treaty;

(f) Article 9 of the Mutual Legal Assistance Agreement shall be applied as set forth in Article 7 of the Annex to this Instrument to provide for limitations on use of information or evidence provided to the Requesting Party, and the conditioning or refusal of assistance on data protection grounds.

1

(c) in its non-criminal judicial or administrative proceedings directly related to investigations or proceedings:

(i) set forth in subparagraph (a); or
(ii) for which mutual legal assistance was rendered under Article 1 (1 bis) of this Treaty;

(d) for any other purpose, if the evidence or information has been made public within the framework of proceedings for which they were transmitted, or in any of the situations described in subparagraphs (a), (b) and (c); and

(e) for any other purpose, only with the prior consent of the Requested Party.

3. (a) This Article shall not prejudice the ability of the Requested Party in accordance with this Treaty to impose additional conditions in a particular case where the particular request for assistance could not be complied with in the absence of such conditions. Where additional conditions have been imposed in accordance with this subparagraph, the Requested Party may require the Requesting Party to give information on the use made of the evidence or information.

(b) Generic restrictions with respect to the legal standards of the Requesting Party for processing personal data may not be imposed by the Requested Party as a condition under subparagraph (a) to providing evidence or information.

4. Where, following disclosure to the Requesting Party, the Requested Party becomes aware of circumstances that may cause it to seek an additional condition in a particular case, the Requested Party may consult with the Requesting Party to determine the extent to which the evidence or information can be protected.

## ARTICLE 8

Taking Testimony and Producing Evidence in the Territory of the Requested Party

1. A person in the territory of the Requested Party from whom evidence is requested pursuant to this Treaty may be compelled, if necessary, to appear in order to testify or produce documents, records, or articles of evidence by subpoena or such other method as may be permitted under the law of the Requested Party.

2. A person requested to testify or to produce documentary information or articles in the territory of the Requested Party may be compelled to do so in accordance with the requirements of the law of the Requested Party. If such a person asserts a claim of immunity, incapacity or privilege under the laws of the Requesting Party, the evidence shall nonetheless be taken and the claim be made known to the Requesting Party for resolution by the authorities of that Party.

3. Upon request, the Central Authority of the Requested Party shall furnish information in advance about the date and place of the taking of the evidence pursuant to this Article.

4. The Requested Party shall allow persons specified in the request to ask questions of the person whose testimony or evidence is being taken, through a legal representative qualified to appear before the courts of the Requested Party.

5. Documentary information produced pursuant to this Article may be authenticated by the attestation of a person competent to do so in the form indicated in Appendix A to this Treaty. No further authentication or certification shall be necessary in order for such documentary information to be admissible in evidence in proceedings in the territory of the Requesting Party. Documentary information produced pursuant to this Article may also be authenticated pursuant to such other form or manner as may be prescribed from time to time by either Central Authority.

## ARTICLE 9

### Records of Government Agencies

1. The Requested Party shall provide the Requesting Party with copies of publicly available records of government departments and agencies of the Requested Party.

2. The Requested Party may provide a copy of any record or information in the possession of a government department or agency but not publicly available to the same extent and on the same conditions as to its own law enforcement or judicial authorities. The Requested Party may refuse a request pursuant to this paragraph entirely or in part.

3. Official records provided pursuant to this Article shall be authenticated by the Central Authority of the Requested Party in the manner indicated in Appendix B to this Treaty. No further authentication or certification shall be necessary in order for such records to be admissible in evidence in proceedings in the territory of the Requesting Party. Records provided pursuant to this Article may also be authenticated pursuant to such other form or manner as may be prescribed from time to time by either Central Authority.

## ARTICLE 10

### Personal Appearance in the Territory of the Requesting Party

1. A request under this Treaty may seek assistance in facilitating the appearance of any person in the territory of the Requesting Party for the purpose of giving evidence before a court or of being identified in, or otherwise by his presence assisting, any proceedings.

2. The Central Authority of the Requested Party shall:

11