UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES of AMERICA,

        Plaintiff

vs                                          Crim. No. 3:21-cr-155-DJH
                                              Hon. David J. Hale

JOSHUA WHITE,

        Defendant

## REPLY FOR A *FRANKS* HEARING

The Government says White's motion is based on "assumed and disputed facts not in the record." (Resp. at pp. 1, 7). To the contrary, the motion rests entirely on the search warrant affidavit itself which states target website was a "chat site" where "links allowed a user to navigate to **another website…**where images and/or videos were stored…" SWA at §16 (emphasis added). These facts are beyond dispute.

Yet, the Magistrate Judge was wrongly advised affiant "received and reviewed several files depicting child sexual abuse materials…**on the Target Website.**" (SWA, §29). This statement is obviously false. The Government does not dispute CP was not displayed on the chat site. Affiant advises how the chat site operates and then, when advising of his

1

actual use and navigation, misrepresents "still images" were located on the chat site. *See* HSI screenshots taken at the time. Thus, the inconsistency within the SWA itself is clear as day.

Yet, the affiant displayed disturbing images from the "other website" and omitted screenshots of the chat site. Accordingly, White's motion is based on clearly established, agreed upon facts, contained in the SWA. Further, to access CP, a user must pass through security barriers. As chat sites are protected First Amendment activity, "access" provides no probable cause of criminality. Indeed, why would the agent navigate to the "other site" if displaying only the chat site was sufficient?

Thus, the representation affiant accessed illicit materials on the chat site is clearly false. This is not a "technicality" but is central to the probable cause determination; to understanding exactly how affiant clicked links and navigated to the "other site" by inputting a username, password, and captcha, and is material to even a suspicion of a crime. This omission is material.

Next, omitting duration was zero, under the *Tagg* factors, is also material and here does not support White was "curiosity shopping." Even if illicit files were "available" through links on target website, a **zero**

**duration** indicates a mistaken or momentary contact insufficient to access or view CP. *Tagg, supra* (wherein the warrant provided he spent 5 hours on the site). Contrary to the Government's Response, this duration negates probable cause of access.

When viewing the entire affidavit, a substantial preliminary showing is made that affiant was sloppy, displaying a reckless disregard for the truth and that "the false statement or material omission is necessary to the probable cause finding in the affidavit." *United States v. Young*, 847 F.3d 328, 348-49 (6th Cir. 2017). Accordingly, there are no "assumed or disputed facts." Based upon the four corners of the affidavit, the Magistrate-Judge was misled that IP address accessed CP in April 2019. Accordingly, a hearing is appropriate under *Franks v. Delaware*, 438 U.S. 154, 164-165 (1978).

                    Respectfully submitted,

                    /s/ Jonathan Epstein
                    Jonathan M. Epstein
                    Attorney for Defendant White
                    30445 Northwestern Hwy, Suite 225
                    Farmington Hills, MI 48334
                    jonathan@jonathanmepstein.com
                    (248) 219-4004

Dated: June 3, 2024