UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES of AMERICA,

          Plaintiff

vs                                         Crim. No. 3:21-cr-155-DJH
                                            Hon. David J. Hale

JOSHUA WHITE,

          Defendant

## REPLY RE: "NEW SEARCHES"

The Government responds agents "lawfully searched for evidence in violation of 21 U.S.C. 2252A(a)(5)." (R. 191, at 1). This was precisely their mistake. It is **not** the statute that governs what can be searched; but that authorized by the search warrant.

The warrant, dated February 8, 2021, allowed for searches as described in Attachment B. Over **two and a half years later**, from January to October 2023, just prior to the January 8, 2024 trial date, the Government conducted new searches of White's computers and hard drives looking for crimes unrelated to the 2019 "access" and long predating this investigation. These "new searches" were undertaken without obtaining prior judicial approval. As 2 1/2 years is an

unreasonable time to conduct new searches, the items should be suppressed, or at minimum, excluded from trial.

The Government appears to argue that search warrants have no shelf-life, no time cut-off, and that they allow for continuous searches *ad infinitum*. However, this is false. The Government offers no case authority for the proposition that the Government may continuously search a family's private devices several years following the warrant authorization[1]. To the contrary, the test is "reasonableness." And a two to two-and-a-half-years is unreasonable. To be clear, this was not a "review" or "copying" of digital information for trial which the Government already had pursuant to Rule 41, but were new searches.

Nowhere in the search warrant does the Magistrate Judge allow for continued searches *ad infinitum* for other related offenses. The Government cites *United States v. Evers,* 669 F.3d 645, 650 (6th Cir. 2012) that the search did not exceed the probable cause articulated in the warrant. However, these searches **exceed** the warrant beyond devices

---

[1] Here, White's counsel initiated a civil CAFRA action, per 18 U.S.C. 961, et.seq., for return of the White family's computers and hard drives. Pursuant to the civil action, the Government returned most of the devices. In CAFRA, Congress provides time requirements for such possessory actions, of 60 or 90 days, thereby providing guidance as to a "reasonable" end time for searches. Two and a half years far exceeds Congressional time limits for return of these property items.

2

used "at the time." For example, the Hitachi Hard Drive (last serviced 2010), Western Digital Hard Drive (last service 2013) and Maxtor Hard Drive (last serviced 2017), searched in 2022-23, were not accessible, not in service and contained no files relative to the 2019 matter under investigation. See SWA, Attachment B. Agents should have limited their searches to devices active and employed at the time of the access described in the Application.

The Government also cites *United States v. Castro,* 881 F.3d 961, 966 (6th Cir. 2018) for the proposition that devices may be searched years after the initial search. (Resp. at 5). However, in *Castro*, the Sixth Circuit was discussing the good faith exception of a cell phone search and held "so long as the later search does not exceed the probable cause articulated in the original warrant" the subsequent search is not in bad faith. Here, the subsequent searches do exceed the probable cause set forth and that authorized by Attachment B (See Motion, ECF 173).

Further, ROI 13, Bates 00350, describes a second search of a Hitachi Hard Drive performed on January 16, 2023, years following the authorization. This old hard drive, however, long predated and contained no evidence relative to the investigation so was not within the scope of

the original warrant. Rather, it contained old, deleted files and software, dated between April through July 2010, and was thus unrelated to the investigation described in the Warrant Application.

Further, ROI 025, bates 380-387, details a second search of the Maxtor EHD on January 2, 2023, for additional evidence. ROI 023, bates 160, details a January 25, 2023, third search of the Maxtor EHD device. Per ROI 24, on February 23, 2023, agents conducted a second search of the SanDisk SSD digital copy, after the device had been returned to its rightful owner. Bates 0163-167. And ROI 028 details a second search of the Toshiba Qosmio Laptop in October 2023, just weeks before trial. These "new searches" for unrelated "possessions" exceeded that allowed by Search Warrant, Attachment B.

As to F. R. Crim. P. 41(e)(2)(B), this Rule relates to "off-cite copying or review" not additional new searches of old items. The Rule does not allow for unlimited searches over and above those allowed by the warrant. As to Rule 41(g), the Government's argument is form over substance. The method(s) employed by prior counsel are not germane to the Fourth Amendment issue that agents searched old devices not authorized by Attachment B. That attachment specifically cabined the

agent's searches to "[c]omputers or storage media used as a means to commit the violations above." Old devices which long predate the investigation and were not operative "at the time" (see paras. 1 and 2), do not fall within the devices which may be searched.

Accordingly, as argued in the related suppression motion, deleted files contained on old devices, not in use at the time, searched years later following the Warrant authorization, having no relevance to the 2019 access and investigation, are far beyond that allowed by search warrant, Attachment B. As such, items obtained from these searches, and their "fruits" must be suppressed.

                                          Respectfully submitted,

                                          /s/ Jonathan M. Epstein
                                          Jonathan M. Epstein
                                          Attorney for Defendant White
                                          30445 Northwestern Hwy, Suite 225
                                          Farmington Hills, MI 48334
                                          jonathan@jonathanmepstein.com
                                          (248) 219-4004

Dated:  June 3, 2024