UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES of AMERICA,

                Plaintiff

vs                                              Crim. No. 3:21-cr-155-DJH
                                              Hon. David J. Hale

JOSHUA WHITE,

                Defendant

### REPLY RE: SEARCHES EXCEEDING WARRANT

    The Government sidesteps application of the Fourth Amendment's particularity clause as to HSI's limitless and ongoing searches of old storage devices and files dating back in time to 2009 and 2010, far exceeding that authorized by the Search Warrant.

    First, the Government concedes the search warrant was for "evidence [IP address] accessed child pornography in violation of 18 U.S.C. 2252A(a)(5)(B)." (ECF 189 at 1). Thus, agents had no PC and were not searching for possession of CP as there was no probable cause of possession, just an access in April 2019. Attachment B thus **limited** agent's searches to "any [c]omputers or storage medium" to "who used, owned, or controlled the computer **at the time** the things described in

1

this warrant were created, edited, or deleted…" (para 2a, emphasis added). Attachment B authorized searches to "**the crime(s) under investigation**" (paras. 2d and 2e) (emphasis added). Here, at "the time the things were created" was in or around April 2019. However, agents disregarded the authorization

Specifically, the February 8, 2021 Application described a tip that "on April 11, 2019, IP address…was used to access online child sexual abuse and exploitation material via…Target Website." (SWA, para. 28). That access was the matter "under investigation." Not stated was this access was fleeting and momentary and thus possession could not be reasonably inferred. Indeed, the Application contained no facts relative to possession, particularly any predating the matter under investigation.

Second, the Government agrees agents must limit their searches in a way to avoid searching file types not identified in the warrant, citing *United States v. Richards*, 659 F.3d 527, 538 (6th Cir. 2011). However, agents did not "cabin" their searches to the computers/devices in use at the times in question but searched old storage devices and hard drives for deleted files dating back far earlier, and long preceding the matters

under investigation. These searches far exceed those authorized by the warrant.

The Government also agrees evidence may be seized "if it is reasonably related to the offense which formed the basis for the search warrant" citing *United States v. Evers*, 669 F.3d 645, 652 (6th Cir. 2012) (Resp. p. 5). And they concede the scope of a search warrant is controlled by **the facts provided** in the affidavit, citing *United States v. Rarick*, 636 F. Appx 911, 914 (6th Cir.) (emphasis added). Again, devices that long predate this investigation and were not in use in 2019, are not within the facts set forth in the Application.

*Evers* states "items to be seized pursuant to a search warrant must be described with particularity to prevent the seizure of one thing under a warrant describing another in violation of the Fourth Amendment." The purpose being "to prevent general searches by requiring a neutral judicial officer to cabin the scope of the search to those areas and items for which there exists probable cause that a crime has been committed." *Id*. quoting *Richards,* 659 F.3d at 536–37.

Here, the warrant cabined the agent's searches to computer and storage media containing digital information related to the matters

"under investigation" and in the time frame set forth. As stated, "[a] search pursuant to a valid warrant may become an impermissible general search if…the police 'flagrant[ly] disregard…the limitations of [the] search warrant' and the search 'unreasonably exceeded the scope of the warrant.'" *Evers, supra* at 652, *quoting United States v. Garcia*, 496 F.3d 495, 507 (6th Cir.2007).

As old devices containing deleted files, long predating this investigation, do not "reasonably relate" to the facts set forth, HSI's limitless searches through the White's personal files fall well outside that specifically "cabined" and authorized by the Search Warrant. Accordingly, these items, and all "fruits" of the extra judicial searches and seizures, must be suppressed.

                                                     Respectfully submitted,

                                                     /s/ Jonathan Epstein
                                                   Jonathan M. Epstein
                                                   Attorney for Defendant White
                                                   30445 Northwestern Hwy, Suite 225
                                                   Farmington Hills, MI 48334
                                                   jonathan@jonathanmepstein.com
                                                   (248) 219-4004

Dated: June 3, 2024