UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                                    CRIMINAL NO. 3:21-CR-155-DJH

JOSHUA WHITE                                                                    DEFENDANT

### MOTION TO EXCLUDE PROPOSED EXPERT TESTIMONY
*(Filed Electronically)*

The United States of America moves the Court to exclude from the trial the proposed expert opinion testimony of (1) William Jacob Green, Envista Forensics; (2) Luis Castron, Envista Forensics; and (3) Brad Hutchison, Special Agent, Department of Homeland Security for being untimely and incomplete, and in support thereof states the following:

As to William Jacob Green and Luis Castron, both of Envista Forensics, the government objects to the disclosure as untimely. At this time, the defense has produced no expert reports or written summaries of such reports, nor can timely disclosure be made in advance of trial. To date, neither Mr. Green nor Mr. Castron have reviewed the digital evidence, nor have they made arrangements with the government to do so, despite repeated contacts by and HSI agent and an AUSA with those experts and counsel for the defendant. The defense has already previously retained and disclosed an expert, and the government made the digital evidence available to that expert on multiple occasions; continued delay to allow additional experts to review the digital evidence beyond the long-established July trial is unwarranted. Their disclosures are also incomplete.

Federal Rule of Criminal Procedure 16(b)((1)(C)(iii) sets out the required contents of a defendant's duty expert disclosures. White failed to comply with this rule as he provided only a bare bones expert disclosure. (See Defense Expert Disclosure Letter, attached as Exhibit 1). Under Fed. R. Crim. P. 16(b)((1)(C)(iii), a defendant must provide the government with "a complete statement of all opinions that that the defendant will elicit from the witness in the defendant's case and chief." Neither Mr. Green nor Mr. Castron have reviewed any electronic evidence in this case and do not yet have an opinion to disclose. In their expert disclosure, they state, "Mr. Green will testify regarding the forensic evidence found in his review, and as identified in the ROIs, as it pertains to the Government's expected expert testimony from Stephen Stuart." (Ex. 1, at p. 2). This proposed testimony tells the government nothing because Mr. Green has not yet reviewed any forensic evidence. The disclosure also states that the proposed experts would testify regarding the government's trial exhibits but does not state the substance of that proposed testimony. (Id at pp. 2-3.) The general nature of White's expert disclosure gives the government no real notice what type of "expert" testimony to expect at trial.

The rule also requires a defendant to provide "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." Fed. R. Crim. P. 16(b)((1)(C)(iii). No such list accompanied White's expert disclosure letter. The rule also requires the defendant to provide a list of qualifications, "including a list of all publications authored in the previous 10 years." Again, no such list accompanied the defendant's expert disclosures.

Lastly, the expert disclosure rule requires the witness to "approve and sign the disclosure, unless the defendant states in the disclosure why [he] could not obtain the witness's signature through reasonable efforts; or has previously provided" a signed report that contains all the

opinions of the witness, including the bases and reasons for the opinions required by law. Fed. R. Crim. P. 16(b)((1)(C)(v). Neither Mr. Green nor Mr. Castron signed the "expert" disclosure provided by the defense.

Under Fed. R. Crim. P. 16(d)((2)(C), the court may "prohibit he party from introducing the undisclosed evidence" if the defendant fails to comply with Rule 16. *United States v. Hardy*, 586 F.3d 1040, 1044 (6th Cir. 2009). The Sixth Circuit in *U.S. v. Hamilton*, stated that "[w]hen Sixth Amendment rights are implicated in a criminal trial, the district court's decision to exclude the evidence and impose the harshest sanction for violation of Rule 16(b) is appropriate only if these rights are outweighed by countervailing public interests." *United States v. Hamilton*, 128 F.3d 996, 1003 (6th Cir. 1997). The *Hamilton* Court, however, also stated that "[a]lthough the right of a defendant to present exculpatory evidence is fundamental, it is not absolute." *Id*. at 1000 (citing *Taylor v. Illinois*, 484 U.S. 400, 410, (1988)).

Exclusion of the proposed expert testimony in White's case is appropriate because White has known for years that he needed an expert in this case and has previously used a forensic reviewer with access to the forensic files in this case yet still failed to provide a legally sufficient expert notice. White moved to continue the trial several times, over the government's objection, and the current trial date was chosen based on White's request to push the trial date out further than originally recommended by the government. The expert disclosure deadline did not sneak up on unprepared counsel. There is no good reason for the untimely and incomplete disclosure. The integrity of the adversary process and the interest in the fair and efficient administration of justice weigh heavily against White's right to present "exculpatory" evidence. See *Id*. at 1000-1001 (although the right of a defendant to present exculpatory evidence is fundamental, it is not absolute, and the court should weigh a defendant's Compulsory Process Clause rights against countervailing

public interests). Because the integrity of the adversary process and public interest in the fair and efficient administration of justice weighs heavily in favor of exclusion of the evidence, the United States respectfully requests exclusion of White's proposed expert witnesses Mr. Green nor Mr. Castron.

As to Brad Hutchison, Special Agent, Department of Homeland Security, the defendant has stated that he may call Special Agent Hutchison as an expert witness in his case-in-chief. As this appears to be a point of decision for the defense, no formal steps have been followed at this time to subpoena Special Agent Hutchinson or comply with the *Touhy* regulations that apply to subpoenas received in federal criminal cases. At this time, the government must object to such testimony and will, if the defense decides to seek Special Agent Hutchinson's testimony, address the matter under appropriate procedures.

                        Respectfully submitted,

                        MICHAEL A. BENNETT
                        United States Attorney

                        s/ *A. Spencer McKiness*
                        A. Spencer McKiness
                        Stephanie M. Zimdahl
                        Assistant U.S. Attorneys
                        717 West Broadway
                        Louisville, Kentucky 40202
                        PH: (502) 582-6006
                        FAX: (502) 582-5067
                        Email: spencer.mckiness@usdoj.gov

5

CERTIFICATE OF SERVICE

      I hereby certify that on June 3, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

                                            s/ *A. Spencer McKiness*
                                            A. Spencer McKiness
                                            Assistant U.S. Attorney