UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.                                                                        CRIMINAL NO. 3:21-CR-155-DJH

JOSHUA WHITE                                                                     DEFENDANT

REPLY IN SUPPORT OF THE UNITED STATES'
MOTION TO SEAL DEFENSE MOTIONS AND EXHIBITS
TO COMPLY WITH PROTECTIVE ORDER
*Electronically Filed*

The United States of America moved this Court (DN 187) for an Order sealing White's motion to suppress "Fruit of the Poisonous Tree" (DN 178) and the first attached exhibit (DN 178-1) to comply with paragraph 5 of this Court's Protective Order (DN 56). That order states that "Any discovery material, or *information contained therein*, that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court."   (DN 56, at para. 5).

White responded with a 9-page response and 53 pages of exhibits arguing an issue not raised in the government's one-page motion to seal – that the government did not produce requested evidence and should be compelled to do so.  Nothing in those 62 combined pages contradicts the government's position that the documents to be sealed contain information derived from the discovery in this case, which reveal sensitive information about the operation (the FLA, the websites, investigative

techniques, etc.). All the information from DN 178 and 178-1 is information derived from the discovery in this case whether or not the exhibits themselves were provided in discovery. Furthermore, White's response to the motion to seal and his supporting exhibits also contain information that should be sealed pursuant to the amended protective order.[1]

### A. The Protective Order applies to White's motion and attached exhibit.

Although White's response offers very little argument on whether the subject filings should be sealed, he does disagree with the government's position that the exhibits are subject to the protective order. The protective order applies to discovery material and "information contained" in that material. (DN 56). The government sought the protective order to, among other things, protect the identity of the FLA, which voluntarily provided information to the government with the understanding that it would be treated sensitively, and which may be unwilling to provide such information in the future if it is not treated in that manner. The defendant is only aware of the identity of the FLA through discovery provided pursuant to the protective order, and that information therefore falls under the scope of that order.

The fact that the defendant was able to find an assortment of allegedly relevant documents through various means and after scouring the internet for information is not a reason to disregard the protective order. Indeed, the defendant's opinion of the

---

1 After the government filed its motion to seal (DN 187), White filed a Reply to Response to Motion to Suppress Fruit and Exhibits (DN 204 and exhibits) which contained similar information and documents that should also be sealed pursuant to the amended protective order.

significance of these documents hinges on the discovery that he has received in this case. But the fact that some of these documents are public does not mean that the information in them is not sensitive when contextualized through the facts of this case, nor does it mean that the information the defendant has learned through discovery in this case is no longer covered by the protective order. As an analogy, imagine the government disclosed to the defendant the identity of a confidential informant pursuant to the same protective order. Under the defendant's interpretation of the protective order, he would be permitted to search for information about that informant online and then publicly file that information in a manner that reveals the informant's identity and connection to his case. That would violate the terms of the protective order governing the parties' use of the information contained in discovery, just as the defendant's current filings do here.

**B. The United States has and will continue to fulfill its discovery obligations.**

Most of White's response ignores the government's motion to seal and instead contains numerous overlapping and unfounded inferences and assertions that are difficult to respond to in a single filing. Significantly, however, the government disagrees with White's baseline claim that it has violated its discovery obligations. For example, White asserts that the prosecution team improperly withheld what he describes as a sealed exhibit attached to the government's reply brief in a case in a different district, the District of Massachusetts. (*See* DN 199 at p. 3 (citing *U.S. v. Kiezjo*, DN-193-2, 4:20-cr-40036 (D. Mass.)). It is not clear how

White came into possession of a sealed exhibit from another case, but undersigned counsel was unable to access this document through CM/ECF and unaware of its existence until White's filing.

A review of the relevant filings in the District of Massachusetts case indicates that this sealed exhibit was a translation of a foreign-language online posting filed as an exhibit by the defendant in the Massachusetts case, which the AUSA prepared to correct a mistranslation in the defendant's translation of the exhibit. The AUSA in that case also described the document as an "unattributed statement located by the defendant," and undersigned counsel similarly cannot determine who prepared or verified the information in this document. In any event, it appears based on the link in White's response brief here that this underlying document has been publicly available online since 2021, although the link in the response brief is inaccessible to counsel for the government. (DN 199 at p. 2 n.2). In short, this Court should reject White's assertion that the government has any discovery obligation to produce a sealed exhibit consisting of translations of unattributed statements apparently made by foreign government officials not involved with this case and filed by a criminal defendant in another case in another district, particularly when those unattributed statements appear to be accessible online.

