UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Plaintiff, |
| v. | Criminal Action No. 3:21-cr-155-DJH |
| JOSHUA WHITE, | Defendant. |

\* \* \* \* \*

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant Joshua White's motion for reconsideration of the Court's prior Order denying his motion to compel. (Docket No. 169; *see* D.N. 153)  White argues that the Court's denial "was based on demonstrably inaccurate facts" and "requests any hearing necessary to correct the record." (D.N. 169, PageID.710, 713)  The government opposes White's motion for reconsideration. (D.N. 180)  For the reasons set forth below, the Court will deny White's motion.

### I.

This case arose from a tip that a foreign law enforcement agency (FLA) provided to the FBI. (*See* D.N. 23-1, PageID.89)  In that tip, the FLA reported that an IP address located in the United States had "access[ed]" an online channel for users to "share and distribute child pornography." (*Id.*, PageID.84, 89)  The FBI identified White as the account holder of the IP address. (*Id.*, PageID.93)  Subsequently, the FBI executed a warrant to search White's residence (D.N. 35, PageID.152–53), and White was later charged with possession of child pornography and accessing with intent to view child pornography. (D.N. 1)  The accessing charge was ultimately dismissed upon the government's motion. (D.N. 69)

1

White filed a motion to compel the production of material "relative to the truthfulness, veracity, and substance of the 'tip' FLA provided to the Government in this matter." (D.N. 146, PageID.543) In response, the government argued that it had already provided all responsive evidence and that the information White sought was irrelevant to the remaining charge. (D.N. 148) The Court denied White's motion because the government has no duty to turn over or to obtain evidence that it does not possess, *see United States v. Warren*, 782 F. App'x 466, 471 (6th Cir. 2019), and White had provided no basis to conclude that the government's assurances were false. (D.N. 153)

White now moves for reconsideration of the Court's denial of his motion to compel. (D.N. 169) According to White, "the Government mistakenly asserted that 'it has already provided all responsive evidence in its possession,'" and the "Court relied upon that mistaken assertion as the basis of its ruling." (*Id.*, PageID.711 (quoting D.N. 153, PageID.153)) White asserts that he "has conducted independent research, revealing relevant discovery that is known to be possessed by the Government, that was not provided in response to Defendant's requests." (*Id.*) In support, White offers a list of "examples of the discovery the defendant knows the Government possesses but has not provided." (*Id.*) Much of the list concerns the FLA tip that led to the initiation of this case, but White also seeks images and videos taken when federal agents executed a search of his residence. (*See id.*) Regarding the FLA tip, White contends that "the Government has a duty to use the [Mutual Legal Assistance Treaty] procedures to request and provide relevant information pertaining to this investigation." (*Id.*, PageID.713) White "also respectfully requests any hearing necessary to correct the record." (*Id.*)

In response, the government contends that White's motion "relies on items not requested in his motion to compel discovery." (D.N. 180, PageID.821) The government further argues that

2

"none of the items noted in White's motion to reconsider are related to his motion to compel or the prosecution of his possession of child pornography charge except [for] the request for search warrant pictures and videos taken during the search of his home."[1]  (*Id.*, PageID.822)  Lastly, the government maintains that "the information contained in the FLA tip was provided to White's attorneys in an HSI report on August 17, 2020, and again on January 10, 2024." (*Id.*)  In reply, however, White insists that the government has not turned over all responsive evidence and further, that "the Government is intentionally avoiding its duty to obtain material discovery that it has access to, and could freely acquire, from its FLA partners in the operation in which the US Government was directly involved."  (D.N. 193, PageID.895)  White also maintains that "[a]ll requested documents are relative to both charges in the indictment."  (*Id.*)

## II.

"The Federal Rules of Criminal Procedure do not explicitly authorize motions for reconsideration, but the Supreme Court has held that defendants may file them in criminal cases." *United States v. Jackson*, No. 1:16-CR-20347, 2023 WL 36067, at *1 (E.D. Mich. Jan. 4, 2023) (citing *United States v. Ibarra*, 502 U.S. 1, 6–7 (1991) (per curiam); *United States v. Mack*, 831 F. App'x 787, 787 (6th Cir. 2020)).  Courts typically evaluate motions to reconsider in criminal cases "under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)."  *United States v. Jarnigan*, No. 3:08-CR-7, 2008 WL 5248172, at *2 (E.D. Tenn. Dec. 17, 2008).  "Motions for reconsideration 'are generally only warranted where there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'"  *United States v. Lewis*, No. 2:20-CR-0003(2), 2020 WL

