UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA,

        Plaintiff,                    CR. NO. 3:21-cr-00155

v.                                          Hon. David J. Hale

JOSHUA WHITE,

        Defendant.

## DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION TO PRECLUDE STATEMENTS OR QUESTIONS REGARDING FLA TIP

### I. INTRODUCTION

The Government has moved to preclude statements or questions regarding the FLA tip that led to the search warrant at the White family home. In doing so, they state that "[a]ll the jury needs to know is that HSI was searching White's residence for evidence of child pornography." Gov't Motion to Exclude, DN-211. This is precisely the problem. The jury will know that, for some reason that they have not been told, the federal government believed that someone in the White home was involved with child pornography. The Government will then present evidence that the Toshiba laptop, the only device at issue still in use at the time of the search, had no child pornography but had evidence of anonymizing software and software that could erase images from the hard drive.

Confronted with the items found on the laptop, the jury will likely speculate that there is additional evidence of Mr. White's involvement in child pornography found in the warrant. As the Government admits, "that information [the fact a warrant was issued to search for evidence of child pornography] is not relevant to White's guilt or innocence but serves the purpose of explaining why HSI searched his house." Id. The problem is in "explaining why HSI searched the house" the Government prejudices Mr. White by raising the specter of unseen evidence of his guilt. Mr. White should be able to rebut that evidence.

## II.     FACTS

Mr. White is charged with one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The Indictment alleges the possession occurred on or about February 17, 2021. The Government alleges that Mr. White possessed child pornography on a few hard drives out of the 29 devices found in the home he shares with his wife. Specifically, the Government has identified four devices they believe are relevant to the charges:

1. A Hitachi hard drive that the Government alleges contains website links and searches for child pornography. The Government claims it was able to use forensic software to recover a couple of images of alleged child pornography from unallocated space on the hard drive. Items in unallocated space are inaccessible without forensic software, which was not on any of the computers recovered during the search.

2. A Western Digital hard drive with 23 images the Government believes constitute child pornography, 10 in the recycling bin, 3 thumb images, 5 in unallocated space, and 5 in images of webpages found in unallocated space.

3. A Maxtor hard drive that appears to be a backup drive. The Government alleges that it contains disk erasure software, url links to suspected child pornography, and

      approximately 28 images alleged to be child pornography, some of which may be duplicates.

4. A Toshiba laptop that is alleged to have one search for child erotica related material, anonymizing programs, and a disk erasure program.

The hard drives in evidence in this case were seized during the February 17, 2021, execution of a search warrant at the White family home. The search warrant was based on a tip from a foreign law enforcement agency (FLA). According to that tip, there was information that someone using an IP address that resolved to the White family home accessed a TOR website containing child pornography on April 11, 2019.

Defendant White has filed a series of motions challenging both the constitutionality of the FLA tip and its accuracy and reliability. He has sought additional discovery to explore the reliability and accuracy of the tip.

## II.   ARGUMENT

There may be no other crime that evokes a more visceral reaction from jurors than cases involving child pornography. *United States v. Stout*, 509 F.3d 796 (6th Cir. 2007). In this case, the defendant must overcome that reaction and convince the jury to look only at the evidence against him and focus on the charged conduct, possession of child pornography. The Government's motion to preclude statements and testimony regarding the FLA tip seeks to limit the jury's knowledge of that tip. The Government would only tell the jury that HSI had a warrant to search for child pornography.

However, the Government has also stated that it will present evidence on the Toshiba laptop that Mr. White was currently using the TOR browser and disk erasure software, the clear

implication of this evidence, combined with the fact that a search warrant for child pornography evidence was executed in 2021, is that the Government believes that Mr. White was looking at child pornography on the internet at that time, despite the age of the images on the hard drives which had not been accessed in years. This inference clearly has the effect of prejudicing the jury and amounts to an unspoken public duty argument, inviting the jury to convict Mr. White not for his alleged possession, but to stop him from browsing for child pornography. To the extent that Mr. White can counter this inference with evidence that the FLA tip was wrong, he should be allowed to do so.

Jurors will immediately question why HSI had that warrant. They may not ask it out loud, but it will be in their mind. They will suspect that there is information in the possession of the Government that, as of 2021, Mr. White was actively involved with child pornography. The recency and mystery of those suspicions will be almost impossible to overcome without some discussion of the FLA tip, its timing, and its reliability.

The Government argues that under FRE 401 and 403, the evidence is irrelevant to Mr. White's guilt or innocence and may unnecessarily confuse the jury. But for the prejudicial inferences that will be drawn from the existence of a warrant for child pornography, the evidence may not be relevant. However, that inference must be countered, and the evidence is relevant. Contrary to the Government's assertion that "[t]he FLA investigation is . . . irrelevant to telling the story of why HSI was searching White's residence," the FLA investigation is a necessary part of that story. It is required to counter the unspoken story the Government seeks to imply by only telling the jury that a valid warrant existed to search the White family home for child pornography.

The Government is concerned that information regarding the FLA will confuse the jury. Still, it has no concerns about the prejudicial nature of the inference they will draw from the warrant's existence. This is Mr. White's concern and the primary reason he fears he will not get a fair trial. The

cases cited by the Government *United States v. Ekiyor*, 89 F. Supp. 3d 928, (E.D. Mich. 2015) and *United States v. Patrick,* 248 F.3d 11, 22-23 (1st Cir. 2001) both involve complex facts to support affirmative counterarguments to guilt put forth by the defendants. Here, Mr. White seeks to counter an inference of guilt that he fears the jury will impermissibly draw from the warrant's existence.

Mr. White seeks to be allowed to question witnesses about the timing of the information found in the tip and how it relates to the computer forensic evidence of his computer use to counter the accuracy of the tip. He wants to be able to question witnesses about known information regarding what was found in other searches that were based on FLA tips to counter its reliability by attacking its accuracy rate. This is relevant to counter the inherent prejudice that attaches from the jurors' knowledge that a warrant issued for child pornography. This limited questioning will neither take long nor be overly confusing.

### III.    CONCLUSION

This Court should deny the Government's motion and allow questioning and statements regarding the FLA tip.

Respectfully submitted,
*/s/ Wanda McClure Dry*
P.O. Box 2122
Danville, Kentucky 40423
*Co-counsel for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on June 24th, 2024, the foregoing response was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

*/s/ Wanda McClure Dry*
*Co-counsel for Defendant*