UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,     Plaintiff,

v.     Criminal Action No. 3:21-cr-155-DJH

JOSHUA WHITE,     Defendant.

\* \* \* \* \*

**<u>MEMORANDUM AND ORDER</u>**

The United States moves to exclude from trial the proposed testimony of defense experts William Jacob Green, Luis Castrillon, and Brad Hutchinson, arguing that the defense's expert disclosures do not comply with Rule 16 of the Federal Rules of Criminal Procedure. (Docket No. 203) For the reasons explained below, the Court will grant the government's motion.

**I.**

On May 13, 2024, Defendant Joshua White noticed Green, Castrillon, and Hutchinson as expert witnesses. (D.N. 203-2) The expert disclosure of Green is as follows:

> William Jacob Green, of Envista Forensics, has many years of law enforcement investigative experience and over ten years of forensic investigation experience. Beginning in approximately 2011, he began digital forensics investigations. During his law enforcement career in digital forensics, he assisted over twenty law enforcement agencies with over 1,300 examinations. As Technical Lead with Envista, he conducts computer and cell phone forensic examinations, provides courtroom testimony, and conducts evaluations of network intrusions/breaches, database threats, malware analysis, GPS forensics, equipment reviews, and cost analysis. Throughout his career, he has accumulated over 900 hours of training in digital forensics.
>
> In this case, Mr. Green has reviewed the discovery, particularly the 28 ROIs that have been provided to Counsel[,] and has conferenced with Counsel regarding the matter. He or his associate, Mr. Castrillon, plan to do a full review at [Homeland Security Investigations (HSI)], Raleigh, NC, once those arrangements are finalized. He also plans to review all trial exhibits. Mr. Green will testify

1

regarding the forensic evidence found in his review, and as identified in the ROIs, as it pertains to the Government's expected expert testimony from Stephen Stuart.

Mr. Green may also testify about trial exhibits produced by the Government. He may further assist in producing trial exhibits for the Defense and will testify as to what they represent. Finally, he is expected to testify, in general, to assist the jury and the Court's understanding of how computers work, how the internet and TOR works, and how other relevant hardware and software operates.

(*Id.*, PageID.1041–42)

White's disclosure of Castrillon is very similar, and in some parts identical, to the Green disclosure:

Mr. Luis Castrillon, Digital Forensic Analyst with Envista, has over 20 years of federal law enforcement experience. In 2018, he was accepted in the Homeland Security Investigations (HSI) Forensics Computer Program and spent his last 5 years in service as a Computer Forensics Agent. In this capacity, he supported HSI in all programmatic areas and federal, state and local partners in the examination of digital media involving Child Sexual Abuse Material, Narcotics and Financial Fraud Investigations. Prior to his government service, he obtained a Master of Science, Forensic Science degree and a Professional Certificate in Forensic Computer Investigation from the University of New Haven.

Mr. Castrillon is expected to review the 28 ROIs that have been provided Counsel and plans to do a full forensic review at HSI in Raleigh, NC once those arrangements are finalized. He also plans to review all trial exhibits. Mr. Castrillon is expected to testify about the evidence found in his review, and identified in the ROIs, as it pertains to the Government's expected expert testimony from Stephen Stuart.

Mr. Castrillon also may testify about trial exhibits produced by the Government and will assist in producing trial exhibits for the Defense, if necessary. He will testify as to what the exhibits represent. Finally, he is expected to testify, in general, to assist the jury and the Court's understanding of how computers work, how the internet and TOR works, and how other relevant hardware and software operates.

(*Id.*, PageID.1042–43)   Lastly, White's disclosure of Hutchinson states, in sum, that the "[d]efense may call (undetermined) Special Agent Brad Hutchinson of HSI, who was in the Department of Homeland Security, at the time of the events at issue" and that "Agent Hutchinson,

2

if called, is expected to provide expert testimony consistent with his report (ROI 7) in this case." (*Id.*, PageID.1043–44)

The government moves to exclude the proposed testimony of all three experts. (D.N. 203) As to Green and Castrillon, the government argues that White's disclosures are untimely because "the defense has produced no expert reports or written summaries of such reports" and that "timely disclosure [cannot] be made in advance of trial," which is set for July 29, 2024. (*Id.*, PageID.1035) The United States also argues that White's disclosures are missing several items required by Federal Rule of Criminal Procedure 16(b)(1)(C)(iii) and are therefore incomplete. (D.N. 203, PageID.1035–37) In response, White argues that "[t]he government has declined to facilitate the experts' review of the [evidence]" and that "the [g]overnment's expert disclosure is vague." (D.N. 212, PageID.1294–95) The United States disputes both of White's assertions. (D.N. 218)

