UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                              Plaintiff,

v.                                                    Criminal Action No. 3:21-cr-155-DJH

JOSHUA WHITE,                                                         Defendant.

\* \* \* \* \*

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on one motion in limine filed by the United States (Docket No. 211) and three motions in limine filed by Defendant Joshua White.  (D.N. 213; D.N. 214: D.N. 215)  For the reasons explained below, the Court will deny each motion.

**I.       BACKGROUND**

On February 8, 2021, Homeland Security Investigations (HSI) Special Agent John C. Koski, Jr. submitted an affidavit in support of a warrant to search White's residence, which a U.S. magistrate judge granted. (D.N. 23-1)  Koski averred that a foreign law enforcement agency (FLA) had notified the Federal Bureau of Investigation (FBI) that an IP address located in the United States "access[ed]" a website for users to "share and distribute child pornography."  (D.N. 23-1, PageID.84, 89)  Koski further averred that the FBI had identified White as the account holder of the IP address.  (*Id.*, PageID.93)

While executing the search warrant, HSI seized several electronic devices from White's residence.  (*See* D.N. 1; D.N. 207, PageID.1246)  According to the United States, HSI found child pornography on some of those devices.  (D.N. 207, PageID.1246)  White was ultimately charged with possession of child pornography and accessing with intent to view child pornography.  (D.N. 1)  The accessing charge was later dismissed upon the government's motion.  (D.N. 69)

1

The United States has filed one motion in limine, seeking to prevent White from discussing the FLA investigation during trial. (D.N. 211)  White has filed three motions in limine. He first asks the Court to exclude duplicate files that HSI recovered from the devices seized from his home.  (D.N. 213)  Second, White moves to exclude images found in the unallocated space on one of the devices.  (D.N. 214)  And third, White moves to preclude the United States from introducing nude images of him that HSI recovered from his laptop.  (D.N. 215)  The Court will consider each motion in turn.

## II.     ANALYSIS

### 1.        Motion in Limine to Preclude Statements or Questions Related to the FLA Investigation

The United States moves "the Court to preclude the defense from making statements or asking questions at trial regarding the [FLA] investigation."  (D.N. 211, PageID.1280)  The government notes that White filed several discovery requests (*see* D.N. 75-1; D.N. 75-2; D.N. 75-3; D.N. 75-4; D.N. 75-5) and motions regarding the FLA investigation.  (*See* D.N. 71; D.N. 146; D.N. 169; D.N. 178)  Based on White's "fixation on the FLA investigation, the United States believes [White] will attempt to focus his defense on the FLA investigation despite that investigation having little to do with the charged count of possession of child pornography." (D.N. 211, PageID.1284)  According to the government, "[t]he FLA and its investigation are irrelevant to the singular count of possession of child pornography and any evidence on that investigation would serve no purpose other than confusing the issues and wasting time." (*Id.*)  In response, White asserts that the information regarding the FLA tip is relevant and admissible to counter "the prejudicial inferences that will be drawn from the existence of a warrant for child pornography."  (D.N. 222, PageID.1335)  White seeks to conduct "limited questioning" of witnesses regarding the FLA tip in order to attack its accuracy.  (*Id.*, PageID.1336)

2

### a.      Rule 401

The Federal Rules of Evidence permit only relevant evidence.  *See* Fed. R. Evid. 402.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be

without the evidence" and "the fact is of consequence in determining the action."  Fed. R. Evid.

401.  "The standard is 'extremely liberal,' as relevant evidence merely needs to 'advance the

ball.'"  *United States v. Perry*, No. 22-2031, 2024 U.S. App. LEXIS 4030, at *11 (6th Cir. Feb.

20, 2024) (quoting *Dortch v. Fowler*, 588 F.3d 396, 400–01 (6th Cir. 2009)).  Relevant evidence

includes background evidence, which is evidence that is "inextricably intertwined with the

charged offense or . . . is necessary to complete the story of the charged offense."  *United States

v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000); *see also United States v. Ledbetter*, 188 F. Supp. 3d

674, 678 (S.D. Ohio 2016), *aff'd,* 929 F.3d 338 (6th Cir. 2019) ("Evidence can be relevant even

if it does not relate to an element of a charged offense or to a fact in dispute, provided the evidence

supplies background information about the defendant or the offenses.").  "Proper background

evidence has a causal, temporal, or spatial connection with the charged offense."  *Hardy*, 228

F.3d at 748.  "Typically, such evidence is a prelude to the charged offense, is directly probative

of the charged offense, arises from the same events as the charged offense, forms an integral part

of a witness's testimony, or completes the story of the charged offense."  *Id.*

The FLA tip here "is necessary to complete the story of the charged offense" because it

explains why HSI searched White's residence in the first place.  Without the tip, the jury is left

to wonder why and how HSI obtained a warrant to search his home for child pornography.

