UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,     Plaintiff,

v.     Criminal Action No. 3:21-cr-155-DJH

JOSHUA WHITE,     Defendant.

\* \* \* \* \*

### ORDER

This matter is unfortunately before the Court on yet another motion to continue the trial. (Docket No. 242; *see* D.N. 26; D.N. 45; D.N. 65; D.N. 106; D.N. 138; D.N. 233)  This time, the government's long-assigned counsel seeks a continuance because he has another trial scheduled for the same week as the trial of this matter.  (D.N. 242)  In light of this unavoidable scheduling conflict, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     The United States' motion to continue (D.N. 242) is **GRANTED**.  The final pretrial conference, currently set for August 9, 2024, and the trial, currently set for August 12, 2024, are **REMANDED** from the Court's docket, to be reset by subsequent order.

(2)     This matter is **SET** for a telephonic status conference on **July 24, 2024, at 10:00 a.m.** before Judge David J. Hale.  Counsel for the parties shall connect to the telephonic status conference by dialing the toll-free number 1-877-402-9753 and entering access code 9073187.  In advance of the conference, counsel shall confer about potential trial dates.

(3)     Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that **the period of delay from July 22, 2024, to July 24, 2024, is excludable in computing the time within which the trial must commence under the Speedy Trial Act**.  The

Court finds that the ends of justice served by this delay outweigh the best interests of the public and the defendant in a speedy trial because the defendant and his counsel would otherwise be denied the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006).  This delay is not due to "general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government."  § 3161(h)(7)(C).

July 22, 2024

David J. Hale, Judge
United States District Court

cc: Jury Administrator