UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v.  Criminal Action No. 3:21-cr-155-DJH

JOSHUA WHITE, Defendant.

\* \* \* \* \*

## MEMORANDUM OF CONFERENCE AND ORDER

A telephonic status conference was held in this matter on July 24, 2024, with the following counsel participating:

| | |
|---|---|
| For the United States: | A. Spencer McKiness |
| | Stephanie M. Zimdahl |
| For Defendant: | James Gerometta |
| | Wanda McClure Dry |

The Court and counsel discussed the procedural posture of the case, including a new trial date. The government advised that its counsel and witnesses are unavailable for trial for September and most of October. The government also previewed a superseding indictment. Based on the discussion during the conference, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Without objection, this matter is **SET** for trial by jury on **November 4, 2024, at 9:00 a.m.** at the U.S. Courthouse in Louisville, Kentucky. Counsel shall be present in Court by 8:30 a.m.

(2) The pretrial deadlines previously set for motions in limine are **VACATED.** Any **motions in limine** shall be filed **no later than 4 weeks prior to trial**. **Responses** shall be filed **no later than 3 weeks prior to trial**. There shall be **no replies**. Such motions may not concern

1

matters previously ruled upon by the Court. Any other pretrial deadlines which have passed will be extended only upon a showing of good cause.

(3)   Pursuant to 18 U.S.C. § 3161(b)(7)(B)(ii), this matter is deemed complex for purposes of computing the time in which the trial must commence under the Speedy Trial Act.

(4)   Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that **the period of delay from July 24, 2024, to November 4, 2024 is excludable in computing the time within which the trial must commence under the Speedy Trial Act**. The Court finds that the ends of justice served by this delay outweigh the best interests of the public and the defendant in a speedy trial because the defendant and his counsel would otherwise be denied the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This delay is not due to "general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

July 24, 2024

David J. Hale, Judge
United States District Court

Court Time: 00/05
Court Reporter: Terri Horton

cc:   Jury Administrator