UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA,

          Plaintiff,                    CR. NO. 3:21-cr-00155

v.                                        Hon. David J. Hale

JOSHUA WHITE,

          Defendant.

## DEFENDANT'S MOTION TO AMEND CONDITIONS OF BOND

Defendant Joshua White, through counsel, moves this Court to amend his conditions of bond to allow him to use a computer and internet-accessible cellular phone subject to monitoring software.

**I. INTRODUCTION**

Joshua White is charged with one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The trial is currently scheduled for November 4, 2024. The indictment was filed on December 7, 2021. Mr. White made his first appearance on December 9, 2021. He was released on bond on December 10, 2021. One of the conditions of his release was that he have no computer or internet access without prior approval of the Court. R. 10, Order Setting Conditions of Release, p. 8.

On December 28, 2021, Mr. White moved to amend his bond to remove the computer use restriction. R. 13, Motion to Amend Bond. On February 15, 2021, the Court denied the request to

remove the condition but clarified that he could receive permission from the probation officer to use the internet and access a computer in certain limited circumstances. Additionally, the Court allowed Mr. White to access a computer without consulting his probation officer to search and apply for employment, email potential employers or his attorney, and use videoconferencing software to communicate with his attorneys. However, even for the limited purposes listed above, he can only use the computer under the direct supervision of his wife or his third-party custodian. R. 30, Order, p. 9-10.

While Mr. White is authorized to use a computer to search for employment, he cannot use a computer as part of his employment.

## II. DEFENDANT'S BACKGROUND

Joshua White is a 41-year-old man with a master's in Bioengineering from the University of Louisville. He has held a series of engineering jobs and contract positions. His most recent positions have focused on validation and systems engineering, which involves setting design specifications and the final testing and calibrating of prototypes and manufacturing equipment. Much of the work in this in-demand field can be done remotely by computer. Mr. White was doing this work remotely when his current bond conditions went into place, and he had to terminate his employment. Even when working on-site for a company, computer access is critical. He has not worked since his arrest at the end of 2021 because he has not been able to secure employment that meets the conditions of his bond.

In addition to his work experience, Mr. White was an active volunteer in the Louisville community. For seven years, he served on the board of the Highlands Douglass neighborhood in various roles including treasurer, vice president, director of reforestation, and director of the Safety

and Compliance Committee. He is most proud of his work planting over 1,200 trees in the neighborhood.

Mr. White expanded his reforestation program outside of the Highlands Douglass neighborhood, expanding it to the Bonnycastle, Original Highlands, and Tyler Park neighborhoods. He also provided training and coordination to the Belknap and Deer Park neighborhoods and to the City of Kingsley. As part of his commitment to Louisville, he founded The Graffiti Abatement Coalition to help clean up the city, and worked closely with the Louisville Metro Police Department for several years.

Mr. White has been with his wife for eleven years and married for six years. Despite the stress of the current criminal case, his wife remains supportive of him. During the pendency of this case, she has been the sole income provider for the White family. Due to the loss of Mr. White's income, the family has been forced to borrow extensively from friends and family to pay living and legal expenses.

## III. ARGUMENT

A court is commanded to release a defendant "subject to the least restrictive further condition or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(c)(1)(B). The only issue presented in this motion is whether the computer conditions put in place previously are required or if the safety of the community can be reasonably assured by allowing Mr. White to have access to a computer and internet-capable cell phone equipped with monitoring software.

As federal courts have recognized, computers play an indispensable role in modern life. Bans on computer usage most often become an issue in conditions of supervised release in cases

involving internet sex crimes. While complete bans on internet and computer access have been upheld in some cases, they have also been struck down due to the severe imposition they impose. *See e.g. United States v. Crume*, 422 F.3d 728, 733 (8th Cir. 2005) ("Although Mr. Crume has a lengthy history of grievous sexual misconduct, the record is devoid of evidence that he has ever used his computer for anything beyond simply possessing child pornography. We are not convinced that a broad ban from such an important medium of communication, commerce, and information-gathering is necessary given the absence of evidence demonstrating more serious abuses of computers or the internet."), *United States v. Holm*, 326 F.3d 872, 877-878 (7th Cir. 2003) ("We understand why the district court might have thought that a strict ban on *all* Internet use was warranted, but such a ban renders modern life —in which, for example, the government strongly encourages taxpayers to file their returns electronically, where more and more commerce is conducted on-line, and where vast amounts of government information are communicated via website— exceptionally difficult.")

