UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA,

        Plaintiff,                       CR. NO. 3:21-cr-00155

v.                                          Hon. David J. Hale

JOSHUA WHITE,

        Defendant.

**DEFENDANT'S REPLY RE:
MOTION TO AMEND CONDITIONS OF BOND**

I.

INTRODUCTION

Defendant Joshua White requests that this Court amend his bond conditions to allow him to use a computer with appropriate monitoring software. The Government opposes this request and further asks for clarification regarding Mr. White's home detention.

II.

MR. WHITE'S BOND SHOULD BE MODIFIED

The Government raises three arguments in opposition to Mr. White's request. This brief will address them in the opposite order from which they appear in the Government's brief.

    a.  <u>The cases in Mr. White's brief discuss total bans on computer use.</u>

The Government states that the cases cited in Defendant's brief discuss complete bans on computer use and thus they have no applicability to Mr. White's case because he does not have a

complete ban on computer use. This argument misses the crux of the holding in these cases. Those courts recognized the importance computer technology plays in the day to day lives of modern Americans. Complete bans are incompatible with modern life.

While Mr. White's ban is not complete, it is sufficiently stringent to prevent him from participating in modern life. He may use a computer to communicate with his lawyer and to search for work. He may not use a computer to perform a job, and per the USPO, this request must be approved by the court. He may not use a cellular phone to search for directions. The prohibition on computer use stops him from securing employment in a wide range of industries, including engineering. Mr. White has been seeking a job over the last two years. His heart condition prevents him from getting most jobs involving manual labor.

The Government is correct that neither the parties nor the Court envisioned the pretrial stage of this case going on for two years. It is this lengthy delay that makes the current computer restrictions untenable. Mr. White needs to work and needs to use the computer to participate in modern life. Through appropriate monitoring, this is possible.

    b.  <u>Mr. White is a sophisticated computer user.</u>

The Government argues that Mr. While is a sophisticated computer user because he had the TOR browser, TAILS, disk erasure programs, and encryption software on his computer. What the Government fails to present is any evidence of when and how Mr. White used these programs. The alleged child pornography found on the devices at issue in this case dates from 2010 or before. The Government has erroneous evidence (i.e. an anonymous tip) of a visit to a chatsite that they say contained links to child pornography in 2019, but they have not produced any evidence showing that the computer was using TOR at that date and time. There is no evidence on any computer that any pictures or videos were accessed or downloaded from that chatsite. In short,

there is no evidence of anyone accessing child pornography sites from Mr. White's IP address or computer in or since 2019. The Government's most recent evidence likely dates back to 2010.

The Government implies that there is no evidence of recent involvement in child pornography because he is such a sophisticated user and has hidden his traces. They ignore the more likely implication of the lack of evidence, that he has not accessed child pornography.

    c.   <u>The Probation Department in the WDKY has a policy against pretrial monitoring.</u>

The Probation Department in the Western District of Kentucky monitors the computer use of post-release supervisees. As the Government points out, the pretrial stage in the case has been unusually long. Given this extraordinary length, an exception to the usual practice is warranted. Absent an exception of this policy, Mr. White could be allowed to use his computer for work purposes under the supervision of his wife or mother. Mr. White would be taking a short-term contract job, likely with flexible hours. He could work when he could be supervised by a custodian.

III.

MR. WHITE HAS BEEN IN COMPLIANCE WITH HIS TETHER REQUIREMENT

In response to Mr. White's request for bond, the Government requests clarification of Mr. White's "home incarceration" conditions. For initial clarification, Mr. White is not on home incarceration, he is on home detention, and has followed the court's order for the USPO to grant approval for any activities in advance.

The Government's request is based on statements made by an anonymous neighbor who believes that Mr. White has been out of his house for reasons not approved. It is unclear who this neighbor is, what Mr. White is alleged to have been doing, or how or why the neighbor believes they know what Mr. White's approved activities are. Mr. White has had his schedule approved weekly by his supervising officer and has not violated that schedule.

IV.

CONCLUSION

Mr. White has been in compliance with his bond conditions since his arrest. The Government can point to no instance that should give the Court any pause in allowing him to use a computer for additional reasons, such as work, under appropriate monitoring. This can be done either electronically through software or under the supervision of his wife or mother.

                                                          Respectfully submitted,

                                                          /s/ Wanda McClure Dry
                                                          The Dry Law Firm
                                                          P.O. Box 2122
                                                          Danville, Kentucky 40423
                                                          Co-counsel for Defendant

                                                          /s/ James R. Gerometta
                                                          Law Office of James Gerometta
                                                          27 E. Flint St
                                                          Suite 2
                                                          Lake Orion, MI 48362

CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the Hon. A. Spencer McKiness, Assistant United States Attorney, and Hon Stephanie M. Zimdahl, Assistant United States Attorney.

/s/ Wanda McClure Dry
The Dry Law Firm
P.O. Box 2122
Danville, Kentucky 40423
Co-counsel for Defendant