UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                  PLAINTIFF

v.                                                                CRIMINAL NO. 3:21-CR-00155-DJH

JOSHUA WHITE                                                                                DEFENDANT

<u>SECOND UPDATED PRETRIAL MEMORANDUM</u>
*ELECTRONICALLY FILED*

The United States of America submits this Second Updated Pretrial Memorandum to assist the Court in presiding over this trial.

### I.  STATUTES INVOLVED AND ELEMENTS OF THE OFFENSE

On December 7, 2021, a federal grand jury sitting in Louisville, Kentucky, charged Joshua White in a two-count Indictment. On December 6, 2022, the United States moved to dismiss Count 1 of the indictment. The Court granted that motion and dismissed Count 1 on February 8, 2023, over the defendant's objection. On August 6, 2024, a federal grand jury sitting in Louisville, Kentucky, charged Joshua White in a two-count Superseding Indictment. The corresponding statutes and elements of the Superseding Indictment are listed below.

**A.     Count 1 – Access with Intent to View Child Pornography - 18 U.S.C. 2252A(a)(5)(B)**.

*First*:  That the defendant knowingly accessed with intent to view any material that contained an image of child pornography;

*Second:* That the defendant knew that the material contained child pornography;

*Third:* That the child pornography was transported using any means or facility of

interstate commerce by any means, including by computer.

Citations: Pattern Crim. Jury Instr. 6th Cir. 16.08 (2023).

**B.     Count 2 – Possession of Child Pornography - 18 U.S.C. 2252A(a)(5)(B)**.

*First*:   That the defendant knowingly possessed any material that contained an image of child pornography;

*Second:* That the defendant knew that the material contained child pornography;

*Third:* That the child pornography was transported using any means or facility of interstate commerce by any means, including by computer.

Citations: Pattern Crim. Jury Instr. 6th Cir. 16.08 (2023).

## II.   STATEMENT OF FACTS

On February 17, 2021, Homeland Security Investigations (HSI) executed a search warrant on White's residence searching for evidence of child pornography.   HSI seized several electronic storage devices, and an initial forensic review of those devices revealed evidence of child pornography on four devices.   On May 17, 2021, HSI received a claim from Joshua White seeking judicial forfeiture proceedings to have all his seized items returned to him.   In 2021, HSI returned 25 of the 29 seized items to White through his then attorney.   The devices that were not returned either contained evidence of child pornography or had not yet been reviewed due to HSI's inability to break the encryption on those items.

After an upgrade in the technology of forensic tools used to access and review electronic storage devices, HSI re-searched the seized devices in preparation for trial.   This subsequent review revealed previously undetected files of child pornography along with anti-forensic software and several search terms, files, and websites indicative of child pornography that were

2

obscured or hidden using encryption and wiping software. The forensic review also revealed Screenshots from one of White's devices showing that on October 31, 2010, he used the internet to search for child pornography and attempted to view child pornography.

Ultimately HSI found the following three items, seized from White's residence on February 17, 2021, contained child pornography: (1) Hitachi Hard Drive, serial number: 131115JA1320120JUNJ12; (2) Western Digital Hard Drive, serial number: WX71A70W8350; and (3) Maxtor External Hard Drive, serial number: 2HAA9M6B. The following items, seized from White's residence on February 17, 2021, contained search terms and other items indicative of the possession of child pornography: (1) Hitachi Hard Drive SN: 131115JA1320120JUNJ12; (2) Western Digital Hard Drive, serial number: WX71A70W8350; (3) Maxtor External Hard Drive, serial number: 2HAA9M6B; (4) Red Toshiba Laptop; and (5) SanDisk SSD Hard Drive.

### III.   SUBSTANTIVE ISSUES OF LAW

The United States is not aware of any substantive issues of law under dispute in this case.

### IV.   EVIDENTIARY ISSUES

The defendant, Joshua White, on April 30, 2021, executed a request for the return of all 25 electronic devices seized from his residence by HSI during the execution of a search warrant at his residence on February 17, 2021, claiming an ownership interest in all 29 of the devices. On June 14, 2021, an HSI Special Agent returned 21 of the seized electronic devices to Joshua White's then attorney, Darren Wolfe, at Wolfe's office in Louisville, Kentucky. On February 1, 2022, a HSI Special Agent returned 4 of the seized electronic devices to Joshua White's then attorney, Patrick Renn, at the HSI Office in Louisville, Kentucky. If the defendant will not stipulate to these facts, the government plans to call attorneys Darren Wolfe

and Patrick Renn to testify at trial regarding the request for the devices and their return to Joshua White.

