UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA,

        Plaintiff,                            CR. NO. 3:21-cr-00155

v.                                            Hon. David J. Hale

JOSHUA WHITE,

        Defendant.

## DEFENDANT'S PRETRIAL MEMORANDUM

Defendant, through counsel, respectfully submits this Pretrial Memorandum to assist the Court in presiding over this trial.

### I. STATUTES INVOLVED AND ELEMENTS OF THE OFFENSE

A federal grand jury sitting in Louisville, Kentucky, charged Joshua White in a two-count Superseding Indictment. The corresponding statute and elements are listed below.

**Count 1- Accessing with Intent to View Child Pornography – 18 U.S.C. 2252(a)(5)(B)**

*First:* That the defendant knowingly accessed with intent to view any material that contained an image of child pornography;

*Second:* That the defendant knew that the material contained child pornography when he accessed the material;

*Third:* That the child pornography was transported using any means or facility of interstate commerce by any means, including by computer.

**Count 2 – Possession of Child Pornography - 18 U.S.C. 2252A(a)(5)(B)**.

*First*: That the defendant knowingly possessed any material that contained an image of child pornography;

*Second:* That the defendant knew that the material contained child pornography;

*Third:* That the child pornography was transported using any means or facility of interstate commerce by any means, including by computer.

Citations: Pattern Crim. Jury Instr. 6th Cir. 16.08 (2023).

## II. STATEMENT OF FACTS

In February of 2021, the Department of Homeland Security ("HSI") executed a search warrant on the White family home searching for evidence he accessed a chatroom that may have contained links to child pornography. HSI seized numerous electronic devices from the home and family vehicles, including old hard drives. HSI performed a series of analyses on these drives and discovered alleged child sexual abuse material ("CSAM") in unallocated space and the recycling bin on several devices. Files in unallocated space cannot always be reliably dated or have their origins determined. However, HSI reports that the majority (if not all) of the deleted CSAM found on White's drives was last modified between 2008 and 2010. These modifications may have occurred automatically by the operating system. Some of the material was contained in screenshots with a date of October 31, 2010. Defendant has lived with his wife since 2013, before that time he lived with roommates. The defendant has pleaded not guilty to the knowing possession of the materials.

## III. SUBSTANTIVE ISSUES OF LAW

The only substantive issue of law that Defendant believes will be raised relates to the jury instructions related to child pornography. The Sixth Circuit has previously endorsed the factors outlined in *United States v. Dost*, 636 F.Supp. 828, 832 (S.D.Cal. 1986) as appropriate instructions to aid the jury in determining if a display of the genitals or pubic area is lascivious. See e.g. *U.S. v. Brown*, 579 F.3d 672 (6th Cir. 2009). However, the Sixth Circuit has not re-examined the propriety of these factors in light of the D.C. Circuit's decision in *United States v. Hillie*, 39 F.4th 674, 14 F.4th 677 (D.C. Cir. 2021).

In *Hillie*, the D.C. Circuit examined the legislative history of Congress's criminalization of child pornography in light of the Supreme Court's First Amendment pornography decisions beginning with *Miller v. California*, 413 U.S. 15, 93 S. Ct. 2607 (1973). If found that, absent the substation of the word lascivious for its synonym lewd, the definition of sexually explicit conduct found in 18 U.S.C. § 2256(2)(A) was the same definition used by the state to prohibit child pornography in *New York v. Ferber*, 458 U.S. 747 (1982). In upholding the constitutionality of that statute, the Supreme Court held that New York's definition of child pornography was sufficiently curtailed to meet First Amendment challenges because it was aimed at the "hardcore" edge of child pornography. *Ferber*, at 773.

As *Hillie* points out, if the federal definition of child pornography is the same as the state of New York's at issue in *Ferber* the federal statute punishes only nudity that includes sexual conduct:

> the "lascivious exhibition of the anus, genitals, or pubic area" must be performed in a manner that connotes the commission of a sexual act, which is consistent with how the prosecutors construed "lewd exhibition of the genitals" when asking the Supreme Court to uphold the New York statute in *Ferber*. *See* Brief for Petitioner,

> *Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982) (No. 81-55), 1982 WL 608534, at *24 ("Notably, the statute, in defining sexual conduct, does not include simple nudity, although it does prohibit lewd exhibition of the genitals. Nudity is prohibited only when it is accompanied by simulated sexual conduct, that is, the explicit depiction of the prohibited acts. N.Y. Penal Law § 263.00 (3) & (6). In not prohibiting simple nudity, the statute allows producers ample room to express an idea, convey a message or tell a story about the sexual conduct of children."). Further, this construction is consistent with the Court's repeated description of the conduct prohibited by the terms "sexual conduct" and "sexually explicit conduct" in child pornography statutes as "hard core" sexual conduct, as described above.

*Hillie*, at 685.

