UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA,

        Plaintiff,                  CR. NO. 3:21-cr-00155

v.                                       Hon. David J. Hale

JOSHUA WHITE,

        Defendant.

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CROPPED OR RESIZED IMAGES OR IN THE ALTERNATIVE TO REQUIRE THE SIMULTANEOUS ADMISSION OF THE ORIGINAL COMPLETE IMAGE OR ORIGINALLY SIZED IMAGE**

Defendant Joshua White moves this Court to exclude from evidence any images cropped from image collages, screenshots, or images resized from their original screen ratio.

**I. INTRODUCTION**

Joshua White is charged with one count of Accessing with Intent to View Child Pornography on or about October 31, 2010, in violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of Possession of Child Pornography on or about February 17, 2021, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Defendant believes these charges will be based primarily on screenshots and thumbnail images recovered from unallocated space or his computer's recycle bin. Images in thumbnails and screenshot forms likely have very small dimensions relative to screen size. It is difficult to tell how significant this digital image was when captured in a vacuum. For example, in isolation, if the

image below was found on a computer, someone could surmise the computer's owner was an Astros fan.



However, it can be presented in its original size and resolution relative to the original screen at the time the image was allegedly viewed; this more accurately represents what the computer user viewed. The size of the image on the screen demonstrates the evidentiary weight a juror should give to the image.



Finally, if the image was cropped from a screenshot, presenting the entire screenshot gives the image additional context.



## II. ARGUMENT

Federal Rule of Evidence 106 requires the admission of complete statements or related statements that "in fairness ought to be considered at the same time" as another statement or part of a statement introduced by a party. This same fairness analysis applies to the admission of duplicates. Federal Rule of Evidence 1003 allows the admission of duplicates except in cases when "circumstances make it unfair to admit the duplicate."

"A photograph is admissible if it is 'an accurate representation of the scene depicted.'" *United States v. Roberts*, 84 F.4th 659, 670 (6th Cir. 2023) (quoting *United States v. Hobbs*, 403 F.2d 977, 978–79 (6th Cir. 1968)). Enhanced images can be admitted if the enhancement is authenticated and properly documented. *Id.*

Finally, Federal Rule of Evidence 403 excludes evidence whose probative value is substantially outweighed by its prejudicial effect.

In this case, magnifying the size of the image relative to the screen and/or taking it out of its original screenshot or collage means the image is no longer an accurate representation of what the original viewer saw. Because Mr. White's knowledge of what was on his computer and his intent are both elements of the crimes he is charged with, the jury should see precisely what the original viewer saw and not be misled by magnifying or isolating the images. Because isolated or enlarged images no longer accurately represent what the original viewer saw on the screen, it is unfair to admit them under Federal Rule of Evidence 1003 and risk unfair prejudice under Federal Rule of Evidence 403.

If this Court determines that the images should be admitted, the Government should be required to simultaneously admit the screenshot or collage from which the image was taken or a proportionately sized copy of the image. The Government has classified these images, and any screenshots or collages they are taken from as contraband, and the defense does not have access to them, so they cannot admit them later in the trial to give the images the correct context.

### III.     CONCLUSION

This Court should exclude any resized or cropped duplicates of the images found. If the Court does admit cropped or resized images, the Government should be required to simultaneously admit a correctly sized image and an image of the screenshot or collage from which any image was cropped.

Respectfully submitted,

/s/ Wanda McClure Dry
The Dry Law Firm
P.O. Box 2122
Danville, Kentucky 40423
Co-counsel for Defendant

/s/ James R. Gerometta
Law Office of James Gerometta
27 E. Flint St
Suite 2
Lake Orion, MI 48362

CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the Hon. A. Spencer McKiness, Assistant United States Attorney, and Hon Stephanie M. Zimdahl, Assistant United States Attorney.