UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA,

        Plaintiff,                       CR. NO. 3:21-cr-00155

v.                                         Hon. David J. Hale

JOSHUA WHITE,

        Defendant.

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING THE WESTERN DIGITAL HARD DRIVE OR IN THE ALTERNATIVE TO ADMIT FACT TESTIMONY

Defendant Joshua White moves this Court to exclude testimony regarding the Western Digital hard drive (LI004 in HSI reports) or, in the alternative, admit the testimony of the defendant's fact witness.

**I. INTRODUCTION**

Joshua White is charged with one count of Accessing with Intent to View Child Pornography on or about October 31, 2010, in violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of Possession of Child Pornography on or about February 17, 2021, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Defendant had sought to admit the opinion testimony of Michael Littrell and Jake Green under Federal Rule of Evidence 702. The Government moved to exclude this testimony based on the defendant's failure to comply with disclosure obligations. R. 203. The Court granted this motion. R. 236.

The Government has disclosed the child pornography images that it intends to introduce at trial; many of them are from the WD hard drive recovered from the White home. The Government's expert disclosure regarding Stephen Stuart references four reports of investigation he will testify about. These reports reference a Toshiba laptop, a Hitachi hard drive, a SanDisk hard drive, and a Maxtor hard drive. None of these reports contain information regarding the WD hard drive. Because the Government's disclosure fails to reference this item, Stephen Stuart should not be allowed to testify regarding its contents.

## II.  ARGUMENT

Federal Rule of Criminal Procedure 16(a)(1)(G) requires disclosure of expert testimony. This was not done regarding the Western Digital hard drive, and any opinion testimony should be excluded from evidence.

## III.  CONCLUSION

This Court should exclude evidence regarding the Western Digital hard drive. To the extent that the Court rules that any testimony is factual rather than opinion, the defense should be allowed to admit similar factual testimony by a defense expert.

Respectfully submitted,

/s/ Wanda McClure Dry
The Dry Law Firm
P.O. Box 2122
Danville, Kentucky 40423
Co-counsel for Defendant

/s/ James R. Gerometta
Law Office of James Gerometta
27 E. Flint St
Suite 2
Lake Orion, MI 48362

CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the Hon. A. Spencer McKiness, Assistant United States Attorney, and the Hon. Stephanie M. Zimdahl, Assistant United States Attorney.