UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA,

         Plaintiff,                      CR. NO. 3:21-cr-00155

v.                                          Hon. David J. Hale

JOSHUA WHITE,

         Defendant.

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING THE NUMBER OF TIMES CHLD PORNOGRAPHY-RELATED SEARCH TERMS APPEAR ON THE DEFENDANT'S COMPUTER**

Defendant Joshua White moves this Court to exclude from evidence testimony regarding the Government's search for words it believes are commonly associated with child pornography.

**I. INTRODUCTION**

Joshua White is charged with one count of Accessing with Intent to View Child Pornography on or about October 31, 2010, in violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of Possession of Child Pornography on or about February 17, 2021, in violation of 18 U.S.C. § 2252A(a)(5)(B).

The Government intends to call Stephen Stuart as both a fact and opinion witness. At an evidence review conducted for the defense, the Government presented evidence regarding the number of times particular terms they associated with child pornography were found on the computer through simple word searches. The list included numerous terms. Many were common

words like "carrot." Some search terms were fragments that could be part of longer words like "pedo" or "cp."

### II. ARGUMENT

Federal Rule of Evidence 401 states that evidence is relevant if it makes a fact more or less probable and that fact is of consequence in the action. Finally, Federal Rule of Evidence 403 excludes evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The prevalence of specific terms does not make any fact of consequence in this litigation more or less probable. This trial is not about sexual preference or predilection. The jury must decide if there is proof beyond a reasonable doubt that the defendant knowingly possessed or accessed with intent to view images of child pornography. The prevalence of specific terms found on random locations on the computer is not relevant to whether the defendant did the particular acts he is charged with. This is particularly true when the Government presents a laundry list of words or word fragments that it associates with child pornography for reasons not apparent to others.

The presentation of this evidence may prejudice the jury based on the high number of keywords the Government will highlight as present. Going through this list word by word to emphasize the normalcy of most of the terms and explaining that others are word fragments could take hours and be a waste of time for the Court and jury.[1]

---

[1] Defense counsel has discussed this issue with the Government, and they may be willing to pare down their list of terms.

### III. CONCLUSION

This Court should exclude the Government's word list as irrelevant and a waste of time.

Respectfully submitted,

/s/ Wanda McClure Dry
The Dry Law Firm
P.O. Box 2122
Danville, Kentucky 40423
Co-counsel for Defendant

/s/ James R. Gerometta
Law Office of James Gerometta
27 E. Flint St
Suite 2
Lake Orion, MI 48362

### CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the Hon. A. Spencer McKiness, Assistant United States Attorney, and Hon Stephanie M. Zimdahl, Assistant United States Attorney.