UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA,

        Plaintiff,                       CR. NO. 3:21-cr-00155

v.                                           Hon. David J. Hale

JOSHUA WHITE,

        Defendant.

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT THE CHILD PORNOGRAPHY WAS THE OBJECT OF THE FEBRUARY 17, 2021, SEARCH

Defendant Joshua White moves this Court to exclude evidence that the object of the February 17, 2021, search warrant was child pornography.

**I. INTRODUCTION**

Joshua White is charged with one count of Accessing with Intent to View Child Pornography on or about October 31, 2010, in violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of Possession of Child Pornography on or about February 17, 2021, in violation of 18 U.S.C. § 2252A(a)(5)(B).

In anticipation of an earlier trial date, the Government moved to preclude evidence of the FLA investigation that led to the issuance of a search warrant for the White family residence. R. 211. Defendant filed a brief in opposition. R. 222. The Court denied the motion. R. 238. Since then, the Government filed a superseding indictment adding a second count against Mr. White. R.

247. Defendant now agrees that neither party should be able to discuss the dates and details of the FLA investigation and tip.

Additionally, Defendant moves to exclude evidence that the object of the search warrant executed on February 17, 2021, was child pornography.

## II. ARGUMENT

Federal Rule of Evidence 401 states that evidence is relevant if it makes a fact more or less probable and that fact is of consequence in the action. Finally, Federal Rule of Evidence 403 excludes evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

In *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573 (6th Cir. 1994), the Sixth Circuit held that the National Labor Relations Board's decision not to issue a duty of fair representation complaint against a union was not admissible in a suit against that union. The court held that there was a high probability that if admitted, the jury would give undue weight and difference to the Board's decision.

> we agree with the plaintiff's claim that the jury would be quite likely to assign greater value to this decision than it is worth, given that it is the product only of an administrative investigation, and not of an adjudicatory procedure. Thus, the documents would be unduly prejudicial.

*Black*, 15 F.3d at 587.

The same danger exists here. If the jury is told that a federal court issued a warrant to search Mr. White's house for child pornography, they may feel like they must or should defer to the decision of a federal judge. That decision being that there is sufficient evidence linking Mr. White and his devices to child pornography. If the object of the search warrant is admitted, the defense

must then explain the difference between probable cause and proof beyond a reasonable doubt. This is inappropriate and not a good use of the jury's time, especially when there is no permissible purpose for telling the jury the object of the search warrant.

The defense does not intend to make a backdoor challenge to the search during trial. For this reason, the jury only needs to be told that the Government had a warrant to search the home and electronics.

### III.    CONCLUSION

This Court should exclude evidence that the purpose of the February 17, 2021, search was to look for evidence of child pornography.

Respectfully submitted,

/s/ Wanda McClure Dry
The Dry Law Firm
P.O. Box 2122
Danville, Kentucky 40423
Co-counsel for Defendant

/s/ James R. Gerometta
Law Office of James Gerometta
27 E. Flint St
Suite 2
Lake Orion, MI 48362

CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the Hon. A. Spencer McKiness, Assistant United States Attorney, and Hon Stephanie M. Zimdahl, Assistant United States Attorney.