UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA,

          Plaintiff,          CR. NO. 3:21-cr-00155

v.          Hon. David J. Hale

JOSHUA WHITE,

          Defendant.

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE FOUND ON THE TOSHIBA LAPTOP AND SANDISK HARD DRIVE

Defendant Joshua White moves this Court to exclude evidence found on the Toshiba laptop and SanDisk hard drive under Federal Rule of Evidence 404.

### I. INTRODUCTION

Joshua White is charged with one count of Accessing with Intent to View Child Pornography on or about October 31, 2010, in violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of Possession of Child Pornography on or about February 17, 2021, in violation of 18 U.S.C. § 2252A(a)(5)(B).

The Government filed a notice of intent to offer other acts evidence as either intrinsic to the offense or under 404. Included in this notice is evidence found on a Toshiba laptop and SanDisk hard drive. Although not identical, the two devices are essentially copies of each other, with the SanDisk appearing to be a backup of the laptop. No child sexually abusive material was found on either device.

Defendant believes that the Government intends to introduce evidence that Mr. White had installed the TOR browser to access the Dark Web, bookmarked the Hidden Wikki, and installed encryption, deletion, and anonymization software.

Defendant also believes that the Government intends to introduce evidence of a telly.com search for lesbian+preteen. While there is no evidence of what telly.com is, the updated search appears to be from an automated information backup from an iPhone or iPad plugged into the computer at an unknown date and time.

## II. ARGUMENT

Federal Rule of Evidence 404(b) allows the admission of other acts evidence to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Before admitting evidence, this Court must: (1) decide whether there is sufficient evidence that the other act in question occurred and defendant committed the act; (2) if sufficient evidence exists, decide whether the other act evidence is probative of a material issue other than character; and (3) if it is, decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect. *United States v. McGee*, 510 Fed. Appx. 377, 381 (6th Cir. 2013) (citing *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003)).

The Toshiba laptop and SanDisk were in use from 2014 to 2021. The access with intent to view allegedly occurred on October 31, 2010. While the possession is alleged to have occurred on February 17, 2021, the images were located on devices not used since 2012. There was at least a two-to-four-year break between the images alleged to have been viewed or possessed and the potential use of the software on the Toshiba and SanDisk. The software cannot be intrinsic evidence of an offense that occurred years before any use of the software. There is also no evidence that the charged images were found on the Dark Web. The screenshots show that the Dark Web

was not used. See, e.g., *United States v. Sadler*, 24 F.4th 515 (6th Cir. 2021) (error to admit evidence of two heroin sales in a drug conspiracy case where the heroin sales were done with a different modus operandi than the conspiracy and in a different part of town).

Nor is the telly.com search admissible under 404(b). While the fact that someone made this search was backed up on the Toshiba and SanDisk, there is no evidence regarding whose Apple device the search was backed up from or when it occurred. Because the search did not happen on the computer owned or controlled by Mr. White, the Government must prove that he searched on the unknown iPhone. They cannot.

Defendant believes that the Government will argue that no recent child pornography was found on the computer because he has gotten more sophisticated in his methods of avoiding detection. This speculation invites the jury to convict Mr. White based not on the evidence but rather on the fear of what he could be doing. Such a public duty argument is not supported by the evidence and is entirely improper.

### III. CONCLUSION

This Court should exclude evidence from the Toshiba and SanDisk as irrelevant and prejudicial.

Respectfully submitted,

/s/ Wanda McClure Dry
The Dry Law Firm
P.O. Box 2122
Danville, Kentucky 40423
Co-counsel for Defendant

/s/ James R. Gerometta
Law Office of James Gerometta
27 E. Flint St
Suite 2
Lake Orion, MI 48362

### CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the Hon. A. Spencer McKiness, Assistant United States Attorney, and Hon Stephanie M. Zimdahl, Assistant United States Attorney.