UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA    PLAINTIFF

v.    CRIMINAL NO. 3:21-CR-155-DJH

JOSHUA WHITE    DEFENDANT

RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE THE REASON FOR
THE FEBRUARY 17, 2021, SEARCH OF HIS RESIDENCE
*ELECTRONICALLY FILED*

The United States opposes the defendant's motion to exclude evidence that child pornography was the object of the February 17, 2021, search of his residence.

The defendant moves to exclude evidence this Court has already ruled admissible at trial, that the subject of the search warrant was child pornography. (DN 271). The defendant previously opposed the government's motion to preclude evidence of the FLA investigation that led to the issuance of the February 17, 2021, search warrant. (DN 222). The defense previously claimed that "the information regarding the FLA tip is relevant and admissible to counter 'the prejudicial inferences that will be drawn from the existence of a warrant for child pornography.'" (DN 238 at p. 2).

This Court denied the government's motion specifically stating that "the Court will permit discussion of the FLA tip on direct and cross-examination, but [would] limit the scope of that discussion to avoid any confusion of the issues." (Id. at p. 4). The Court properly conducted a rule 401 and 403 analysis of the issue in drawing its conclusion. There has been no material change in the case since that determination.

The defendant now wishes to relitigate this issue from the opposite side, claiming his change of position is based on the added charge from the superseding Indictment of Access with Intent to View Child Pornography. This link, however, is never explained and non-existent. The search warrant was issued in 2021 because of information provided from an FLA regarding White's access to child pornography on the Dark Web in 2019. The added charge in the Superseding Indictment is based on numerous fruitful searches for child pornography White conducted on October 31, 2010, approximately 11 years before the issuance of the warrant. Additionally, many of the images that were the subject of the already charged possession of child pornography were from this 2010 period as well. The defense implies the superseding charge changed the case in some way; in reality, the evidence is the same.

The Court essentially ruled on this issue and the nature of the search warrant itself in its July 11, 2024, order. (DN 238). The Court addressed the relevance and probativeness of the FLA information in that order. The government sees no reason to alter that order. The defendant's motion should therefore be denied.

          Respectfully submitted,

          MICHAEL A. BENNETT
          United States Attorney

          s/ *A. Spencer McKiness*
          A. Spencer McKiness
          Stephanie Zimdahl
          Assistant U.S. Attorney
          717 West Broadway
          Louisville, Kentucky 40202
          PH: (502)582-5911
          FAX: (502)582-5067
          Email: spencer.mckiness@usdoj.gov

## CERTIFICATE OF SERVICE

 I hereby certify that on October 18, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

            s/ *A. Spencer McKiness*
            A. Spencer McKiness
            Assistant United States Attorney