UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA     PLAINTIFF

v.                                                            CRIMINAL NO. 3:21-CR-155-DJH

JOSHUA WHITE                                                               DEFENDANT

RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY
REGARDING THE WESTERN DIGITAL HARD DRIVE
*ELECTRONICALLY FILED*

The United States opposes the defendant's motion to exclude expert testimony regarding the Western Digital Hard Drive.

## INTRODUCTION

The defendant moved to exclude the government's proposed expert testimony regarding the Western Digital Hard Drive (WDHD) based on a clerical error. (DN 269). The government's original expert disclosure mistakenly omitted a single report that detailed the forensic review for most of the subject devices, including the WDHD. Upon learning of this error, the government provided the defense with an updated expert disclosure containing the missing report. The defendant will not be prejudiced by this corrected disclosure.

## ARGUMENT

The subject report was provided to the defense team more than two years ago and repeatedly produced every time the defendant obtained new counsel. Additionally, the government has met with and shown images to the defense team approximately five times, and each of those times the government's focus was the content on the WDHD. The government on

numerous occasions had its forensic expert walk the defense through that device and the evidence the government intended to use from it. The defense forensic reviewer has had a sanitized copy of the WDHD for at least a year and can review the device. The defense is well aware of its content and how the government plans to use it at trial.

Rule 16(a)(G) sets out the government's duty to disclose expert testimony and its duty to supplement and correct those disclosures. The defense does not argue that the government failed to properly disclose its proposed expert testimony. The defendant argues that the government's expert should not be allowed to testify regarding the forensically reviewed WDHD because it failed to reference the forensic report of that device in the expert disclosure. This omission was a simple clerical error that was cured when the government sent the defendant an updated disclosure on October 15, 2024.

The government has a duty under Rule 16(a)(G)(vi) to update and supplement its disclosures in accordance with Rule 16(c). That rule states that "a party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party or the court if the evidence or material is subject to discovery or inspection under this rule, and the other party previously requested or the court ordered its production." Fed. R. Crim. E. 16(c).

In this case, the evidence is not the report itself; rather, it is the expert disclosure that mistakenly omitted reference to the report addressing the forensic review of the WDHD. The defendant knew the government intended to have its expert testify regarding the WDHD because this point was reiterated in almost every in-person meeting with the defense team, pretrial filings, the filed exhibit list, and proposed stipulations. Nevertheless, the government discovered this omission prior to trial, promptly updated the expert disclosure, and sent it to the defense. The government has now cured any defect in its expert disclosure without prejudicing the defendant.

Because the government cured the defect well in advance of trial without prejudicing the defendant, his motion to exclude should be denied as moot.

        Respectfully submitted,

        MICHAEL A. BENNETT
        United States Attorney

        s/ *A. Spencer McKiness*
        A. Spencer McKiness
        Stephanie Zimdahl
        Assistant U.S. Attorney
        717 West Broadway
        Louisville, Kentucky 40202
        PH: (502)582-5911
        FAX: (502)582-5067
        Email: spencer.mckiness@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

        s/ *A. Spencer McKiness*
        A. Spencer McKiness
        Assistant United States Attorney