UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:21-CR-00155-DJH

UNITED STATES OF AMERICA                                                                PLAINTIFF

VS.

JOSHUA WHITE                                                                            DEFENDANT

## ORDER

Before the Court is Defendant Joshua White's Motion to Amend Conditions of Bond. (DN 246). The United States has responded in opposition and requested the Court remove previous amendments to White's bond conditions. (DN 253). White has filed a reply. (DN 254). White's trial is currently scheduled to begin on November 4, 2024. (DN 255).

### I. Background

On December 7, 2021, White was indicted by a grand jury in the Western District of Kentucky on child pornography charges. (DN 1). The Court held a detention hearing on December 10, 2021. (DN 8). The undersigned determined that White should be released on an unsecured bond in the amount of $25,000.00 to home detention under the custody of his wife, Jordan White, with location monitoring technology. (DN 10). White's bond further imposed the following conditions of release: White must continue or actively seek employment, must surrender his passport, must avoid all contact with victims or witnesses, must have no unsupervised contact with minors, must have no access to computers or the Internet without prior written approval of the Court, and must not use or possess removable storage devices. (*Id.*).

Later that month, White moved to amend his conditions of release, arguing, among other things, that prohibiting his access to a computer and the Internet violates his Constitutional rights.

(DN 13). The Court held a hearing on White's Motion on February 7, 2022. (DN 30). The undersigned determined that White's original conditions of release remained necessary but amended the conditions to permit White, under the direct supervision of his wife, to (1) access a computer for the limited purpose of searching and applying for employment; (2) to access an email service for the limited purpose of communication with potential employers or his attorneys; and (3) to utilize Zoom or other videoconference technology to communicate with his attorneys. (*Id.*). Additionally, the Court amended White's travel conditions to permit White to travel to Danville, Kentucky to meet with his attorney at her office. (*Id.*). Though White requested additional computer and Internet access that the Probation office could review through computer monitoring software, the Court noted it was unconvinced that such software is failsafe and could not be manipulated by an individual, like White, with extensive and sophisticated knowledge of computers. (*Id.*).

On June 14, 2024, White again moved to modify his bond conditions, this time seeking permission to travel to California to receive medical care. (DN 209). The District Judge denied White's request. (DN 225).

Now, White has once more moved to modify his bond conditions. (DN 246). White seeks permission to use a computer and internet-accessible cellular phone subject to monitoring software. (DN 246). White allegedly needs further access to the Internet, a computer, and a smartphone to perform work as an engineer and to stay informed on local issues and politics. (*Id.*). As for the Court's prior concerns with White's computer sophistication, White argues he would not be able to bypass the monitoring software without "at least leaving traces that would raise red flags" to the Probation office. (*Id.*).

The United States responds that White's requested modification is futile because the U.S. Probation Office has a longstanding policy of not using computer monitoring software as a pretrial condition. (DN 253). Even if such a condition were available, the United States argues White's request is inappropriate based again on White's sophistication in use of technology, ability to access the "dark web," and prior use of "Tails," a live operating system that leaves no trace that a computer has been used, how it has been used, or what the user accessed or viewed. (*Id.*). The United States additionally asserts that White's prior modified bond conditions, that White can have certain access to computers and the Internet, should be reconsidered and removed because during the two years these conditions have been effective, White has failed to obtain employment of any kind. (*Id.*). Further clarification of White's home-detention conditions is also necessary, the United States asserts, because the United States has learned from "concerned citizens" that White has been regularly travelling outside of the home, throughout his neighborhood and elsewhere beyond his original conditions of release. (*Id.*).

White, in reply, emphasizes that his case constitutes an exception to the U.S. Probation Office's general policy against computer monitoring because the pretrial stage has been unusually long. (DN 254). Even without computer monitoring, White submits he could work "flexible hours" under the supervision of his wife or mother. (*Id.*). As for the United States' request for clarification of his home-detention conditions, White maintains he has complied with the Court's conditions and that the Probation office has approved his travel schedule weekly. (*Id.*).

While White's Motion was pending, the U.S. Probation Office filed a Pretrial Violation Notice, stating that White interacted with two juvenile males while at a Planet Fitness location on September 16, 2024. (DN 256). The Probation Office determined that no formal adverse action was necessary but addressed the concern with White. (*Id.*).

II. Legal Standard

18 U.S.C. § 3142 governs whether a defendant should be released or detained pending trial. The Court may order the defendant be "released on personal recognizance or upon execution of an unsecured appearance bond" or "released on a condition or combination of conditions under [§ 3142(c)]." 18 U.S.C. § 3142(a)(1)-(2). If the court determines that release on personal recognizance or on an unsecured bond would not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, the court shall order pretrial release of the person "subject to the least restrictive condition, or combination of conditions" to achieve those goals. *Id.* at (c).

The Court may amend an order of pretrial release "to impose additional or different conditions of release" at any time. *Id.* at (c)(3). A separate provision of the statute provides that a defendant's detention hearing may be reopened at any time before trial where the court finds "that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *Id.* at (f)(2). This District, and many others, have held that § 3142(f)(2)'s requirement that a defendant must provide new and material information applies to motions to modify conditions of release pursuant to § 3142(c)(3). *United States v. Peguero*, No. 3:21-CR-00010-RGJ-3, 2021 WL 4811315, at *2 (W.D. Ky. Oct. 14, 2021) (collecting cases); *see also United State v. Ross*, No. 3:23-CR-128-TAV-JEM, 2024 WL 18980087, at *3 (E.D. Tenn. Apr. 30, 2024). Without such a requirement, a defendant could file countless petitions to modify his conditions, "with nothing in the statute precluding [them] from doing so[.]" *Peguero*, 2021 WL 4811315, at *2 (quoting *United States v. Gay*, No. 4:20-cr-40026-JES-JEH, 2020 WL 5983880, at *3 (C.D. Ill. Oct. 7, 2020)).

