UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA     PLAINTIFF

v.     CRIMINAL NO. 3:21-CR-155-DJH
*Electronically Filed*

JOSHUA WHITE     DEFENDANT

**UNITED STATES' NOTICE OF INTENT TO INTRODUCE
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 902**

The United States of America, by and through its undersigned counsel, hereby notifies the defendant of the Government's intent to introduce certain evidence as self-authenticating pursuant to the Federal Rules of Evidence. The Government intends to introduce electronic evidence by way of certification under Rule 902(14).

Federal Rule of Evidence 902(14) permits the authentication of certain electronic evidence by certification rather than through the testimony of a live witness. *See United States v. Dunnican*, 961 F.3d 859, 871–72 (6th Cir. 2020) (holding that evidence extracted from a seized cell phone was "properly authenticated" by certification under Rule 902(14)). Rule 902(14) provides that the following evidence is self-authenticating:

> Data copied from an electronic device, storage medium, or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12). The proponent also must meet the notice requirements of Rule 902(11).

Fed. R. Evid. 902(14).

In enacting Rule 902(14) (along with Rule 902(13)), the Rules Committee noted that "as with the provisions on business records in Rules 902(11) and (12), the Committee has found that the expense and inconvenience of producing a witness to authenticate an item of electronic evidence is often unnecessary." Fed. R. Evid. 902(13), Advisory Committee's Note (2017). "It is often the case that a party goes to the expense of producing an authentication witness, and then the adversary either stipulates authenticity before the witness is called or fails to challenge the authentication testimony once it is presented." *Id.* "The amendment provides a procedure under which the parties can determine in advance of trial whether a real challenge to authenticity will be made and can then plan accordingly." *Id.*

In this case, law enforcement seized multiple electronic devices from the defendant during the execution of a search warrant at his residence. The Government intends to introduce evidence acquired from five of those devices at trial. Reports relating to the creation of forensic images and the nature of and forensic tools used in the process have been produced to the defendant, along with reports of the forensic review of the forensic images. Defendant and his counsel have further reviewed the examinations of the forensic images multiple times at the offices of the Homeland Security Investigations.

Attached to this notice as Exhibit A is the Rule 902(11) and 902(14) certification of Brad Hutchinson, Forensic Agent with the Department of Homeland Security Homeland Security Investigations. Agent Hutchinson attests that he was qualified to conduct the acquisitions, the process used to create the images was

reliable, and the digital acquisitions are a true and accurate copy of the original devices. As such, the Government has met the requirements of Rules 902(11) and (14) and will move to admit the forensic image extractions without the need for testimony from a live witness.

        Respectfully submitted,

        MICHAEL A. BENNETT
        United States Attorney

        s/ *A. Spencer McKiness*
        A. Spencer McKiness
        Stephanie M. Zimdahl
        Assistant U.S. Attorneys
        717 West Broadway
        Louisville, Kentucky 40202
        PH: (502)582-5911
        FAX: (502)582-5067
        Email: spencer.mckiness@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 22, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the counsel to the defendant.

        s/ *A. Spencer McKiness*
        A. Spencer McKiness
        Assistant United States Attorney