# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CRIMINAL ACTION NO. 3:21-CR-00155-DJH

**UNITED STATES OF AMERICA**　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**VS.**

**JOSHUA WHITE**　　　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANT**

## AMENDED ORDER

Before the Court is Defendant Joshua White's Unopposed Motion to Modify Conditions of Release. (DN 291).

On December 7, 2021, White was indicted by a grand jury in the Western District of Kentucky on child pornography charges. (DN 1). The Court held a detention hearing on December 10, 2021. (DN 8). The undersigned determined that White should be released on an unsecured bond in the amount of $25,000.00 to home detention under the custody of his wife, Jordan White, with location monitoring technology. (DN 10). White's bond further imposed the following conditions of release: White must continue or actively seek employment, must surrender his passport, must avoid all contact with victims or witnesses, must have no unsupervised contact with minors, must have no access to computers or the Internet without prior written approval of the Court, and must not use or possess removable storage devices. (*Id.*).

White moved to modify his bond conditions three times (DN 13; DN 209; DN 246), which the Court denied[1] (DN 30; DN 225; DN 278). Less than a week before White's trial was to commence, the Parties informed the Court that a plea agreement had been reached and that a superseding information would issue, charging White with a single count of Misprision of a felony

---

[1] The Court's February 15, 2022 order found White's original conditions of release remained necessary but amended the conditions to permit White to have limited access to a computer and email in order to search and apply for employment. (DN 30).

in violation of 18 U.S.C. § 4. (DN 285; DN 286). White pled guilty on October 31, 2024 to Count One of the Superseding Information. (DN 287). As part of the plea agreement, the United States agreed to recommend a sentence of two years' probation. (DN 289). White's sentencing will take place on January 23, 2025. (*Id.*).

Now, White has filed an unopposed motion to amend his bond conditions to remove the requirement of home detention and replace it with a curfew from 9:00 PM to 6:00 AM. (DN 291). White argues that his guilty plea constitutes a material change in circumstances that warrants the reopening of the detention determination. (*Id.*). He submits that both the United States and the U.S. Probation Office believe that a curfew, rather than home detention, is appropriate based on White's guilty plea. (*Id.*).

The Court may amend an order of pretrial release "to impose additional or different conditions of release" at any time. 18 U.S.C. § 3142(c)(3). A separate provision of the statute provides that a defendant's detention hearing may be reopened at any time before trial where the court finds "that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *Id.* at (f)(2). This District, and many others, have held that § 3142(f)(2)'s requirement that a defendant must provide new and material information applies to motions to modify conditions of release pursuant to § 3142(c)(3). *United States v. Peguero*, No. 3:21-CR-00010-RGJ-3, 2021 WL 4811315, at *2 (W.D. Ky. Oct. 14, 2021) (collecting cases); *see also United State v. Ross*, No. 3:23-CR-128-TAV-JEM, 2024 WL 18980087, at *3 (E.D. Tenn. Apr. 30, 2024). Without such a requirement, a defendant could file countless petitions to modify his conditions, "with nothing in the statute precluding [them] from doing so[.]" *Peguero*, 2021 WL

2

4811315, at *2 (quoting *United States v. Gay*, No. 4:20-cr-40026-JES-JEH, 2020 WL 5983880, at *3 (C.D. Ill. Oct. 7, 2020)). Under this requirement, "[t]he defendant must show "truly changed circumstances or a significant event." *United States v. Bothra*, No. 20-1364, 2020 WL 1611545, at *1 (6th Cir. May 21, 2020) (citing *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991) (per curiam); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Peralta*, 849 F.2d 625, 626-27 (D.C. Cir. 1988 (per curiam)).

The Superseding Information substantially altered White's initial charges from the Indictment. (*See* DN 1; DN 247; DN 286). And White has now pled guilty to the new charge of Misprision of a felony, which carries significantly less serious penalties than his previous charges. (DN 286; DN 287; DN 289). Finally, in reaching the plea agreement with White, the United States agreed to recommend a sentence of two years' probation. (DN 289). These events constitute new and material information bearing on White's conditions of release. Coupling these circumstances with the United States and the U.S. Probation Office's agreement that altering White's bond conditions is appropriate, the Court grants White's request.

**IT IS THEREFORE ORDERED** that White's Motion to Modify Conditions of Release (DN 291) is **GRANTED**. The Court removes the requirement of home detention. The Court adds the requirement that White comply with a curfew from 9:00 PM to 6:00 AM, or as otherwise directed by the U.S. Probation Office. The remainder of White's prior bond conditions, as outlined in DN 10 and DN 30, remain in full force and effect.

Copies:   Counsel of Record
          United States Probation Office