UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA     PLAINTIFF

v.     CRIMINAL NO. 3:21-CR-00155-DJH

JOSHUA WHITE     DEFENDANT

## SENTENCING MEMORANDUM
*Electronically Filed*

The United States of America files its memorandum in support of sentencing in this action and requests the Court sentence Joshua White to 2-years of probation. The government also recommends a fine of $7,500.

### I.   Introduction

Joshua White pleaded guilty on October 31, 2024, to misprision of a felony for concealing the possession of child pornography. White's devices contained evidence of child pornography since at least 2010 and evidence of child pornography searches were found on the device he used on February 17, 2021. White used sophisticated encryption and data deletion software to conceal the possession of child pornography on those devices.

### II. Factual Background

The Department of Homeland Security Investigations (HSI) received information from a foreign law enforcement agency that someone accessed a child pornography site on the dark web using an IP address associated with Joshua White's residence. (DN 298 at paras. 7-10). HSI executed a search warrant at White's residence on February 17, 2021, and located several

1

electronic devices that contained child pornography in unallocated space and several electronic devices with sophisticated anti-forensic tools and data wiping software. (Id. at paras. 11-17).

### III. Crimes of Conviction

On October 31, 2024, White pleaded guilty to a Superseding Information charging him with misprision of a felony, which was the possession of child pornography. (Id. at paras. 1-2). In the plea agreement White agreed that on or about February 17, 2021, child pornography was located on one or more electronic storage devices owned by him and that he concealed that fact by use of anti-forensic tools. (Id.). The plea agreement is a Rule 11(c)(1)(B) plea agreement with a recommendation of 2 years of probation. (Id. at para. 2). The government also agreed to dismiss all previous Indictments and Superseding Indictments and will do so during the sentencing hearing. (Id.)

### IV. Statutory Sentencing Provisions

Count 1 carries no minimum term of imprisonment with a maximum term of 3 years. (Id. at para. 57). Supervised release may be imposed up to 1 year. (Id. at para. 61).

**A.    Restitution**

Restitution is not an issue in this case.

**B.    Forfeiture**

White agreed in the plea agreement to forfeit and abandon any right to any and all evidence, and property seized during the course of this investigation including a Maxtor External Hard Drive, a Hitachi Hard Drive, a Western Digital Hard Drive, and a Qosmio Toshiba Laptop, and waived any right to seek the return of any property. (Id. at para. 9).

### V.      Objections to the PSR

The United States has no objections to the PSR. White, however, has objected to the inclusion of several images of child pornography as relevant conduct to his misprision of possession of child pornography. (DN 298-1, at p. 1). His argument is summed up as claiming three things, first that he did not knowingly possess items located in the unallocated space; second that he did not use some of his devices since 2013, thus creating a "temporal break"; and third that his Qosmio Toshiba laptop did not contain child pornography so his guidelines should not contain any offense characteristics. (Id.) This objection was partially accepted by the probation office but did not alter the guideline calculation. (Id. at pp. 1-2).

The defendant's objections to the PSR completely ignores the crime to which he pleaded guilty. The factual basis White agreed to in the plea agreement states that "on or about February 17, 2021 . . . Joshua White, *having knowledge* of the actual commission of a felony cognizable by a court of the United States, to wit, *possession of child pornography*. . . did conceal the same by use of anti-forensic tools, and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States." (DN 289 at para. 3). During the plea colloquy the Court specifically asked White if he was aware of the child pornography on his devices and White assented. White cannot plead guilty to knowingly concealing child pornography, while also claiming he had no knowledge of the child pornography. This is a factual impossibility.

Furthermore, there is ample evidence that White was aware of the child pornography. First, child pornography was located on multiple devices in his possession. (Id. at paras. 12-18). Second, child pornography search terms were located on multiple devices, including some

devices where no child pornography was located. (Id.). When items of child pornography are located in unallocated space, knowledge can be shown by evidence that the defendant searched for child pornography. In the Eleventh Circuit case of *United States v. Pruitt*, 638 F.3d 763, 767 (11th Cir. 2011), the Court upheld a conviction for receipt of child pornography where all the images were found in unallocated space and in the internet cache because there was evidence that the defendant sought out child pornography images.

Similarly, three of White's devices contained child pornography in unallocated space. Those devices, plus several others in his possession, contained search terms related to child pornography such as "preteen lesbian," "immature vagina," and "preteen lolitas." Evidence of White's knowledge of child pornography is that only minutes before several searches for child pornography, White's email account was accessed on the same device. These facts are sufficient under *United States v. Keefer*, 490 Fed. Appx. 797, 800-801 (6th Cir. 2012), which considered hundreds of images located in unallocated space. It is also important to note that White is not guilty of possession of child pornography. He is guilty of concealing evidence of the possession of child pornography. The presence of child pornography in unallocated space supports that conviction.

White concealed the possession of child pornography for years but asks the Court not to consider the child pornography that he attempted to conceal because he was successful at concealing it. He is essentially asking to be rewarded for being adept at concealing child pornography. White's conduct from 2010 through 2021 is inextricably intertwined and show a continuing concealment of child pornography. As stated in the government's response to one of White's motions in limine, "the presence of anti-forensic software and anonymizers on the

Qosmio Toshiba laptop and the Sandisk hard drive coupled with" the child pornography located on the other devices proves knowledge, and "his use of those tools shows that he was aware of the criminal nature of his conduct because he took steps to conceal [the] possession of child pornography." (DN 274, at p. 3). White did not take a break from concealing child pornography, he simply got better at hiding it.

The government did not locate any files of child pornography on White's Qosmio Toshiba laptop, his most recently used device, but it did locate sophisticated anti-forensic programs and wiping software on it. (DN 298, at para. 16). The government also located child pornography search terms on that device, such as "lesbian preteen". (Id.). That search term is similar to child pornography websites visited in 2012 and 2013 on the Western Digital Hard drive, like "littlevirginteens" and "preteen-goddesses". The Western Digital Hard drive also contained searches for "youngest nude girls" and "preteen wet tshirt contest". The Hitachi Hard drive, which was used during the same time frame as the Western Digital, contained search terms including "nude preteen" and "immature vagina". (Id. at para. 13). These similar searches over the course of a decade show that there was no real temporal break in the criminal conduct, only that White became more adept at concealing it. Because the searches for child pornography were similar across multiple devices over multiple years, the Court can conclude by a preponderance of the evidence that White was aware of all of the child pornography located on his devices, including those found in unallocated space. As such, the Court should consider all the child pornography described in the PSR in determining the total offense level.

## VI. Guideline Calculations

The Guideline offense level is 14 and the Criminal History Category is I, which results in

a guideline sentencing range of 15-21 months. (DN 298 at para. 60). White is eligible for between one and five years of probation, including either a fine, restitution, or community service. (Id. at para. 65). The government is requesting a fine at the low end of the guidelines, which is $7,000. (Id. at para. 69).

### VII.   Appropriate Sentence

The parties in their plea agreement agreed in a Rule 11(c)(1)(B) plea to recommend a sentence of 2 years of probation. (Id. at para. 2).

### VIII.  Conclusion

The government seeks a sentence of 2 years of probation and a fine of $7,500 as contemplated by the parties' plea agreement.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

/s/ *A. Spencer McKiness*
A. Spencer McKiness
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
PH: (502) 582-6006
FAX: (502) 582-5067
Spencer.mckiness@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

/s/ *A. Spencer McKiness*
A. Spencer McKiness
Assistant U.S. Attorney