UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CR. NO. 3:21-cr-00155 |
| v. | Hon. David J. Hale |
| JOSHUA WHITE, | MJ Hon. Regina S. Edwards |
| Defendant. | |

## DEFENDANT'S MOTION IN LIMINE TO PRECLUDE/NOTICE OF OBJECTION TO IRRELEVEANT EVIDENCE AT SENTENCING

Joshua White moves this Court to preclude the Government's presentation of evidence at sentencing not relevant to the charge to which he pled guilty.

Joshua White was charged in a superseding indictment with possession of child pornography and access with intent to view child pornography. Mr. White denied these allegations and the case was set for trial. Mere days before trial the parties negotiated a plea to misprision of felony with an offense date of February 2021. The Presentence Report included as relevant conduct images found in either unallocated space or the recycle bin of three hard drives, two of which have no evidence of use since 2010 and one that has no evidence of use since 2013. See Declaration of Micheal Littrell, Attached.

1

The Government has provided notice that it will introduce evidence at sentencing to support the inclusion of these devices as relevant conduct. The Government's notice provides it will introduce the following evidence in an email to the Court:

1. Pictures taken from the search showing where the devices were located in White's residence
2. List of anti-forensic software found on White's devices
3. Picture of the home screen from Toshiba laptop
4. Search terms and websites visited from the devices

If necessary, I [the assigned AUSA] will also plan to show the court images of child pornography located on the devices, screenshots of search terms and the results of those searches (including potential images of child pornography), and screenshots of the usage of the device on the day the referenced searches took place.

Evidence from 2013 or before.

All the images of child pornography and screenshots were found on the three disputed items. Nothing about those screenshots, the images, or search terms from those devices supports the proposition that they were in use after 2010 or 2013. Even if the Government were to prove by a preponderance of the evidence that Mr. White was involved with those images or searches, they would still not be relevant conduct for the offense of misprision of a felony in 2021. Mr. White asks this Court to make an initial determination of relevancy before allowing the presentation of this evidence.

Mr. White does not object to the presentation of photographs showing where the hard drives were found in the house. While he does not believe that evidence overcomes the forensic evidence showing the period in which the hard drives were in use, it is potentially relevant to the determination of whether they were recently used or accessed, or if they were in some other way related to his 2021 misprision offense.

2

<u>Evidence from the Toshiba Laptop.</u>

Forensic evidence shows the Toshiba laptop was in use from approximately 2014 until its seizure in 2021. Evidence from that laptop is relevant to Mr. White's offense of conviction and he does not object to its presentation.

Respectfully submitted,

<u>/s/ Wanda McClure Dry</u>
The Dry Law Firm
P.O. Box 2122
Danville, Kentucky 40423
Co-counsel for Defendant

<u>/s/ James R. Gerometta</u>
Law Office of James Gerometta
27 E. Flint St
Suite 2
Lake Orion, MI 48362

Dated: February 23, 2025

CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the Hon. A. Spencer McKiness, Assistant United States Attorney, and Hon Stephanie M. Zimdahl, Assistant United States Attorney.

Case 3:21-cr-00155-DJH-RSE Document 305 Filed 02/23/25 Page 4 of 4 PageID #: 2393