UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,     Plaintiff,

v.     Criminal Action No. 3:21-cr-155-DJH

JOSHUA WHITE,     Defendant.

\* \* \* \* \*

## MEMORANDUM

Defendant Joshua White pleaded guilty to misprision of a felony for knowingly concealing child pornography with anti-forensic tools. (Docket No. 289) Following preparation of the presentence investigation report (PSR), White objected to the U.S. Probation Office's guideline calculation. (*See* D.N. 301) During the sentencing hearing on February 25, 2025, the Court overruled the defense's objections to the PSR and sentenced White to twelve months and one day. In the interest of clarity, a restatement of the Court's ruling is set forth below.

**I.**

USPO applied the following four enhancements to White's base offense level: (1) a two-level increase pursuant to § 2G2.2(b)(2) for material involving a prepubescent minor or a minor who had not attained the age of 12 years; (2) a four-level increase pursuant to § 2G2.2(b)(4) for sadistic or masochistic conduct or sexual abuse or exploitation of an infant or toddler; (3) a two-level increase pursuant to § 2G2.2(b)(7)(A) for an offense involving between 10 to 150 images; and (4) a two-level increase pursuant to § 2G2.2(b)(6) for an offense involving the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material. (D.N. 298,

PageID.2274–75)  The defense objected to the first three enhancements—those pursuant to § 2G2.2(b)(2), (b)(4), and (b)(7)(A).

USPO applied the § 2G2.2(b)(2) and (b)(4) enhancements because some of the images found on White's Western Digital hard drive depicted prepubescent females and sexual abuse of a toddler.  (*Id.*, PageID.2272)  These images were found in the unallocated space of the hard drive.  (*Id.*)  USPO also applied the enhancement under § 2G2.2(b)(7)(A) for 10 to 150 images because White had a total of 41 images of child pornography on his devices: 28 images on the Maxtor hard drive and 13 images on the Western Digital hard drive.  (*Id.*, PageID.2273)  The images found on the Western Digital hard drive were in the unallocated space, in the recycling bin, and in thumbnail files.  (*Id.*, PageID.2272)  The images found on the Maxtor hard drive were in a file called Isis.tib, "which is a computer backup folder used by Acronis.com software."  (*Id.*, PageID.2273)

The Western Digital and Maxtor hard drives were each found to have anti-forensic software installed on them.  (*Id.*)  The Western Digital hard drive had shredder.exe, a program "used to permanently delete or remove files from a computer, so they are unrecoverable," and CCLeaer64.exe, a program used to "delete potentially unwanted files left by certain programs including but not limited to Microsoft Edge and Internet Explorer."  (*Id.*)  The Maxtor hard drive contained "Cleanup.exe, which removes temporary files created while surfing the web, empties the recycle bin, and deletes files from your temporary folders; and TrueCrypt encryption which provides real time encryption/decryption."  (*Id.*)

## II.

White argues that the Court should not apply the § 2G2.2(b)(2), (b)(4), and (b)(7)(A) enhancements because the possession of child pornography images located on the Western Digital and Maxtor hard drives is not "relevant conduct" for sentencing purposes.  (*See* D.N. 301,

PageID.2303–07) Specifically, White maintains that the child pornography images are not relevant because (A) there was a temporal break between the use of the Western Digital and Maxtor devices and the misprision offense, and (B) White did not have knowledge of the images found in the unallocated spaces of those devices. (*Id.*)

**A.       Temporal Break in the Use of the Devices**

Relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant," as well as acts that "were part of the same course of conduct or common scheme or plan as the offense of conviction."[1] U.S.S.G. § 1B1.3(a)(1), (2). In misprision cases, the defendant is accountable for "all conduct relevant to determining the offense level for the underlying offense that was known, or reasonably should have been known, by the defendant." *Id.* cmt. n. 9.

Offenses may be considered part of the "same course of conduct" if they are "sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." *United States v. Hill*, 79 F.3d 1477, 1481 (6th Cir. 1996) (quoting U.S.S.G. § 1B1.3 cmt. 5(B)(ii)). Courts should consider the following factors to determine whether offenses are part of the same course of conduct: "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." U.S.S.G. § 1B1.3 cmt. n.5(B)(ii).

