UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:21-CR-00155-DJH

**UNITED STATES OF AMERICA**　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**VS.**

**JOSHUA WHITE**　　　　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANT**

## ORDER

Defendant Joshua White seeks to appeal his judgment and has filed a motion for leave to appeal *in forma pauperis*. (DN 312). The District Judge has referred the motion to the undersigned United States Magistrate Judge for resolution. (DN 315).

On December 7, 2021, Defendant was charged in a two-count indictment with accessing with intent to view child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2) and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2). (DN 1). Defendant cycled through several retained attorneys during the pretrial stage. (*See* DN 15; DN 79; DN 120). At a change-of-plea-hearing on October 31, 2024, Defendant entered into an agreement with the United States, wherein he plead guilty to Count 1 of a Superseding Information, charging Defendant with misprision of a felony in violation of 18 U.S.C. § 4, in exchange for the United States dismissing all previous indictments, recommending a sentence of two years of probation, recommending a reduction of two levels for "acceptance of responsibility," and agreeing that Defendant would preserve the right to appeal the District Court's denial of his motion to suppress and motion for *Franks* hearing. (DN 287; DN 289).

On February 25, 2025, the District Judge sentenced Defendant to twelve months and one day of imprisonment to be followed by one year of supervised release, as well as a fine of $5,000.00. (DN 307). The same day the judgment was entered in the record, Defendant filed a Notice of Appeal. (DN 309). Shortly thereafter, Defendant's trial counsel moved to withdraw, which the Sixth Circuit granted, deferring "appointment of substitute counsel until the district court or this court has granted the defendant leave to proceed in forma pauperis." (DN 314).

Accordingly, Defendant filed a motion for leave to appeal *in forma pauperis* on March 7, 2025. (DN 312). Defendant avers he has no income or assets, that he and his wife are in the process

of separating their finances, that his wife is taking most of the money, and that he amassed $210,000.00 in personal debt paying attorney's fees. (*Id.*).

Under the Criminal Justice Act (CJA), a criminal defendant "financially unable to obtain" counsel is entitled to counsel, regardless of the merits of the case. 18 U.S.C. § 3006A(a)-(b). A defendant who receives counsel under the CJA may file an appeal without prepayment of the required fees and costs. *Id.* § 3006A(d)(7). Because every criminal defendant has the right to a direct appeal, district courts should not consider the merits when deciding pauper status for a direct appeal; the district court should only determine whether the defendant is financially eligible *in forma pauperis* status under the CJA. *United States v. Kosic*, 944 F.3d 448, 451-52 (2d Cir. 2019) (per curiam) ("Motions for IFP status and for appointment of CJA counsel shall be granted in direct criminal appeals solely based on the defendant's financial eligibility under the CJA[.]").

Defendant has not yet surrendered for his term of imprisonment and remains under bond conditions. He has submitted a financial affidavit reporting that he has no income, is not employed, and he and his wife have extensive monthly expenses. His $210,000.00 in debt for attorney's fees, along with Defendant no longer receiving financial assistance from his wife, qualify him for pauper status.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to Appeal *In Forma Pauperis* (DN 312) is **GRANTED.**

March 14, 2025

Regina S. Edwards, Magistrate Judge
United States District Court

Copies:　　Counsel of Record
　　　　　　Joshua White, Defendant
　　　　　　Clerk, Sixth Circuit Court of Appeals (No. 25-5158)