UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CR. NO. 3:21-cr-00155 |
| v. | Hon. David J. Hale |
| JOSHUA WHITE, | MJ Hon. Regina S. Edwards |
| Defendant. | |

**MOTION FOR BOND PENDING APPEAL**

Defendant Joshua White, through counsel Wanda Dry, moves this Court to enter an Order pursuant to 18 U.S.C. § 3143(b), allowing his continued release pending his appeal.

1. On December 9, 2021, Joshua White appeared in this Court on a two-count indictment charging him with access with intent to view child pornography on April 11, 2019, and possession of child pornography on February 17, 2021.

2. The next day, he was released on bond with conditions that included a tether and restrictions on his computer use. While Mr. White's pretrial

      service report did not recommend computer use restrictions, they were nevertheless imposed.

3. On December 6, 2022, the Government dismissed the original access with intent to view charge, but almost two years later, on August 6, 2024, filed a superseding indictment charging access with intent to view child pornography with an offense date of October 31, 2010. (R. 247, Superseding Indictment, August 6, 2024).

4. As this Court is aware, the parties negotiated a plea to misprision of a felony with a joint recommendation of probation.

5. Mr. White's plea was conditioned on his ability to appeal several Fourth and Fifth Amendment issues. (R. 289, Plea Agreement, October 31, 2024).

6. On February 25, 2025, Mr. White was sentenced to 12 months and one day of imprisonment, followed by supervised release.

7. The next day, he filed a timely notice of appeal. (R. 309, Notice of Appeal, February 26, 2025).

8. In addition to these issues reserved for appeal, Mr. White wishes to raise a number of issues relating to ineffective assistance of counsel at his sentencing, misconduct at his sentencing, and the validity of his plea.

9. Mr. White is currently scheduled to report to FMC Lexington on March 26, 2025.

10. This Court may continue a defendant on bond pending appeal when: (A) there is clear and convincing evidence that he is not likely to flee and will not pose a danger to the community, and (B) the appeal was not taken for the purpose of delay, and raises substantial questions of law or fact that, if successful, would likely result in reversal or a new trial, or a sentence that would be completed before defendant's appeal is resolved. 18 U.S.C. § 3143(b).

11. Mr. White has been on bond without issue since December 10, 2021. His conduct on bond demonstrates that he is not a risk of flight or danger to the community.

12. Because his appeal was not taken for the purpose of delay and raises substantial questions that, if successful, would likely result in a new trial, he should be continued on bond pending appeal.

13. Mr. White also requests that his bond be amended to remove this tether and computer restrictions because the Adam Walsh Act no longer requires them. 18 U.S.C. § 3142.

For the reasons stated above and in the accompanying brief, this Court should enter an order continuing Mr. White's bond with modifications pending appeal.

        Respectfully submitted,

        <u>/s/ Wanda McClure Dry</u>
        The Dry Law Firm
        P.O. Box 2122
        Danville, Kentucky 40423
        Counsel for Defendant

Dated: March 17, 2025

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | CR. NO. 3:21-cr-00155 |
| v. | | Hon. David J. Hale |
| JOSHUA WHITE, | | MJ Hon. Regina S. Edwards |
| Defendant. | | |

**BRIEF IN SUPPORT OF MOTION
FOR BOND PENDING APPEAL**

I.     INTRODUCTION

Joshua White is scheduled to report to the Bureau of Prisons on March 26, 2025, to serve his sentence of one year and one day imposed by this Court following his guilty plea to a single count superseding indictment charging misprision of a felony. In his Rule 11 Agreement, Mr. White reserved the right to challenge several Fourth and Fifth Amendment issues on appeal. Additionally, after consulting with new counsel, Mr. White may wish to raise a number of issues

relating to ineffective assistance of counsel at his sentencing, misconduct at his sentencing, and the validity of his plea.[1]

## II. APPLICABLE LAW

A defendant is entitled to bond pending appeal when: (A) there is clear and convincing evidence that he is not likely to flee and will not pose a danger to the community, and (B) the appeal is not taken for the purpose of delay and raises substantial questions of law or fact likely to result in reversal, a new trial, or a reduced sentence that less than the total of the time that would be served at the expected end of the appellate process. 18 U.S.C. § 3143(b).

