UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                               PLAINTIFF

v.                                         CRIMINAL ACTION NO. 3:21-CR-155-DJH

JOSHUA WHITE                                                    DEFENDANT

**RESPONSE TO DEFENDANT'S MOTION**
**FOR BOND PENDING APPEAL**
*ELECTRONICALLY FILED*

      In his latest effort to avoid answering for his crimes, Joshua White now asks this Court under 18 U.S.C. § 3145(b) to release him on bond while his appeal is pending. (DN 317, Motion for Bond Pending Appeal). He supports this request by mostly regurgitating arguments already made in his motions in limine regarding evidence at sentencing, which this Court has already heard and rejected. What White fails to do is raise any substantial question of law or demonstrate any clear and convincing evidence that his appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in overturning his conviction or reducing sentence. Accordingly, this Court should deny White's Motion, and he should begin serving his term of imprisonment on March 26, 2025, as ordered by the Court.

## BACKGROUND

      On or about February 17, 2021, child pornography was located on one or more electronic storage devices owned by Joshua White, and he concealed that fact by use of anti-forensic tools. (DN 289 at para. 3). On October 31, 2024, Joshua White knowingly and voluntarily pleaded guilty pursuant to a Rule 11(c)(a)(B) plea agreement to misprision of a felony, in violation of 18 U.S.C.

§ 4, for knowingly concealing child pornography with anti-forensic tools. (DN 292 at p. 39). Following preparation of the presentence investigation report (PSR), White objected to the U.S. Probation Office's guideline calculation. (*See* DN 301). During the sentencing hearing on February 25, 2025, the Court overruled the defense's objections to the PSR. (DN 311 at p. 1). White was sentenced to twelve months and one day in prison, with one year of supervised release to follow afterwards. (DN 307 at pp. 3-4). White filed a fifteen-page motion for release pending his appeal on March 17, 2025. (DN 317). That motion listed 10 issues he seeks to appeal. This Court ordered the government to respond by March 19, 2025. (DN 318).

## ARGUMENT

Release pending appeal is not a matter of right. On the contrary, 18 U.S.C. § 3143(b) creates a presumption against release pending appeal. *See United States v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988). "Once guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal." *Id*. at 170.

To overcome mandatory detention, White bears the burden of showing that he first meets the requirements of § 3143(b)(1). Specifically, he bears the burden of showing (1) by clear and convincing evidence that he is not likely to flee, (2) by clear and convincing evidence that he does not pose a danger to the safety of any other person or the community, (3) the appeal is not for the purpose of delay, and (4) the appeal raises a substantial question of law or fact likely to result in reversal. 18 U.S.C. § 3143(b); *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002); *Vance*, 851 F.2d at 169. This statute creates a presumption against release pending appeal. *See United States v. Sabino*, 97 F. App'x 626, 627 (6th Cir. 2004).

Because the burden of proof lies with the defendant, White should be detained if this Court find against him on any one of these criteria. *United States v. Thompson*, 830 F.2d 194, 1987 WL

44453 (6th Cir. Sept. 30, 1987); *see also United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985); *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985); *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985). White fails to sufficiently demonstrate that he meets any of the criteria set forth in § 3143(b)(1) to overcome the presumption in favor of his detention.

**I. White presents no clear and convincing evidence that he is not a danger nor a flight risk.**

White fails to sufficiently demonstrate that the risk of flight is a nonconcern if he is released from custody prior to the resolution of his appeal. Whites emphasizes that he was on pretrial release from the time of his indictment until sentencing, arguing that his refusal to flee at the time suggests he would be equally unlikely to flee now. (DN 317 at p. 3). However, evidence of pre-trial behavior is insufficient to overcome the presumption in favor of detention as they await appeal. *See, e.g.*, *United States v. King*, 2009 WL 1767622 at *4 (M.D. Fla. June 22, 2009) (finding that good behavior at previous stages and the mere passage of time do not satisfy the burden of showing that a convicted defendant qualifies for preliminary release).