**C. The United States was not involved in a joint venture with an FLA.**

The government also disagrees with White's assertion that it was engaged in a joint venture with an unspecified number of foreign governments to identify his IP

address. The defendant's claim is based on his own online "independent research," (*see* DN 199 at p. 4), but none of the documents he located suggests—let alone states— that the United States "substantially participated in" or directed the FLA's identification of his IP address, which is required for this Court to find a joint venture that warrants extending Fourth-Amendment scrutiny to the FLA's actions. *See United States v. Pierson*, 73 F.4th 582, 589 (8th Cir. 2023) (finding no joint venture where U.S. law enforcement helped Mexican law enforcement locate and identify defendant, solicited a search of defendant's home, and requested his return to the U.S.); *see also United States v. Vatani*, 2007 WL 789038, at *7 (E.D. Mi. March 14, 2007) (discussing what amounts to "substantial" involvement for purposes of a joint venture).

At most, these documents describe routine information sharing among international law enforcement agencies, all of which were at some point investigating a global, online criminal enterprise in the form of a *different* website than the one the defendant here accessed that was also dedicated to sexually abusing children. At a minimum, and as best the government can tell, none of these documents describes or even mentions the process by which the FLA identified his IP address as accessing this *different* website in 2019. And general references to "collaboration" and "technical assistance" in these other older investigations, particularly in the context of the non-legal documents or non-law-enforcement-investigative reports that defendant appears to have found online, cannot substitute for actual evidence of

5

substantial participation in the investigation that yielded the defendant's IP address in this case.

And even assuming *without evidence* that a joint venture existed between the United States and the FLA that identified his IP address such that this Court should apply Fourth-Amendment scrutiny to that identification, the FLA did not disclose to the United States how it identified his IP address. It simply advised that it did so without searching a computer in the United States, which the defendant acknowledges is a possibility. (DN 199 at p. 3 n.4). As noted in the search-warrant affidavit, the FLA provided similar tips about IP addresses on the dark web in the past that helped the government identify child-sex offenders in the United States, just as it did here. The government was therefore entitled to rely in good faith on this assertion from the FLA that it identified an IP address that was used to access child sexual abuse material on the dark web in compliance with its laws and without searching a computer in the United States, and the defendant has uncovered nothing to suggest otherwise. *See United States v. Ferguson*, 508 F. Supp. 2d 1, 6 (D.D.C. 2007) ("The good faith exception to the exclusionary rule applies if United States law enforcement agents have a reasonable belief that the foreign nation's laws were complied with.")

### D. The cases cited by White to support his joint venture argument all found no joint venture existed between the U.S. and a FLA.

Finally, while White acknowledges that he obtained some of the documents he has submitted in this case from other defense filings in other cases around the

6

country, he fails to note that he also cribbed from these filings his arguments regarding a supposed joint venture. He likewise fails to note that these arguments have been uniformly rejected by the courts that have considered them. *See United States v. John Stuart*, Decision & Order, ECF No. 124, 1:21-cr-00007 (W.D.N.Y. Feb. 22, 2024) (denying motion to suppress and motion to compel based on defense theory that the United States was engaged in a joint venture that resulted in "the FLA's acquisition of his IP address"); *United States v. Kiejzo*, 4:20-cr-40036, 2023 WL 2601577, at *7-9 (D. Mass. March 21, 2023) (considering the same documents and concluding that "[w]hat defendant has discovered is not a joint venture, but an investigation conducted by the notifying FLA"); *United States v. Bateman*, Order, ECF No. 130, 1:20-cr-10012 (D. Mass. Nov. 16, 2022) (rejecting defense's joint-venture theory based on document tying HSI to a 2016 investigation). White's attempts to muddy the waters here should be similarly rejected. The United States did not participate in the process by which the FLA identified his IP address—which is the only information relevant to this case based on its inclusion in the search-warrant affidavit—and the FLA did not disclose to the United States how it did so.

Put simply, despite years of "independent research" and apparent consultation with defense teams around the country, the defendant has not provided any evidence beyond his own unsupported inferences that the United States participated in or directed the FLA's identification of his IP address, or that this identification shocks the judicial conscience. Accordingly, this Court should likewise reject the

7

defendant's recycled arguments. The United States reiterates its requests that the Court enter an order sealing the motion (DN 178) and the first attached exhibit (DN 178-1), and now further requests that White's response to the motion to seal (DN 199 and his supporting exhibits (DN 199-1 to 199-7) be sealed for the same reasons.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

s/ *A. Spencer McKiness*
A. Spencer McKiness
Stephanie Zimdahl
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
PH: (502)582-5911
FAX: (502)582-5067
Email: spencer.mckiness@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

s/ *A. Spencer McKiness*
A. Spencer McKiness
Assistant United States Attorney