---

[1] According to the United States, "White never requested search photographs or videos in his motion to compel, likely because the government produced 144 images and 2 videos taken during the search of his residence."  (D.N. 180, PageID.822)

3

2557196, at *1 (S.D. Ohio May 20, 2020) (quoting *Pegg v. Davis*, No. 2:09-CV-908, 2009 WL 5194436, at *1 (S.D. Ohio Dec. 22, 2009)).  In other words, such motions "are not intended to relitigate issues previously considered or give a party a second bite at the apple." *United States v. Pippins*, No. 2:21-CR-66, 2023 WL 1991147, at *1 (S.D. Ohio Feb. 6, 2023), *appeal dismissed*, No. 23-3128, 2023 WL 3441034 (6th Cir. Feb. 27, 2023) (citing *Pegg*, 2009 WL 5194436, at *1). "Moreover, 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.'" *United States v. Guzman*, No. 5:16-CR-41-JMH-EBA, 2019 WL 4418015, at *2 (E.D. Ky. Sept. 16, 2019) (quoting *United States v. Smith*, No. 3:08-CR-31-JMH, 2012 WL 1802554, at *1 (E.D. Ky. May 16, 2012)).

Here, White contends that reconsideration is necessary to correct a clear error of law or prevent manifest injustice.  (*See* D.N. 169, PageID.713 (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)))  White's argument is without merit, however.  White still has proffered no evidence that the government has, or could obtain, the information he is seeking.  Instead, he merely claims that "he has conducted independent research, revealing relevant discovery that is known to be possessed by the Government." (*Id.*, PageID.711)  Thus, the Court's prior determination remains true: "White offers no basis to conclude that" the government's assurances are "inaccurate or disingenuous."  (D.N. 153, PageID.577 (internal quotation marks omitted) (quoting *United States v. Kollman*, No. 1:10-CR-44-R, 2011 U.S. Dist. LEXIS 138724, at *6 (W.D. Ky. Dec. 1, 2011)))

Additionally, White argues that the "Government should be ordered to acquire" the "exculpatory evidence" he seeks "from its partner FLAs, either by asking the FLAs to voluntarily turn it over, just as they did with the inculpatory evidence, or by using the MLAT procedure." (D.N. 193, PageID.899)  White asserts that that "[i]n this case, it is known that the Government

was collaborating with at least two Foreign Law Enforcement Agencies." (D.N. 169, PageID.712) Citing *United States v. Mitrovich*, 458 F. Supp. 3d 961 (N.D. Ill. 2020), White contends that he has made a prima facie showing that the United States was involved in a joint venture with FLAs and that he is therefore entitled to discovery regarding the FLAs' investigation. (D.N. 193, PageID.902) White's joint-venture theory, however, is based on his own speculation. The warrant affidavit for the search executed in this case only references one FLA, and the affiant averred that United States law enforcement did not participate in the FLA's investigation that led to the tip. (D.N. 23-1, PageID.90–91)

Moreover, in *Mitrovich*, the Seventh Circuit held that Federal Rule of Criminal Procedure 16 "does not impose an obligation to produce documents held exclusively by foreign authorities," including "foreign members of a joint investigation." *United States v. Mitrovich*, 95 F.4th 1064, 1067, 1073 (7th Cir. 2024). The Seventh Circuit explained that "[r]equiring U.S. prosecutors to produce all material and responsive documents held by foreign partners would expand their duty to produce beyond their capacity to obtain." *Id.* at 1070. Here, the United States has already explained that it "does not have the ability to compel the FLA's investigative records." (D.N. 148, PageID.549) Thus, even if the government's purported "partner FLAs" have the information White seeks, the government has no duty to produce it. *See Mitrovich*, 95 F.4th at 1067, 1073; *see also United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007) ("*Brady* clearly does not impose an affirmative duty upon the government to take action to discover information which it does not possess." (internal quotation marks omitted) (quoting *United States v. Beaver*, 524 F.2d 963, 966 (5th Cir. 1975))); *Warren*, 782 F. App'x at 471 ("[N]either Rule 16 nor *Brady* requires the government to turn over information that it does not possess, have custody of, or control.").

5

In sum, White has not shown that the Court's denial of his motion to compel was clearly erroneous or constitutes a manifest injustice, as required for a motion for reconsideration. *Lewis*, 2020 WL 2557196, at *1. Nor has he demonstrated the need for an evidentiary hearing "to correct the record." (D.N. 169, PageID.713) His motion for reconsideration will therefore be denied.

### III.

For the reasons explained above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Defendant Joshua White's motion for reconsideration (D.N. 169) is **DENIED**.

June 18, 2024

David J. Hale, Judge
United States District Court