The United States seeks to exclude Hutchinson's proposed testimony on the grounds that "no formal steps have been followed at this time to subpoena Special Agent Hutchinson or comply with the *Touhy* regulations that apply to subpoenas received in federal criminal cases." (D.N. 203, PageID.1038) White's response to the government's motion makes no argument as to Hutchinson, and in fact, does not mention Hutchinson at all (*see* D.N. 212), which suggests either that White has decided not to call Hutchinson or concedes the government's arguments. Regardless, in light of White's nonresponse, the Court will grant the government's motion as to Hutchinson. *See Jones v. Louisville/Jefferson Cnty. Metro Gov't*, No. 3:18-CV-265-RGJ, 2023 U.S. Dist. LEXIS 197786, at *23 (W.D. Ky. Nov. 3, 2023) (granting motion to exclude expert testimony because nonmoving party did not respond); *see also* LCrR 47.1(d) ("Failure to timely

3

respond to a motion may be grounds for granting the motion."). The Court will now consider whether to grant the United States' motion as to Green and Castrillon.

## II.

Under Federal Rule of Criminal Procedure 16(b)(1)(C)(iii), "[a]n expert disclosure must include 'a complete statement of all opinions' of the witness, the bases and reasons for those opinions, the 'witness's qualifications,' and a list of cases in which, during the previous four years, the witness has provided expert testimony." *United States v. Bauer*, 82 F.4th 522, 535 (6th Cir. 2023) (quoting Fed. R. Crim. P. 16(b)(1)(C)(iii)). "District courts have discretion to craft a remedy if a defendant fails to comply with Rule 16, including forcing the defendant to make further disclosures, granting a continuance, excluding evidence, or entering any other order that is just under the circumstances." *United States v. Shaver*, No. 6:18-CR-00033-GFVT-HAI-1, 2023 U.S. Dist. LEXIS 61589, at *12 (E.D. Ky. Apr. 7, 2023) (citing Fed. R. Crim. P. 16(d)(2)(D)). As explained below, White's expert disclosures do not comply with Rule 16 in several ways.

White concedes that the Green and Castrillon disclosures are missing "a list of publications and previous testimony with the experts' CVs." (D.N. 212, PageID.1293) But White asserts that he has "cured" these deficiencies by sending the information to the government. (*Id.*) The government, however, asserts that it never received the information. (D.N. 218, PageID.1317) A review of the record reveals no evidence substantiating White's claim that he has "cured" the defect in his expert disclosures. And the Court accepts the United States' representations given the absence of evidence that the government is misleading the Court. *See United States v. Kollman*, No. 1:10-CR-00044-R, 2011 U.S. Dist. LEXIS 138724, at *6 (W.D. Ky. Dec. 1, 2011) (accepting government's representations where the defendant "offer[ed] no

4

basis to conclude" that the government's "assurances [we]re inaccurate or disingenuous"). Thus, White's expert disclosures are deficient under Rule 16 because they do not detail the witnesses' qualifications or contain "a list of all other cases in which, during the previous 4 years, the witness[es] ha[ve] testified as an expert." Fed. R. Crim. P. 16(b)(1)(C)(iii); *see also United States v. White*, 492 F.3d 380, 406 (6th Cir. 2007) (finding that disclosure did not comply with Rule 16 because it "made no attempt to quantify the witnesses' experience, nor to attach so much as a resume").

White's disclosures are also inadequate under Rule 16 because they do not provide a statement of the witnesses' opinions. *See* Fed. R. Crim. P. 16(b)(1)(C)(iii). The disclosures merely list what topics Green and Castrillon "may" testify about. (*See* D.N. 203-2) And White's descriptions of the topics that Green and Castrillon may cover are virtually identical. (*See id.*)

"The Sixth Circuit has held that, to satisfy [Rule 16], it is not sufficient for an expert summary to simply list general subject matters about which the expert intends to testify[] but fail to 'identify what opinion the expert would offer on those subjects.'" *United States v. Rakhit*, No. 1:18cr33, 2020 U.S. Dist. LEXIS 168666, at *22 (N.D. Ohio Sep. 15, 2020) (quoting *White*, 492 F.3d at 407) (collecting cases); *see also United States v. Williams*, 900 F.3d 486, 489 (7th Cir. 2018) (finding expert disclosure "plainly inadequate . . . because it did no more than list a series of topics that [the expert] planned to cover"). The purpose of Rule 16 "is to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16 advisory committee's note to 1993 amendment. Because White's disclosures provide no opinions at all (*see* D.N. 203-2), the government has no way to prepare a response to the testimony. In short, White's expert disclosures are inadequate

5

under Rule 16(b)(1)(C)(iii) because they fail to offer a statement of the experts' opinions.[1] *See Rakhit*, 2020 U.S. Dist. LEXIS 168666, at *22.