Similarly, the FLA tip is "a prelude to the charged offense" because it spurred the investigation

that led to the charge.  "If there is no tip, there is likely no [HSI] investigation of Defendant."

*United States v. Baker*, No. 1:17-CR-438, 2019 U.S. Dist. LEXIS 32249, at *10 (N.D. Ohio Feb.

28, 2019).  Thus, the FLA tip is admissible as background evidence.  *See id.* (holding that anonymous tip was admissible as background evidence because it "complete[d] the narrative"); *see also United States v. Hobson*, No. 18-20199, 2018 U.S. Dist. LEXIS 117805, at *3 (E.D. Mich. July 16, 2018) (concluding that evidence regarding the "facts and circumstances of the investigation leading up to the search of the [defendant's] residence [wa]s clearly background evidence" because "it explain[ed] to the jury how and why the police came to be in Defendant's residence in the first place").

### b.      Rule 403

Under Rule 403, "court[s] may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  "The test itself is strongly weighted toward admission, but district courts enjoy 'very broad' discretion in making the prejudice and probative value determinations."  *United States v. Smith*, 70 F.4th 348, 352 (6th Cir. 2023) (citing *United States v. Libbey-Tipton*, 948 F.3d 694, 701 (6th Cir. 2020)).

Given the FLA tip's limited probative value, the Court agrees with the United States that extended discussion of the tip and its accuracy may confuse the jury.  The accuracy and reliability of the FLA tip ultimately has no bearing on the alleged child pornography found on the devices sized from White's home.  The Court does not agree that the tip should be excluded entirely, however.  The Court will permit discussion of the FLA tip on direct and cross-examination, but the Court will limit the scope of that discussion to avoid any confusion of the issues.

### 2.      Motion in Limine to Exclude Duplicate Files

White moves "to preclude the government from introducing duplicate files found in the Recycling Bin on two devices." (D.N. 213, PageID.1298)  White concedes that "binding Sixth Circuit precedent holds that not only are these images admissible, but that duplicates are countable for the purposes of sentencing enhancement if there is a conviction in this matter." (*Id.* (citing *United States v. McNerney*, 636 F.3d 772, 780 (6th Cir. 2011))  But White "encourages this Court to reconsider that precedent[] or find our situation distinct." (*Id.*)  As the United States notes, however, White "doesn't even attempt a legal argument on which to reconsider the law or [provide a] factual basis on which to distinguish the facts of this case." (D.N. 217, PageID.1313; *see* D.N. 213)

White's failure to offer any argument in support of his request is fatal to his motion.  "It is not enough for a party to 'mention a possible argument in the most skeletal way' and leave the court to 'put flesh on its bones.'" *Brenay v. Schartow*, 709 F. App'x 331, 336–37 (6th Cir. 2017) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997)).  Litigants must put forth "some effort at developed argumentation," *McPherson*, 125 F.3d at 995 (internal quotation marks omitted) (quoting *Citizens Awareness Network, Inc. v. U.S. Nuclear Regul. Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995)), since "it is not the court's role to scour the record and construct and develop arguments on behalf of the parties." *Townsend v. Foley*, No. 1:21-CV-02264, 2024 WL 2137725, at *11 n.13 (N.D. Ohio Mar. 8, 2024), *report and recommendation adopted,* No. 1:21-CV-2264, 2024 WL 2134338 (N.D. Ohio May 13, 2024) (collecting cases).  Because White's motion is devoid of argument explaining why the Court should "reconsider" binding Sixth Circuit precedent or find this case "distinct" (*see* D.N. 213), his motion in limine to exclude duplicate files will be denied. *See id.*; *see also Jack Sunseri & Consol. Partners, Ltd. v. Proctor*, 461 F.

Supp. 2d 551, 573 (E.D. Mich. 2006) (citing *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005)) ("The Court need not consider arguments raised in a perfunctory manner, unaccompanied by some effort at developed argumentation.").

### 3.      Motion in Limine to Exclude Images Found in Unallocated Space

In his section motion in limine, White explains that during HSI's "forensic search of [his] laptop, the Government located in the unallocated space—cache and deleted trash— approximately 25 images of alleged child pornography."[1]  (D.N. 214, PageID.1300–01)  White moves "to preclude the Government from introducing images recovered from unallocated space." (*Id.*, PageID.1300)  White argues that "[t]here is no evidence Defendant possessed software to recover deleted images." (*Id.*, PageID.1301 (emphasis removed))  He also contends that "[s]ome of the images in unallocated space are much more graphic than other images found," rendering those images more prejudicial than probative.  (*Id.*, PageID.1303 (emphasis removed))

In response, the United States argues that the evidence is admissible because "[t]he images of child pornography located in unallocated space on White's devices coupled with evidence that he searched for terms like 'immature vagina,' 'preteen lesbians,' and 'preteen lolitas' leads to the reasonable inference that he knowingly possessed child pornography." (D.N. 221, PageID.1326) In addition, the United States asserts that "[t]he two sexually graphic images should not be suppressed because they are evidence of an essential element of the United States' case." (*Id.*, PageID.1329)  The Court will address the relevance of the images before considering whether they are more prejudicial than probative.