    The holdings in *Crume* and *Holm* are now twenty years old. Computers and the internet are even more prevalent now than they were then. Even entry-level employees and laborers are expected to have internet access. Workers' schedules are posted online; they are expected to request time off through phone "apps." Work groups and teams communicate through group media sites like Microsoft Teams or Slack. Construction laborers and landscapers are expected to have access to maps on their phones to find their next job, as well as have access to weather and communications.

    Outside of employment, patients are expected to access their medical records online. Political candidates post their platform and views exclusively online. Most news organizations

have a heavy online presence, and some local news can only be found on the internet, not in print.[1] Business, non-profits, and political organizations expect that people they interact with will have internet access, email, and text messaging.

Mr. White is an engineer. Engineering is by far the most lucrative job field available to him over the next few months as he awaits trial and numerous contract jobs are available. However, to perform any of these jobs, he needs to have access to the Internet and a computer. He does not object to the installation of computer monitoring software on his computer and an internet-capable smartphone.

Mr. White was very active in his community, including local politics. He still wishes to be informed on local issues and able to reach out to local politicians and candidates. This is effectively impossible to do without internet and email access.

Like the defendant in *Crume*, Mr. White's case only involves the use of the computer to possess child pornography and there are no allegations of distribution or production. Unlike the defendant in *Crume*, Mr. White has not been convicted of this activity. Most importantly, unlike the defendant in *Crume*, Mr. White does not have "a lengthy history of grievous sexual misconduct[.]" He has no history of sexual misconduct. There is no reason that Mr. White should not be afforded monitored internet access.

This Court has a Computer Restriction & Monitoring Program. It has a form order setting bond conditions to implement the installation of monitoring software and participation in this program. R. 10, Order Setting Conditions of Release, p. 7. The last *allegation* of internet access to view illegal material is the claim in the search warrant affidavit. The Government believes that

---

[1] For example, counsel understands that the Louisville Courier Journal no longer published in print 7 days a week, and that the nation and world sections are only available online.

occurred in 2019.[2] It has been five years since that date. To the extent the Government can provide dates for the images that Mr. White is alleged to have possessed in relation to Count 2, those images have a "last modified" date from over 15 years ago. Mr. White has been on bond for two and a half years, and there are no allegations of bond violations. He can work as an engineer with a computer and phone monitored by the Probation Department. He deserves that chance.

In denying Mr. White's previous request to amend his bond conditions (that request claimed the computer monitoring was unconstitutional and did not request the simple modification requested here), the magistrate court stated that it "was unconvinced that monitoring software is failsafe and could not be manipulated by an individual with a background in and extensive knowledge of computers." R. 30, Order, p. 8. While Mr. White has more sophisticated knowledge than many computer users, it is unclear how he would be able to bypass computer monitoring software without at least leaving traces that would raise red flags notifying his probation officer that something unusual happened. In this case, even if the Court was unable to ascertain exactly what happened, he would lose his access to the computer.

---

[2] Mr. White disputes that there is evidence he accessed the website in question on the 2019 date that was the subject of now dismissed Count 1. See R. 172, White's Motion for a *Franks's* Hearing.

## IV. CONCLUSION

The United States Probation Department has the means to effectively monitor the computer and cell phones of the persons they supervise. They do so routinely through a combination of monitoring and filtering software. See Supervising Cybercrime Offenders Through Computer-Related Conditions: A Guide for Judges, *Federal Judicial Center,* October 2015. Mr. White has no history of sexually abusive conduct. He should be afforded the opportunity to participate in computer and cell phone monitoring.

                                                   Respectfully submitted,

/s/ Wanda McClure Dry
The Dry Law Firm
P.O. Box 2122
Danville, Kentucky 40423
Co-counsel for Defendant

/s/ James R. Gerometta
Law Office of James Gerometta
27 E. Flint St
Suite 2
Lake Orion, MI 48362

CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the Hon. A. Spencer McKiness, Assistant United States Attorney, and Hon Stephanie M. Zimdahl, Assistant United States Attorney.

/s/ James R. Gerometta
Law Office of James Gerometta
27 E. Flint St
Suite 2
Lake Orion, MI 48362