The United States intends to introduce White's property claim to HSI as evidence that he possessed the subject devices. The claim should be amissible as a statement by an opposing party pursuant to Federal Rule of Evidence 803(1), as a document that affects an interest in property pursuant to Federal Rule of Evidence 803(15) and as a statement against interest pursuant to Rule 804(b)(3).

The United States will provide *Jencks* materials to the defense at the beginning of the witness's testimony. The United States plans to make use of multimedia technology to present its case. Particularly, the government plans to use audio/video technology to present both demonstrative and direct evidence at trial.

The United States intends to provide the jury with pre-marked booklets of select images and stills of child pornography that are a representative sample of the child pornography files contained on White's devices. The government intends to send only one booklet of child pornography to the jury room for deliberations. See United States v. Ballard, 448 F. App'x 987, 988-89 (11th Cir. 2011) (affirming conviction where jury was shown, over defendant's objection, 15 images and three videos of child pornography, despite defendant's stipulation that all admitted evidence constituted child pornography); United States v. Mellies, 329 F. App'x 592, 600-01 (6th Cir. 2009) (admission of 1,600 images, out of 11,000 in defendant's collection, was not improper despite defendant's admission that the images portrayed child pornography).

The United States intends to move to have the images of child pornography filed with the court under seal because having them public would expose the visual identity of the victims. This motion is made pursuant to Section 3509(d)(2), which states that "any information concerning a child be filed under seal..."

The United States intends to show the jury screen shots and demonstrative exhibits of what White's computer screen looked like when he searched for child sexual abuse material. Although these items were repeatedly made available for review by the defense team, the government will show these specific exhibits to defense counsel prior to trial.

The United States may use several PowerPoint presentations during witness testimony and during opening and closing statements. PowerPoint presentations can be used to aid the jury in understanding testimony. See Henricks v. Stephens, No. H-13-0976, 2014 U.S. Dist. LEXIS 35831, at *94-95 (S.D. Tx. March 19, 2014) (PowerPoint presentation by witness was an aid used to make testimony more plain and clear). The PowerPoint presentations are not evidence and will not accompany the jurors to the deliberation room. See Ivey v. Paramo, No. 14-CV-715, 2016 U.S. Dist. LEXIS 174440, at *15-16, 20 (S.D. Calif. June 30, 2016) (Court allowed PowerPoint presentations with an admonition that opening statements are not evidence and that PowerPoint presentations are not evidence). Defense counsel will be given a copy of said PowerPoint presentations prior to their use at trial.

The United States previously provided notice to the defense of its intent to call HSI Forensic Analyst Stephen Stuart to testify regarding his forensic review of the defendant's electronic devices and the results. While much of his testimony will be fact evidence based on the forensic process and the results, his testimony regarding what those results mean may properly be viewed as opinion evidence. As such the government believes an admonition to the jury at the time of Forensic Analyst Stuart's testimony and a special jury instruction on the testifying witness being both a fact and opinion witness may be appropriate. See United States v. Lopez-Medina, 461 F.3d 724, 743 (6th Cir. 2006) (when an agent is providing dual testimony, the court "should take care to assure that the jury is informed of the dual roles of a law enforcement officer as a fact witness and an expert witness, so that the jury can give proper

weight to each type of testimony."). Forensic Analyst Stuart has been timely noticed as an expert witness.

The parties have not agreed to any stipulations at this time, but the government has proposed three stipulations regarding chain of custody, interstate nexus, and the return of several items to the defendant.

## V. OTHER TRIAL ISSUES

The United States also plans to present some evidence to the jury during opening statements that will be admitted during the direct examination of the government's witnesses.

Additionally, the United States advises that it intends to rely upon the electronic capabilities of the courtroom for presentations.   The United States previously filed an exhibit list and has no updates to that list at this time.   (DN 109).

## VI. PROPOSED JURY INSTRUCTIONS

PROPOSED INSTRUCTION NO. ___

**Count 1 – Accessing Child Pornography - 18 U.S.C. 2252A(a)(5)(B)**

(1) Count 1 of the indictment charges the defendant with accessing any material that contained child pornography.   For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) **First**: That the defendant knowingly accessed with intent to view any material that contained an image of child pornography.

(B) **Second**: That the defendant knew that the material contained child pornography.

6

(C) **Third**: That the child pornography was transported using any means or facility of interstate commerce by any means, including by computer.

(2) Now I will give you more detailed instructions on some of these terms.