This holding is consistent with the Sixth Circuit's repeated findings that "mere nudity" is insufficient to meet the definition of child pornography under federal law. See e.g. *United States v. Hodge*, 805 F.3d 675, 680 (6th Cir. 2015) (voyeuristic videos of girl exiting shower are likely not child pornography). Based on the reasoning of *Hillie*, Defendant is requesting the jury instruction noted below that removes the *Dost* factors and includes language requiring sexual conduct. If the Court is unwilling to remove the *Dost* factors, it should still retain the added language the nudity alone is insufficient to meet the standard required by federal law.

### IV. EVIDENTIARY ISSUES

Defendant filed three motions in limine on June 17, 2024 (R. 213, 214, and 215). At a pretrial phone conference on October 1, 2024, the Court indicated that these issues need not be raised again. Defendant references them here to preserve the issues but will not refile those motions. Additionally, Defendant will likely file several more motions on October 11, 2024. The issues to be raised will likely include:

1. That cropped or resized images should be excluded, or if admitted they should be admitted simultaneously with the original image;

2. That the Government not be allowed to present evidence of its keyword search on the computers for what it believes are common terms associated with child pornography; and

3. That the Government not be allowed to elicit testimony that the object of the search warrant executed at the White family home on February 17, 2021, was child pornography.

## V. OTHER TRIAL ISSUES

The defense intends to rely on the electronic capabilities of the courtroom for presentation. It intends to use a PowerPoint presentation in opening and closing argument. It will provide a copy of that PowerPoint to the Government in advance of trial and will make appropriate arrangements before trial to test his computer at the Court to make sure it works correctly with the Court's system.

## VI. PROPOSED JURY INSTRUCTIONS

PROPOSED INSTRUCTION NO. ___

Access with Intent to View Child Pornography - 18 U.S.C. 2252A(a)(5)(B)

(1) The indictment charges the defendant with accessing with intent to view material that contained child pornography. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

**(A) First**: That, on or about October 31, 2010, the defendant knowingly accessed any material that contained an image of child pornography with intent to view that material.

**(B) Second**: That the defendant knew that the material was child pornography at the time he accessed it.

      **(C) Third**: That the child pornography was transported using any means or facility of interstate commerce by any means, including by computer.

(2) Now I will give you more detailed instructions on some of these terms.

      (A) The term "child pornography" means any visual depiction, including any video or picture whether made by electronic means, of sexually explicit conduct where production of such visual depiction involved the use of a minor engaging in sexually explicit conduct.

      (B) The term "visual depiction" includes data stored on computer disk or by electronic means, which is capable of conversion into a visual image.

      (C) The term "sexually explicit conduct" means actual or simulated

          (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

          (ii) bestiality;

          (iii) masturbation;

          (iv) sadistic or masochistic abuse;

          (v) lascivious exhibition of the genitals or pubic area of a person.

      ~~In deciding whether an exhibition is lascivious, you may consider these six factors: (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer. This list is not~~

~~exhaustive, and an image need not satisfy any single factor to be deemed lascivious. Instead, you must determine whether the visual depiction is lascivious based on its overall content. It is for you to decide the weight or lack of weight to be given any of these factors.~~

<span style="color:red">Nudity alone is not lascivious; there must be an exhibition of the genital area and this exhibition must be lascivious. A picture is lascivious only if it is sexual in nature.</span>

(D) The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

(E) The term "means or facility of interstate commerce" includes the internet or the telephone.

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Citation: <u>Pattern Crim. Jury Instr.</u> 6th Cir. 16.08 (2023). (Modified pursuant to *United States v. Hillie*, 39 F.4th 674, 14 F.4th 677 (D.C. Cir. 2021) (see Section III, above) and *United States v. Hodge*, 805 F.3d 675, 680 (6th Cir. 2015) (voyeuristic videos likely not child pornography).

PROPOSED INSTRUCTION NO. ___

Possession of Child Pornography - 18 U.S.C. 2252A(a)(5)(B)

(1) The indictment charges the defendant with possessing any material that contained child pornography. For you to find the defendant guilty of this crime, you must find that the

government has proved each and every one of the following elements beyond a reasonable doubt:

**(A) First**: That, on or about February 17, 2021, the defendant knowingly possessed any material that contained an image of child pornography.

**(B) Second**: That the defendant knew that the material was child pornography.

**(C) Third**: That the child pornography was transported using any means or facility of interstate commerce by any means, including by computer.

(2) Now I will give you more detailed instructions on some of these terms.

(A) The term "child pornography" means any visual depiction, including any video or picture whether made by electronic means, of sexually explicit conduct where production of such visual depiction involved the use of a minor engaging in sexually explicit conduct.

(B) The term "visual depiction" includes data stored on computer disk or by electronic means, which is capable of conversion into a visual image.

(C) The term "sexually explicit conduct" means actual or simulated

(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(ii) bestiality;

(iii) masturbation;

(iv) sadistic or masochistic abuse;

(v) lascivious exhibition of the genitals or pubic area of a person.