Under this requirement, "[t]he defendant must show "truly changed circumstances or a significant event." *United States v. Bothra*, No. 20-1364, 2020 WL 1611545, at *1 (6th Cir. May 21, 2020) (citing *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991) (per curiam); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Peralta*, 849 F.2d 625, 626-27 (D.C. Cir. 1988 (per curiam)).

III. Analysis

Applying that standard here, White has submitted no new or material information that would alter the undersigned's current conditions of release. White asks for computer and Internet privileges so he can work as an engineer. But his future work as an engineer is purely hypothetical. White provides no evidence that he has applied for work as an engineer in the last two years or that he has been offered work contingent on his ability to use a computer/Internet.

Another reason White claims to need further computer/Internet access is to be "informed on local issues and able to reach out to local politicians and candidates. (DN 246, at PageID # 1518-19). White emphasizes he previously was "very active in his community" and it is impossible to stay informed without Internet and email access. (*Id.*). Not only does this information fail the newness prong, a defendant's wish to access local news and contact political officials is also not the type of "truly changed circumstances or a significant event" warranting a change in bond conditions. Additionally, such a bond condition is superfluous because White's wife can provide him with local news updates and email local official or politicians on White's behalf.

White's citations to out-of-Circuit caselaw striking down total bans on Internet and computer access likewise miss the mark. White is not, and has never been, under a total ban on accessing computers and Internet. Initially, the Court required White to request the Court's permission before obtaining access. The Court then amended White's computer/Internet use in

February of 2022 to permit access to computer, Internet, and email for seeking employment and communicating with his attorneys while under the supervision of his wife. It bears repeating that White produces no evidence that he has made any effort in the thirty-two months since the Court amended his bond conditions to apply for employment using these conditions.

Nor does the potential for computer monitoring constitute new or material information bearing on White's pretrial release conditions. The Court respects the United States' Probation Office's policy of not permitting the use of computer monitoring software as a pretrial condition. White previously suggested the use of computer monitoring in his first motion to amend conditions of release, and the Court expressed its concerns that such monitoring would not be failsafe. (DN 13). Critically, White presents no information that alters the Court's earlier concerns regarding his sophistication in the use of technology and prior utilization of anti-forensic and anonymizing software.

White also attempts to prove his prior alleged use of internet access to view illegal material is stale information as related to his current conditions of release because these instances occurred five years ago. But the dates of his alleged criminal activity were known to White at the time of his initial detention hearing and do not constitute "new and material" information sufficient to alter his bond conditions. And while White's pretrial period has been lengthy, this length does not necessarily entitle White to additional bond conditions, especially since White's trial date is less than three weeks away.[1]

Finally, White's reply emphasizes he has complied with his bond conditions since his arrest. Complying with the Court's bond conditions is a requirement under § 3142, not a special

---

[1] The Court also notes that most of the delays in this case have been attributable to White. White has filed numerous motions to continue in the case and has had several changes in counsel. (*See* DN 26; DN 45; DN 65; DN 79; DN 106; DN 120; DN 138; DN 233; DN 242).

circumstance deserving of a change in conditions. *United States v. Mays*, No. 23-cr-20521, 2024 WL 2863246, at *7 (E.D. Mich. June 6, 2024) (finding no logic to proposition that a defendant can "earn a relaxation of bond conditions simply by complying with existing bond conditions."). Holding otherwise would frustrate the Act's goals and open the floodgates to bond modification. Even if compliance could serve as grounds for bond modification, White has not been completely compliant with his bond conditions as he alleges. In the month after he filed the instant motion to modify his conditions of release, White violated at least one condition by interacting with minors at a Planet Fitness location. (*See* DN 256). White has not demonstrated new and material information bearing on the Court's prior conditions of release that would warrant alteration.

In the same vein, the Court finds no basis for rescinding its prior amendments to White's bond conditions, which allow White to use a computer, Internet, and email to seek employment and to use Zoom technology to communicate with his attorneys, all under the supervision of his wife. According to the United States, these conditions are no longer necessary since White has failed to use them to obtain employment in well over two years. While agreeing that White's failure to seek employment for the last thirty-two months is troublesome, the Court does not find this to be new and material information that warrants rescission of the prior conditions. And the Court does not find further clarification of White's home detention necessary based on vague assertions from "concerned citizens" in his neighborhood that he has been traveling for reasons well beyond those listed in his bond. The Court, accordingly, denies the United States' request that the Court revoke its earlier bond modifications.

<u>IV. Order</u>

For the above-stated reasons, **IT IS HEREBY ORDERED** as follows:

(1) Defendant's Motion to Amend Conditions of Bond (DN 246) is **DENIED.**

(2) The United States' Request to Revoke White's Modified Bond Conditions (DN 253) is **DENIED.**

(3) White's prior bond conditions, as outlined in DN 10 and DN 30, remain in full force and effect.

Copies:      Counsel of Record