---

[1] "[T]o qualify as relevant conduct under USSG § 1B1.3(a)(2), the conduct must constitute a logically related crime—federal or state—that carries incarceration as a potential punishment." *United States v. Hodge*, 805 F.3d 675, 680 (6th Cir. 2015). White's child pornography possession on the Maxtor and Western Digital hard drives meets this standard. *See* 18 U.S.C. § 2251A(b)(2) (imposing a minimum 10-year sentence for child pornography possession). Moreover, "to be 'relevant conduct' under [§ 1B1.3], the conduct must be able to be grouped with the offense of conviction pursuant to § 3D1.2(d)," which is true here. *United States v. Jones*, 620 F. App'x 434, 440 (6th Cir. 2015) *see also* U.S.S.G. § 3D1.2(d), § 2G2.2, § 2X4.1; *Hodge*, 805 F.3d at 680.

White argues that "[t]here is no evidence that the Hitachi hard drive (LI02) was used after 2012, no evidence that the WD hard drive (LI04) was used after 2014, or that the Maxtor hard drive (LI07) was used after 2010." (*Id.*, PageID.2304) According to White, this temporal break means that the images found on these devices are not part of the "same course of conduct or common scheme or plan" as the misprision offense.[2] (*Id.*)

Even if temporal proximity is weak here, when "one of the . . . factors is absent, a stronger presence of at least one of the other factors is required," which is met here.[3] U.S.S.G. § 1B1.3 cmt. n.5(B)(ii). The possession of child pornography on the Western Digital and Maxtor hard drives is highly similar to the offense for which White pleaded guilty. *See* U.S.S.G. § 1B1.3 cmt. n.5(B)(ii). Like the offense of conviction, the possession of child pornography on the Maxtor and

---

[2] White also contends that when the misprision occurred in February 2021, "only his Toshiba laptop with a Qosmio hard drive (LI20) was in service . . . No child pornography was on that hard drive. Because there is no identified material relating to his offense of conviction, no specific offense characteristic related to the content of CSAM material should be included in his sentencing guidelines." (D.N. 301, PageID.2303) But White cites no authority supporting this vague proposition, and the Court is aware of none. (*See id.*) Whether a device containing child pornography is "in service" is not dispositive. Many courts have found sufficient evidence for conviction of knowing possession of child pornography despite the device at issue being damaged. *See, e.g.*, *United States v. Mellies*, 329 F. App'x 592, 607 (6th Cir. 2009) (computer had a damaged cord, which the defendant "had to hold in place to render the laptop functional"); *United States v. Yarrington*, 634 F.3d 440, 444, 450 (8th Cir. 2011) (laptop's operating system would not "boot"). In fact, many individuals have been convicted of possessing child pornography following technicians' reports of child pornography on damaged devices taken to computer-repair stores. *See, e.g.*, *United States v. Patrick*, 365 F. App'x 834, 836 (9th Cir. 2010); *United States v. Green*, 259 F. App'x 171, 174 (11th Cir. 2007); *United States v. Paul*, 274 F.3d 155, 158 (5th Cir. 2001); *United States v. Stevens*, 197 F.3d 1263, 1264 (9th Cir. 1999); *United States v. Hall*, 142 F.3d 988, 997 (7th Cir. 1998).

[3] In the sentencing hearing, the Court noted that the temporal break in the use of the devices was not as long as White claims because several devices had anti-forensic software installed on later dates including 2016, 2017, and 2018. The PSR only indicates this is true for the SanDisk SSD, however. (D.N. 298, PageID.2273) In any event, the temporal break between the use of the devices and the misprision offense is not as long as White contends because White possessed the child pornography images on the Western Digital and Maxtor hard drives in 2021, the same year as the misprision offense. (*Id.*, PageID.2270)

Western Digital hard drives also involved child-pornography images and the use of anti-forensic tools. (D.N. 289, PageID.2173; D.N. 298, PageID.2273) And "the fact that both sets of conduct involved [White's] sexual interest in minors shows a high degree of similarity." *United States v. Hodge*, 805 F.3d 675, 683 (6th Cir. 2015). The offense conduct is also regular: two of White's devices (D.N. 298, PageID.2273) had child-pornography images and anti-forensic software. *Cf. United States v. Amerson*, 886 F.3d 574 (6th Cir. 2018) (finding no regularity because "the government show[ed] only one other offense"). White also accessed a child pornography website in 2019. (D.N. 298, PageID.2272). The offenses are thus sufficiently "related to each other" to be considered an "ongoing series of offenses." *Hill*, 79 F.3d at 1481.