A substantial question is a "close question or one that could go either way." *United States v. Sutherlin*, 84 F.App'x 630, 631 (6th Cir. 2003) (quoting *United States v. Pollard*, 778 F.2d 117, 1182 (6th Cir. 1985). Notably, "section 3143(b) does not require a court to think reversal is probable or likely [on appeal]." *United States v. Sittenfeld*, Sixth Circuit No. 23-3840, Per Curiam Order Releasing Defendant, May 15, 2024 (available at 2024 WL 3025509). The Court must only find "that success on appeal . . . would result in reversal or a new trial." *Id.*

---

[1] Undersigned counsel is not a member of the Sixth Circuit Court of Appeals bar and cannot continue to represent Mr. White on appeal.

While this Court has ruled against Mr. White on the issues he will likely raise on appeal, the question is not whether the Court believes that its decisions were incorrect and that reversal is likely; the Court need only find that there are substantial issues that would result in relief for Mr. White *if* he is successful.

### III.   ARGUMENT

A. <u>Risk of flight and danger to the community.</u>

Joshua White has been on bond since December 2021. During that time, he worked on this case and repaired his home. Over the last three-plus years, Mr. White has proven that he is neither a danger to the community nor a risk of flight. The sentence imposed by the Court reflects this fact.

B. <u>The issues on appeal.</u>

1. <u>Issues preserved in the Rule 11 agreement.</u>

Mr. White reserved the right to appeal the search of his computers outside the scope of the search warrant and for a *Franks* hearing based on knowing or recklessly false statements in the search warrant. While the Court decided against Mr. White, these issues are substantial and, if successful, would result in the need to reverse his conviction.

2. <u>Issues preserved for collateral attack.</u>

The plea agreement also allows him to challenge his conviction through a collateral attack based on ineffective assistance of counsel or prosecutorial

misconduct. Mr. White seeks to consult with appellate counsel regarding a number of issues that he believes fit into these categories:

a. Counsel was ineffective for not pointing out to the Court that Mr. White never admitted to being a principal to the underlying offenses in his plea agreement. Such an admission would run afoul of his Fifth Amendment rights. These arguments undermine the Court's findings that he was aware of the material that formed the basis of his sentencing guideline enhancements. This challenge also relates to the validity of Mr. White's plea.

b. That counsel was ineffective for not pointing out that any material found on the computer could not have been part of Mr. White's misprision offense because he did not stipulate to that knowledge, and logically, had he known about them, he would have deleted them.

c. That counsel was ineffective for not challenging whether the images used to enhance his sentence constituted child pornography under the *Dost* or *Hillie* factors.

d. Counsel was ineffective for not pointing out to the Government or Court at either the plea or sentencing hearings that the forensic evidence showed that files had not been deleted within five years of October 31, 2024, which would fall within the statute of limitations for misprision of a felony.

4

e. Counsel was ineffective for not objecting and pointing out that the Toshiba Laptop's hard drive and the Sandisk drive were unlikely to have been instrumental in a crime of misprision of a felony because those drives were SSD drives. Such a deletion was unnecessary because unallocated space in those drives is automatically cleared by the firmware, and use of deletion software is strongly discouraged as it can "degrade" or "damage" the drives.

f. That counsel was ineffective in advising defendant to plead guilty when he had a viable defense at trial in that there was substantial evidence that others had access to his computer (images of others using the computer, testimony by witnesses, a key logger, user profiles, lack of a password), that there was a keylogger installed on his computer just before the alleged October 31, 2010, access with intent to view, that most of the images identified by the Government did not meet the *Dost* or *Hillie* factors and did not constitute child pornography, and that the Government's expert, expert witness HSI agent and forensic examiner Stephen Stuart, stated multiple times to counsel that he believed Mr. White was *unaware* that the images were on his computer in February 2021.

g. That counsel was ineffective for not moving to dismiss the case in April 2024 when the Government's expert witness, Stephen Stuart, expressed his belief that White did not knowingly possess the alleged CSAM during an

5

    evidence review in the Spring of 2024 when the sole charge against Mr. White was knowingly possessing.

h. That counsel was ineffective in his explanation of the plea agreement. Mr. White entered into the agreement without a complete understanding of the agreement and its consequences by counsel not fully explaining the elements necessary to have completed the crime of misprision of a felony, not correcting confusing, erroneous, vague, or amphipathic language within the plea agreement, and wrongly explaining that this specific prosecutor and this specific Judge did not enter into plea agreements other than Fed. R. Crim. P. 11(c)(1)(B), when this is false.[2]

i. That the Government committed misconduct by relying on allegations that Mr. White had viewed child pornography in April 2019, even though they knew that forensic evidence proved that this did not happen and that they continued to rely on this fact in the PSR and at sentencing after the charge had been dismissed, and had failed to comply with the requirements of *Brady v. Maryland* to provide discovery regarding that allegation citing the dismissal.