**II.   White's appeal fails to raise a substantial question likely to result in overturning his conviction or reducing his sentence.**

For the same reasons White's motions in limine regarding evidence at sentencing were denied by this Court, White fails to show that his appeal raises a substantial question sufficient to overcome the presumption against release pending appeal. 18 U.S.C. § 3143(b)(1)(B). As for the necessary finding under § 3143(b)(1)(B), the Sixth Circuit has explained that a substantial question is raised "when the appeal presents a close question or one that could go either way and . . . the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *United States v. Pollard*, 778 F.2d 1117, 1181-82 (citations omitted); *United States v. Vance*, 2023 U.S. Dist. LEXIS 169185, at *3 (E.D. Ky. Sept. 22, 2023); *United States v. Higgins*, 2022 U.S. Dist. LEXIS

94504 at *1-2 (S.D. Ohio May 26, 2022).

A substantial question is "one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *United States v. Kudmani*, 2017 WL 2957941, at *2 (W.D. Ky. July 11, 2017); *United States v. Roth*, 642 F. Supp. 2d 796, 798 (E.D. Tenn. 2009) (quoting *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985). White makes no sufficient showing that his appeal would present such a question. *See United States v. Word*, 798 F.2d 471, 1986 U.S. App. LEXIS 27823, at *12 (6th Cir. June 3, 1986) (to allow bond pending appeal, a court must find that the appeal presents a "close question or one that could go either way" and cannot simply give the defendant "the benefit of the doubt" on the likely success of the appeal).

A.      The issues to be raised on appeal are not substantial.

White reserved his right to appeal the order in DN 228 denying his motion to suppress (DN 171) and his motion for Franks hearing (DN 172). (DN 289, at paras. 11-12). His appeal of those issues does not raise a substantial question because they were decided by controlling precedent and is not "fairly doubtful." The Court's 20-page order denying a Franks hearing and White's motion to suppress was well reasoned and methodicly set out the Court's process for denying those motions. This was not a close call and thus White failed to raise a substantial question likely to result in overturning his conviction or reducing sentence.

In addition to showing that an issue is substantial, White must also show that the issue is "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Pollard*, 778 F.2d at 1181. Specifically, White must not only show that the issue is substantial but that it is "so integral to the merits of the case that a favorable appellate ruling would not merely affect a portion of the counts upon which the defendant is convicted but would require the appellate court to reverse the

conviction or remand the case back to the district court for a new trial." *United States v. Pulley*, 730 F. Supp. 55, 57 (W.D. Ky. 1990). White does not even argue his issues are integral to the merits of his conviction or that a ruling in his favor would result in reversal. White thus failed to carry his burden to show that his appeal raises a substantial question of law or fact likely to result in reversal.

Except for two issues preserved for appeal, White entered into a written plea agreement in which he broadly waived his rights to appeal his conviction and sentence. (DN 289 at p. 5). This broad waiver of his appellate rights is a threshold issue that may preclude appellate review of many of his issues. Regardless, the "mere identification of issues does not demonstrate that an appeal establishes a substantial question entitling the defendant to release pending appeal." *United States v. Moore*, 849 F.2d 1474, 1988 U.S. App. LEXIS 8574, at *2 (6th Cir. June 16, 1988). As such, White has not met his burden under § 3143(b), especially given the presumption against release. *See Chilingirian*, 280 F.3d at 709. Absent a substantial question of law or fact that is likely to result in reversal, the primary purpose of White's appeal is to delay the start of his mandatory detention. *See* 18 U.S.C. § 3143(b); *Chilingirian*, 280 F.3d at 709; *Vance*, 851 F.2d at 169.

B.     <u>The issues to be raised as a collateral attack are not likely to result in a new trial</u>.

In addition to his appellate issues, White raised several issues related to ineffective assistance of counsel and prosecutorial misconduct that he intends to raise on appeal to challenge his conviction and sentence. The government is unaware of any statute or case law that allows a defendant to stay out on bond while collaterally attacking a sentence or conviction. Even if this were permissible, White failed to raise a substantial issue likely to result in a new trial.