White's expert disclosures are deficient under subsection (b)(1)(C)(v) of Rule 16 as well. Rule 16(b)(1)(C)(v) provides that "the expert witness must approve and sign the disclosure, unless the defendant: states in the disclosure why the defendant could not obtain the witness's signature through reasonable efforts; or has previously provided under (B) a report, signed by the witness, that contains all the opinions and the bases and reasons for them required by (iii)." White has not provided the government signed reports from Green and Castrillon (*see* D.N. 203), so in order to comply with Rule 16, White's expert disclosures must contain the witnesses' signatures or an explanation of the signatures' absence. *See id.* But White's disclosures are not signed by the witnesses, and White does not explain why (*see* D.N. 203-2), in violation of Rule 16(b)(1)(C)(v).

In sum, White's expert disclosures for Green and Castrillon are "plainly inadequate" under Rule 16. *Williams*, 900 F.3d at 489. The government argues that exclusion of the proposed testimony is the proper remedy for White's noncompliance with Rule 16. (D.N. 203, PageID.1037) The Sixth Circuit instructs district courts to "impose the least severe sanction necessary to serve remedial objectives." *United States v. Carter*, No. 23-3249, 2024 U.S. App. LEXIS 10386, at *6 (6th Cir. Apr. 29, 2024) (internal quotation marks omitted) (quoting *United States v. Kechego*, 91 F.4th 845, 854 (6th Cir. 2024), *cert. denied*, No. 23-7313, 2024 WL 2805827 (U.S. June 3, 2024)). "That decision is informed by: (1) the reason for [the violation];

---

[1] White, apparently recognizing that his disclosures are also deficient in this way, argues that the government prevented Green and Castrillon from reviewing the evidence necessary to form their opinions and that the government's own "expert disclosure is vague." (D.N. 212, PageID.1294). White's first argument has no evidentiary support in the record, however, and White offers none. (*See* D.N. 212) And his second argument is irrelevant because the proper vehicle to challenge the government's expert disclosure is a motion to exclude, which White did not file.

(2) the degree of prejudice [to the opposing party]; and (3) whether the prejudice can be cured with a less severe sanction." *Kechego*, 91 F.4th at 854 (citing *United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995)).

First, White's failure to produce legally sufficient expert disclosures is not justifiable. White was indicted in 2021 (*see* D.N. 1), and the Court continued the trial several times at White's request. (*See* D.N. 27; D.N. 47; D.N. 66; D.N. 90; D.N. 135; D.N. 144)  Thus, White has had two-and-a-half years to prepare for trial and secure his experts.  "The expert disclosure deadline did not sneak up on" White. (D.N. 203, PageID.1037)  White claims that his disclosures are deficient because the United States "declined to facilitate the defense experts' review of the [evidence]" (D.N. 212, PageID.1294), but even if this unsupported assertion were true, it still does not explain why White's expert disclosures are missing the witnesses' qualifications and publication history, a list of cases in which the witnesses previously testified, and the witnesses' signatures or an explanation of the signatures' absence.

Second, the United States is significantly prejudiced by White's deficient disclosures. White's trial is only three weeks away, but the government is unable to prepare a rebuttal to White's experts because White has not shared his experts' opinions.

Third and finally, suppression is the only appropriate sanction.  Allowing White to cure his deficient expert disclosures would require more delay in this case: the Court would have to continue the trial, currently set for July 29, 2024, yet again to give White's experts time to review the evidence and develop their opinions and to give the United States time to prepare a response. And it is not clear how long of a continuance White would need.

In sum, considering the age of this case, the numerous continuances previously granted, White's patently deficient expert disclosures, and the imminent trial, the Court concludes that

exclusion of White's proposed expert testimony "is the least severe sanction necessary to serve remedial objectives." *Carter*, 2024 U.S. App. LEXIS 10386, at *6; *cf. United States v. Pittman*, 816 F.3d 419, 425 (6th Cir. 2016) (affirming exclusion of expert testimony where the "court had already permitted a four-year delay between indictment and trial, granting twelve continuances" and "[r]ecessing the trial to remedy the Rule 16 violation would have led to still more delay"). Accordingly, the Court will grant the government's motion to exclude pursuant to Rule 16(d)(2)(C).

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the United States' motion to exclude the proposed expert testimony of William Jacob Green, Luis Castrillon, and Brad Hutchinson (D.N. 203) is **GRANTED**.

July 9, 2024

David J. Hale, Judge
United States District Court