---

[1] "Unallocated space is space on a hard drive that contains deleted data, usually emptied from the operating system's trash or recycle bin folder, that cannot be seen or accessed by the user without the use of forensic software."  *United States v. Bailey*, 420 F. App'x 559, 560 (6th Cir. 2011) (internal quotation marks omitted) (quoting *United States v. Flyer*, 633 F.3d 911, 918 (9th Cir. 2011)).

### a.     Rule 401

White cites no case law—and the Court is aware of none—stating that images of child pornography found in the unallocated space, cache, or trash, of a defendant's electronic device are inadmissible in a child-pornography case.  In fact, the Sixth Circuit has held that images recovered from a computer system's cache can be "the basis of a conviction" so long as the government offers "sufficient proof of knowledge." *United States v. Johnson*, 775 F. App'x 794, 800 (6th Cir. 2019).  The Sixth Circuit further explained that knowledge can be proven with circumstantial evidence, which includes child-pornography-related search terms. *Id.*  Similarly, the Eighth Circuit has noted that "[t]he presence of child pornography in temporary internet and orphan files on a computer's hard drive is *evidence* of prior possession of that pornography, though of course it is not conclusive evidence of knowing possession and control of the images." *United States v. Kain*, 589 F.3d 945, 949 (8th Cir. 2009).  Thus, the alleged images of child pornography recovered from the unallocated space on White's computer are relevant, and therefore admissible, because they are probative of whether White knowingly possessed child pornography. *See* Fed. R. Evid. 401.

Whether White could access those images or knew of their presence is a matter for the jury to decide.  As the Eighth Circuit has explained, "[a]lthough 'the location of child pornography in inaccessible internet and orphan files can raise serious issues of inadvertent or unknowing possession . . . these are issues of fact, not of law.'" *United States v. Hensley*, 982 F.3d 1147, 1157 (8th Cir. 2020) (quoting *United States v. Kain*, 589 F.3d 945, 949 (8th Cir. 2009)).  Accordingly, White's assertion that he could not access the images raises an issue of fact that has no bearing on the admissibility of the evidence. *See id.*

#### b.       Rule 403

White asserts that two of the images recovered from the unallocated space "are exponentially more graphic and disturbing than the other images in this case."  (D.N. 214, PageID.1303)  He asks the Court to exclude those images "because of the danger that their graphic nature will be more prejudicial than probative."  (*Id.*, PageID.1304)

In the context of Rule 403, "[u]nfair prejudice . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  *Old Chief v. United States*, 519 U.S. 172, 174 (1997) (internal quotation marks omitted) (quoting Fed. R. Evid. 403 advisory committee notes).  Although child pornography of any nature is "undoubtedly prejudicial," it is not *unfairly* prejudicial to White because he is charged with possession of child pornography, and the images at issue are the subject of White's charge.  *Gray v. United States*, No. 18-3067, 2018 U.S. App. LEXIS 37658, at *4 (6th Cir. Aug. 8, 2018) (citing *United States v. Poulsen*, 655 F.3d 492, 509 (6th Cir. 2011)); *see United States v. Mellies*, 329 F. App'x 592, 600 (6th Cir. 2009) ("The evidence—images of child pornography—was, by its nature, inherently disturbing but unavoidable.  While defendant characterizes it as prejudicial, cumulative, and unnecessary, this evidence was, in fact, *essential* to proving an element of the charged crime." (citing 18 U.S.C. § 2252A(a)(5)(B)).  Accordingly, the Court will deny White's motion to exclude the images recovered from unallocated space.

#### 4.       Motion in Limine to Preclude Nude Images

White moves "to preclude the government from introducing any nude or salacious images of Mr. White and/or his wife" found on the devices seized from their home.  (D.N. 215, PageID.1305)  White argues that "[t]hese highly inappropriate and embarrassing images, given the numbers of other forensic materials the Government can choose, are irrelevant under F.R.E.