(A) The term "child pornography" means any visual depiction, including any video or picture whether made by electronic means, of sexually explicit conduct where production of such visual depiction involved the use of a minor engaging in sexually explicit conduct.

(B) The term "minor" means any person under the age of 18 years.

(C) The term "visual depiction" includes data stored on computer disk or by electronic means which is capable of conversion into a visual image and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

(D) The term "sexually explicit conduct" means actual or simulated

(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(ii) bestiality;

(iii) masturbation;

(iv) sadistic or masochistic abuse;

(v) lascivious exhibition of the genitals or pubic area of a person.

In deciding whether an exhibition is lascivious, you may consider these six factors: (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is

fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer. This list is not exhaustive, and an image need not satisfy any single factor to be deemed lascivious. Instead, you must determine whether the visual depiction is lascivious based on its overall content. It is for you to decide the weight or lack of weight to be given any of these factors.

(E) The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

(F) The term "means or facility of interstate commerce" includes the internet or the telephone.

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Citation: Pattern Crim. Jury Instr. 6th Cir. 16.08 (2023); 18 U.S.C. § 2256(1) (definition of "minor").

PROPOSED INSTRUCTION NO. ___

**Count 2 - Possession of Child Pornography - 18 U.S.C. 2252A(a)(5)(B)**

(1) Count 2 of the indictment charges the defendant with possessing any material that contained

8

child pornography. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

> (A) **First**: That the defendant knowingly possessed any material that contained an image of child pornography of a minor under 12 years old.
>
> (B) **Second**: That the defendant knew that the material contained child pornography.
>
> (C) **Third**: That the child pornography was transported using any means or facility of interstate commerce by any means, including by computer.

Citation: <u>Pattern Crim. Jury Instr. 6th Cir</u>. 16.08 (2023).

PROPOSED INSTRUCTION NO. \_\_\_

**Actual and Constructive Possession**

(1) Next, I want to explain something about possession. The government does not necessarily have to prove that the defendant physically possessed the material containing child pornography for you to find him guilty of this crime. The law recognizes two kinds of possession--actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

(2) To establish actual possession, the government must prove that the defendant had direct, physical control over the material containing child pornography, and knew that he had control of it.

(3) To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the material containing child pornography, and knew that he had this right, and that he intended to exercise physical control over material containing child

pornography at some time, either directly or through other persons.

  (4) For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

  (5) But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the material containing child pornography, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

Citation: <u>Pattern Crim. Jury Instr. 6th Cir</u>. 2.10 (2023).

PROPOSED INSTRUCTION NO. ___

**Opinion Testimony**

(1) You have heard the testimony of Special Agent Stephen Stuart, who testified as an opinion witness.

(2) You do not have to accept Special Agent Stephen Stuart's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

Citation: <u>Pattern Crim. Jury Instr.6th Cir.</u> 7.03 (2023).

PROPOSED INSTRUCTION NO. ___

**Fact and Opinion Testimony**

(1) You have heard the testimony of Stephen Stuart, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

(2) As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

(3) As to the testimony on opinions, you do not have to accept Stephen Stuart's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

(4) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

Citation: Pattern Crim. Jury Instr.6th Cir. 7.03A (2023).

PROPOSED INSTRUCTION NO. ___

**Summaries and other materials not admitted in evidence**

During the trial you have seen counsel use [summaries, charts, drawings, calculations, or similar material] which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

Citation: Pattern Crim. Jury Instr.6th Cir. 7.12 (2023)

PROPOSED INSTRUCTION NO. ___

**Direct and Circumstantial Evidence**

(1) Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2) Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3) Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4) It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Citation: <u>Pattern Crim. Jury Instr.6th Cir.</u> 1.06 (2023).

### VII.   PROPOSED VOIR DIRE QUESTIONS

The United States previously filed proposed *voir dire* questions.   (DN 112).

### VIII.   PROPOSED STATEMENT OF THE CASE

The defendant is charged with accessing and possessing child pornography.   The government alleges that on October 31, 2010, Joshua White accessed with intent to view child

pornography, and that on February 17, 2021, Joshua White possessed child pornography files on several computer devices kept in his home.

### VIII. PROPOSED EXHIBIT LIST

The United States previously filed a proposed exhibit list (DN 109) but will file an updated exhibit list.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

s/ A. Spencer McKiness
A. Spencer McKiness
Stephanie Zimdahl
Assistant U.S. Attorneys
717 West Broadway
Louisville, Kentucky 40202
PH: (502) 582-6006
FAX: (502) 582-5067
Email: spencer.mckiness@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

s/ A. Spencer McKiness
Assistant U.S. Attorney