~~In deciding whether an exhibition is lascivious, you may consider these six factors: (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose~~

~~generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer. This list is not exhaustive, and an image need not satisfy any single factor to be deemed lascivious. Instead, you must determine whether the visual depiction is lascivious based on its overall content. It is for you to decide the weight or lack of weight to be given any of these factors.~~

Nudity alone is not lascivious; there must be an exhibition of the genital area and this exhibition must be lascivious. A picture is lascivious only if it is sexual in nature.

(D) The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

(E) The term "means or facility of interstate commerce" includes the internet or the telephone.

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Citation: Pattern Crim. Jury Instr. 6th Cir. 16.08 (2023). (Modified pursuant to *United States v. Hillie*, 39 F.4th 674, 14 F.4th 677 (D.C. Cir. 2021) (see Section III, above) and *United States v. Hodge*, 805 F.3d 675, 680 (6th Cir. 2015) (voyeuristic videos likely not child pornography).

PROPOSED INSTRUCTION NO. ___

Knowingly Defined.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

Citation: Pattern Crim. Jury Instr. 6th Cir. 12.01 (2023) (This instruction is taken from the definition of knowing possession of a firearm.)

PROPOSED INSTRUCTION NO. ___

(If supported by evidence at trial.)

Affirmative Defense to Possession of Child Pornography

(1) It is an affirmative defense to a charge of possession of child pornography if you find,

  (A) The defendant possessed less than three images of child pornography; and

  (B) promptly and in good faith, and without retaining or allowing any person, other than a law enforcement agency, to access any image or copy thereof, took reasonable steps to destroy each such image.

Citation: Pattern Crim. Jury Instr. 6th Cir. 16.08 (2023) committee commentary. 18 U.S.C. 2252A(d).

PROPOSED INSTRUCTION NO. ___

Other Acts of the Defendant

(1)    You have heard testimony that the defendant committed acts other than the ones charged

in the indictment. If you find the defendant did those acts, you can consider the evidence only as it relates to the government's claim on the defendant's knowledge, intent, and absence of mistake. You must not consider it for any other purpose.

(2)     Remember that the defendant is on trial here only for accessing with intent to view child pornography on October 31, 2010, and possession of child pornography on February 14, 2021, not for other acts. Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

Citation: *Pattern Crim. Jury Instr*. 6th Cir. 7.13 (2023).

PROPOSED INSTRUCTION NO. ___

Defendant's Election not to Testify or Present Evidence (if applicable)

(1)     A defendant has an absolute right not to testify [or present evidence]. The fact that he did not testify [or present any evidence] cannot be considered by you in any way. Do not even discuss it in your deliberations.

(2)     Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

Citation: *Pattern Crim. Jury Instr*. 6th Cir. 7.02A (2023).

PROPOSED INSTRUCTION NO. ___

Defendant's Testimony (if applicable)

(1)     You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

(2)     You should consider those same things in evaluating the defendant's testimony.

Citation: *Pattern Crim. Jury Instr*. 6th Cir. 7.02B (2023).

## VII. PROPOSED VOIR DIRE QUESTIONS

1. Do you know anything about this case, other than what you heard this morning?

2. This case will involve images of children. Do you or any members of your family belong to any groups that advocate on behalf of or are concerned with issues related to child abuse or children's rights?

3. Do you have such strong views about pornography that you feel you could not be fair if the evidence showed the defendant viewed legal adult pornography?

4. This case involves an accusation that the defendant possessed child pornography. During this trial, you will be shown pornography, including graphic images, and hear descriptions of computer files, including graphic or offensive file names. Can you set your feelings about this material aside and be fair?

5. Does anyone who is a parent, caretaker, or close relative to children think that the fact they have a close relationship with a child or children may make them unable to render a fair and impartial verdict in this case?

6. Have you or any member of your immediate family ever been the victim of a crime?

7. Have you or any member of your immediate family ever served on a jury before?

8. Would you believe a witness just because they are a law enforcement officer? Would you give their testimony more weight than another witness?

## VIII. PROPOSED STATEMENT TO THE JURY

Joshua White is alleged to have knowingly accessed with intent to view child pornography on October 31, 2020, and possessed items of child pornography on or about February 17, 2021. February 17, 2021, was the date on which Homeland Security agents seized several computers and hard drives from the home he shares with his wife. Computer forensic software revealed images on devices that the prosecution alleges meet the definition of child pornography. Mr. White has pled not guilty and denies the charges.

Respectfully submitted,

/s/ Wanda McClure Dry
The Dry Law Firm
P.O. Box 2122
Danville, Kentucky 40423
Co-counsel for Defendant

/s/ James R. Gerometta
Law Office of James Gerometta
27 E. Flint St
Suite 2
Lake Orion, MI 48362

CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the Hon. A. Spencer McKiness, Assistant United States Attorney, and Hon Stephanie M. Zimdahl, Assistant United States Attorney.