In any event, the offenses related to the Maxtor and Western Digital hard drives are relevant as part of a "common scheme or plan." For conduct to be part of a "common scheme or plan as the offense of conviction," the offenses must be "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar *modus operandi*." *Hodge*, 805 F.3d at 683 (quoting U.S.S.G. § 1B1.3(a)(2) cmt. 5(B)(i)). Like the offenses in *Hodge*, the offenses here share a common purpose: White's "fulfillment of his sexual interest in minors." *Id.*; *see also United States v. Sullivan*, 414 F. App'x 477, 480 (3d Cir. 2011) (finding "commonality of purpose in the [defendant's] prurient interest[s]" in a child-pornography-distribution case). The offenses also involve a common *modus operandi*: the use of electronic devices with anti-forensic software. *See Sullivan*, 414 F. App'x at 480 (finding a similar *modus operandi* in the use of a computer in a child-pornography-distribution case); *United States v. McVey*, 752 F.3d 606, 612 (4th Cir. 2014) (finding a common *modus operandi* in the use of a computer in a child-pornography-possession case).

5

In sum, the possession of child-pornography on the Maxtor and Western Digital hard drives are part of the "same course of conduct" and "common scheme or plan as the offense of conviction" and therefore relevant for sentencing purposes. *See Hodge*, 805 F.3d at 683; *see also* U.S.S.G. § 1B1.3(a)(1), (2).

**B.      Knowing Possession of Images in Unallocated Spaces**

White also argues that his possession of child pornography in unallocated spaces was not knowing and therefore cannot be considered relevant conduct. (D.N. 301, PageID.2304) White contends that the child-pornography images of toddlers and prepubescent minors "should not be automatically included in the offense-level calculations without additional evidence that [he] knowingly possessed or accessed those images." (*Id.*, PageID.2306) In support, White cites *United States v. Keefer*, 405 F. App'x 955, 958 (6th Cir. 2010) ("*Keefer I*"). (*Id.*) The government opposes this argument and contends that the "Court should consider all the child pornography described in the PSR in determining the total offense level." (D.N. 300, PageID.2297)

In *Keefer I*, the defendant pleaded guilty to distributing and possessing child pornography. 405 F. App'x at 955. The district court applied a five-level enhancement under § 2G2.2(b)(7)(D) for an offense involving more than 600 images. *Id.* at 956. This total included 1,215 images found in the unallocated space of the defendant's computer. *Id.* (internal quotations omitted). On appeal, the defendant argued that he had no knowledge of the images in the unallocated space. *Id.* at 957. The Sixth Circuit explained that because files appear in an unallocated space when they are erased or deleted, images found in unallocated spaces indicate only presence on a device at some point— not knowing possession or access. *Id.* at 958. The Sixth Circuit therefore held that the district court improperly applied the enhancement because the government was required to provide additional evidence to show by a preponderance of evidence that the defendant "knowingly

6

possessed or knowingly accessed with intent to view each of the 600 or more images." *Id.* The case was remanded for resentencing. *Id.*

On remand, the district court found that the government proved by a preponderance of the evidence, via an agent's testimony that the images in the unallocated space would have had to be downloaded or viewed, that the defendant knowingly possessed the images in the unallocated space. *Id.* at 801. The defendant again appealed the district court's decision, but in *Keefer II*, the Sixth Circuit upheld the district court's decision to apply the enhancement. *United States v. Keefer*, 490 F. App'x 797, 802 (6th Cir. 2012).