    3. <u>Appropriate bond conditions.</u>

---

[2] See 3:16-CR-1-DJH US v. DIETZ DN 44, where Judge Hale and AUSA McKiness entered the defendant into an 11(c)1(A) agreement; also see 3:18-cr-176-DJH DN48 and 3:15-cr-99-DJH.

6

Mr. White is currently released on a tether with a 9:00 pm curfew, subject to computer monitoring by a custodian, and simultaneously subject to a nearly complete ban on computer usage. This condition is not narrowly tailored to the offense of his plea. The Court considered these conditions necessary when Mr. White was erroneously charged with a specified crime involving a minor that invoked mandatory monitoring conditions under the Adam Walsh Act.

Judge Edwards made the original conditions of the computer restrictions based on erroneous information and allegations and that Mr. White's Discovery provided August 17, 2022, relative to the defense against the allegation of access with intent on December 6, 2021, nearly a year after the first detention hearing, showed evidence of innocence as to the indictment and proof alleged at the first detention hearing.

Now all charges of access or possession have been dismissed, the special conditions are inappropriate and do not meet the Bail Reform Act's requirement that the court "impose the least restrictive conditions or combination of conditions" that will reasonably assure these goals. Computer conditions or a tether are excessive and constitute punishment in addition to the sentence already imposed by this court.

Especially in light of the sentence of one year and one day, there is no credible argument that Mr. White is a flight risk, and a tether and computer monitoring should only be imposed if they are necessary to protect the safety of the community.

As noted at sentencing, the charges against Mr. White were well known in his neighborhood, and no one has come forward with allegations that Mr. White was at any time inappropriate with children. In preparation for trial, HSI agents interviewed Mr. White's friends and former roommates; again, there were no allegations of improper contact with children. Because there are no allegations of "hands-on" offending by Mr. White a tether is unnecessary to protect the public.

This Court's judgment imposes computer monitoring as a condition of supervised release. **However, the Court failed to impose this condition at sentencing**, and it is therefore invalid because the defendant did not have notice or the opportunity to object to those conditions. See, e.g., *United States v. Hayden*, 102 F.4th 368, 374-375 (6th Cir. 2024) (Proper procedure to impose special conditions of supervised release is to orally pronounce them at sentencing in full view of the defendant giving him the notice and an adequate opportunity to object.)

As stated in Mr. White's sentencing memorandum, computer monitoring is unnecessary because "over the last three years, there have been no allegations of Mr. White misusing the computer. As an engineer he needs to use a computer for

8

his work. This felony conviction will make it harder for Mr. White to find a job[3]; a requirement that a potential employer must consent to have either their computer or Mr. White's computer that he is using to work for that employer monitored will likely be a deal breaker for that employer as it will likely violate most companies' intellectual property protections. Returning to gainful employment is one of Mr. White's primary goals and should be a primary goal of this Court. Given his three years of positive behavior, the marginal benefits of continuing to monitor him for a limited period is outweighed by the negative consequences the monitoring will have on his ability to get employment."  Mr. White's medical issues make him unreliable for most or potentially any jobs that do not require the use of a computer.

Even the USPO agents Kyle McGowan and Todd Mousty who were assigned to monitor Josh and assist in their capacity and responsibility per policy were never able to suggest a job that didn't require a computer (i.e., Electrician, Home Depot, Lowes, Independent Arborist).[4]

---

[3] Every employer Mr. White has worked for or every job a has applied for since 2019 has required a back ground check.

[4] The USPO had to make dozens of discretionary concessions from the Judge's internet/computer ban for Mr. White to utilize his home appliances, purchase fuel for his car, using Point of Sale systems at stores, ordering food and services from electronic menus/kiosk, accessing law libraries, etc.

9

## IV.     CONCLUSION

Joshua White is neither a risk of flight nor a danger to the community. He has had no violations in the last three-plus years on bond. His appeal raises substantial issues that could result in the reversal of his convictions or a new trial. Because he will have served all or most of his sentence by the time his appeal is decided, bond is necessary to ensure that he has a viable avenue of relief available if successful on appeal.

Respectfully submitted,

/s/ Wanda McClure Dry
The Dry Law Firm
P.O. Box 2122
Danville, Kentucky 40423
Counsel for Defendant

Dated:  March 17, 2025

## CERTIFICATE OF SERVICE

 I hereby certify that on March 17, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will notify the parties of record of such filing.

            Signed,

            /s/ Wanda McClure Dry
            The Dry Law Firm
            P.O. Box 2122
            Danville, Kentucky 40423
            Counsel for Defendant

Dated:  March 17, 2025