Many of White's potential claims for ineffective assistance of counsel contradict the record or have no bearing on whether there is a substantial likelihood for a new trial or sentence reduction.

5

One glaring instance of his arguments contradicting the record is how White agreed at the change of plea hearing that he knew of the presence of child pornography on devices in his possession and concealed it using anti-forensic software (DN 292, Transcript of Change of Plea Hrg., at pp. 35-38; DN 311, Memorandum Order Regarding Objections to the PSR, at pp. 3, 7), but in his motion for bond he states "any material found on [his] computer could not have been a part of Mr. White's misprision offense because he did not stipulate to that knowledge, and logically, had he known about them, he would have deleted them." (DN 317, at p. 8).

Additionally, White's objections to the PSR forced the Court to look deeper into the facts of the case and make determinations related to White's relevant conduct that reflected poorly on him. One such instance was his objection to several enhancements based on temporality, which led the Court to determine that White's conduct "involved [his] sexual interest in minors" and that he accessed child pornography in 2019. (DN 311, at p. 5). Without White's objections to the guidelines and his arguments that the child pornography could not be linked to him, the Court does not make these factual findings that contributed to his one year and a day sentence. White's sentence is a self-inflicted wound. Not a result of ineffective assistance of counsel or prosecutorial conduct.

White's motion for bond pending appeal makes nine separate claims for ineffective assistance of counsel, none of which would satisfy the high standard for habeas claims under Title 28, U.S.C. Section 2255. Additionally, his motion, which was filed by counsel, states that he "may wish to raise a number of issues relating to ineffective assistance of counsel" after consulting with new counsel. (DN 317, at p. 5-6). To prevail under a § 2255 motion, a petitioner must show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or error so egregious that it amounted to a violation of due process. *United States v. Todaro*, 982

6

F.2d 1025, 1028 (6th Cir. 1993). Many of White's stated instances of ineffective assistance of counsel are mere petty gripes that come woefully short of satisfying the high standards for a successful 2255 motion. Moreover, he cannot claim to be likely to succeed on an appeal raising collateral issues when he does not yet know exactly what those collateral issues are.

Substantively, most of White's claims for ineffective assistance of counsel completely contradict his plea agreement and sentencing arguments. For instance, he argues that counsel was ineffective for pointing out that the Toshiba laptop and SanDisk were unlikely to be instrumental in his misprision of a felony (DN 317, at p. 9), while previously arguing that no devices but the Toshiba laptop should be considered in determining his sentence for misprision of a felony. (DN 298-1, at p. 1; DN 301, at p. 5-6). If White's arguments were taken at face value, then he both knowingly deleted and hid child pornography, while also not deleting or knowing that child pornography existed on his devices. Such paradoxical arguments can only be made by someone who's appeal is illegitimate and for the purpose of delay.

## CONCLUSION

The Court's well-reasoned rulings on the issues raised by White in his repetitive motions in limine regarding the search warrant, were rendered after both sides had extensive opportunity to argue their positions and are not likely to result in a new sentence while on appeal. White's arguments regarding ineffective assistance of counsel and prosecutorial misconduct are contradicted by both the record and White's own conduct. White's Motion therefore fails to raise any substantial question of law or demonstrate any clear and convincing reason why his mandatory detention would not be appropriate. Accordingly, this Court should deny White's Motion, and he should begin serving his term of imprisonment on March 26, 2025, as ordered by the Court.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*/s/ A. Spencer McKiness*
A. Spencer McKiness
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
Office: (502) 582-6006
Fax: (502) 582-5067
Email: spencer.mckiness@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will serve opposing counsel via electronic mail.

*/s/ A. Spencer McKiness*
A. Spencer McKiness
Assistant United States Attorney