401 as not 'of consequence in determining the action' and, if minimally relevant," should be excluded under Rule 403. (*Id.*)  The United States argues in response that the images are relevant "to prove that White had possession, use, and control of the devices that contained the images." (D.N. 219, PageID.1321)  But the government notes that it plans to introduce "only a limited number [of nude images of White] to demonstrate to the jury the types of such images that were found on the devices, which will serve to limit any prejudice to the defendant."  (*Id.*, PageID.1322)

### a.     Rule 401

"For purposes of Rule 401(b), 'a fact is "of consequence" if it makes it more or less likely that the defendant committed the charged conduct.'"  *United States v. McDaniels*, No. 5: 23-124-DCR, 2024 U.S. Dist. LEXIS 933, at *2 (E.D. Ky. Jan. 3, 2024) (quoting *United States v. Hazelwood*, 979 F.3d 398, 409 (6th Cir. 2020)).  The proffered evidence need not "directly prove or disprove an element of the offense."  *Hazelwood*, 979 F.3d at 409 (citing 1 *McCormick on Evidence* § 185 (8th ed.)).  Rather, the "evidence need only be 'a step on one evidentiary route to the ultimate fact.'"  *McDaniels*, 2024 U.S. Dist. LEXIS 933, at *2 (quoting *Old Chief*, 519 U.S. at 179).

Here, the nude images of White are relevant under Rule 401 because they are probative of whether "White possessed the devices with his nude images on them, which also contained evidence of child pornography possession." (D.N. 219, PageID.1322)  White's ownership of the devices is a "fact of consequence" because it is in dispute (*see id.*, PageID.1322) and material to the charge. *Cf. United States v. Lowe*, 795 F.3d 519, 523 (6th Cir. 2015) (overturning defendant's conviction where "no juror could infer from such limited evidence of ownership and use that [the

defendant] knowingly downloaded, possessed, and distributed child pornography found on the laptop"). Accordingly, the nude images of White are relevant evidence.

> ### b. Rule 403

Having concluded that the nude images are relevant, the Court now must determine whether the images should nevertheless be excluded under Rule 403. White asserts that the images "constitute 'unfair prejudice' and 'needlessly presenting cumulative evidence' contrary to F.R.E. 403." (D.N. 215, PageID.1305) White provides little to no explanation of why he believes that the images would unfairly prejudice him. (*See* D.N. 215) To the extent White argues that the images are unfairly prejudicial because they "embarrassing" (*see id.*), evidence is not unfairly prejudicial simply because it is embarrassing to a party. *Davis v. Ineos ABS (USA) Corp.*, No. CV 09-773-JGW, 2011 WL 13202661, at *2 (S.D. Ohio Feb. 16, 2011) ("Merely because evidence is embarrassing to a party does not make the evidence unfairly prejudicial, however."). Moreover, as noted above, the images are probative of White's ownership and/or use of the devices in question. The Court therefore cannot find that the nude images of White are more prejudicial than probative.

Like his unfair-prejudice argument, White's second Rule 403 argument is lacking elaboration, but White seemingly contends that the nude images will be needlessly cumulative due to their quantity (which the Court does not know) or "given the numbers of other forensic materials the Government can choose." (D.N. 215, PageID.1305) White does not explain what these "other forensic materials" are, however. (*See id.*) Nor does he cite any caselaw or other authority supporting his argument. (*Id.*) In response, the United States asserts that it "does not intend to introduce the large number of non-explicit nude images of the defendant" but rather

10

"only a limited number to demonstrate to the jury the types of such images that were found on the devices." (D.N. 219, PageID.1332)

Rule 403 provides that "court[s] may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Evidence is 'cumulative' when it adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of the trial . . . ." *United States v. Love*, 254 F. App'x 511, 518 (6th Cir. 2007), *aff'd,* 550 F. App'x 286 (6th Cir. 2014) (quoting *United States v. Williams*, 81 F.3d 1434, 1443 (7th Cir. 1996)). White's bare-bones argument is insufficient to show that the probative value of the images is "*substantially* outweighed" by the danger that they are needlessly cumulative. Fed. R. Evid. 403 (emphasis added). Accordingly, the Court will deny White's motion to exclude nude images of him.

The denial of White's motion does not necessarily mean that the nude images of White will be admitted. *See Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) ("Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded."). Because the Court has not seen the images in question, the Court reserves final judgment on their admissibility until it has had the opportunity to review in camera each proposed image. Given the potentially salacious nature of the images, the Court will ensure that the proffered evidence is properly "sanitized" and "limited [in] number"—as the government asserts that it will be (D.N. 219)—before it may be admitted and shown to the jury.

### III.    CONCLUSION

For the reasons explained above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    The United States' motion to preclude statements or questions related to the FLA investigation (D.N. 211) is **DENIED**.

(2)    White's motion to exclude duplicate files (D.N. 213) is **DENIED**.

(3)    White's motion to exclude images found in unallocated space (D.N. 214) is **DENIED**.

(4)    White's motion to exclude nude images (D.N. 215) is **DENIED**.

July 11, 2024

David J. Hale, Judge
United States District Court