The government has likewise met its burden in this case. Unlike *Keefer I*, the government has provided additional evidence of knowledge of child-pornography possession. *Cf. Keefer I*, 405 F. App'x at 958. As a preliminary matter, White pleaded guilty to "having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit, possession of child pornography in violation of [18 U.S.C. §] 2252A(a)5." (D.N. 289, PageID.2172–73) The factual summary of White's plea agreement further states that "child pornography was located on *one or more* electronic devices owned by Joshua White. He concealed that fact by use of anti-forensic tools." (*Id.*, PageID.2173 (emphasis added)) White conceded during his change-of-plea hearing that these facts were true. (D.N. 292, PageID.2207, 2216, 2226–27) White's plea agreement therefore supports that White had knowledge of the child-pornography images on the Western Digital and Maxtor hard drives. *See Keefer*, 405 F. App'x at 958; *United States v. Salas*, 281 F. App'x 496, 500 (6th Cir. 2008) ("It is not error for a court to sentence a defendant on the basis of facts to which the defendant himself admitted.").

Moreover, as the Court noted during the sentencing hearing, some of White's devices contained searches for child pornography, including searches for "nude pre-teen," "immature

7

vagina," and "preteen nude."[4] (D.N. 298, PageID.2272) "When '[s]earch terms specific to child pornography' are found on a computer, it is persuasive circumstantial evidence that the user 'knowingly possessed child pornography.'" *United States v. Johnson*, 775 F. App'x 794, 800 (6th Cir. 2019). These search terms therefore provide additional evidence of White's knowledge of child-pornography possession. *See Johnson*, 775 F. App'x at 800.

The presence of anti-forensic programs on devices containing child pornography also constitutes evidence that a defendant knew the images were on his devices, was aware of their illicit nature, and deliberately deleted the files or attempted to delete them. *See United States v. Royle V*, 86 F.4th 462, 479 (1st Cir. 2023) ("[T]he fact and timing of the wipe function initiated on the laptop was highly probative of [the defendant's] knowledge of the child pornography files. . . . [E]vidence that a person deliberately deleted or attempted to delete files containing child pornography tends to show that the person was aware of the files and their illicit nature."); *see also United States v. Mellies*, 329 F. App'x 592, 607 (6th Cir. 2009) (finding that defendant's attempts to conceal child pornography "demonstrate[d] that he knew that what he was doing was wrong"). In this case, the Western Digital and Maxtor hard drives contained extensive anti-forensic software,[5] which provides additional circumstantial evidence of White's knowledge of the child-pornography images on these devices. *See Royle V*, 86 F.4th at 479.

In sum, White's plea agreement, the presence of significant anti-forensic software on the Maxtor and Western Digital hard drives, and the extensive searches for child pornography across

---

[4] Two devices in White's possession contained searches specific to child pornography: (1) the Hitachi hard drive contained searches for "nude pre-teen," "immature vagina," and "preteen nude," and (2) the Qosmio hard drive included a "telly.com lesbian preteen" search. (D.N. 298, PageID.2272)

[5] The Maxtor hard drive contained Cleanup.exe and TrueCrypt encryption, and the Western Digital hard drive contained shredder.exe and CCLeaer64.exe. (D.N. 298, PageID.2273)

White's devices demonstrate by a preponderance of the evidence that White had knowledge of the images in the Western Digital hard drive's unallocated space.[6] *See Keefer II*, 490 F. App'x at 802.

### III.

For the reasons stated above, the Court overruled White's objections to the PSR and applied the two-level enhancement pursuant to § 2G2.2(b)(2) for material involving a prepubescent minor or a minor who had not attained the age of 12 years; the four-level enhancement pursuant to § 2G2.2(b)(4) for sadistic or masochistic conduct or sexual abuse or exploitation of an infant or toddler; and the two-level enhancement pursuant to § 2G2.2(b)(7)(A) for an offense involving between 10 and 150 images. The Court sentenced White to twelve months and one day of imprisonment.

March 4, 2025

David J. Hale, Judge
United States District Court

---

[6] The fact that these images are in the unallocated space of a device with anti-forensic software is particularly relevant here because it further supports White's misprision conviction for knowingly concealing child pornography with anti-forensic tools. (D.N. 286)