UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA,

        Plaintiff,                    CR. NO. 3:21-cr-00155

v.                                             Hon. David J. Hale

JOSHUA WHITE,

        Defendant.

REPLY RE: DEFENDANT'S MOTION FOR BOND PENDING APPEAL

Defendant Joshua White moved for bond pending appeal. The Government filed a response. This reply briefly addresses the two principal arguments raised by the Government.

I.    <u>White presents no clear and convincing evidence that he is not a danger nor a flight risk.</u>

The Government claims that Mr. White has not proved that he is not a risk of flight or danger to the community despite his record on bond since 2021. They simply state that past history is not enough to show he won't be a future danger or risk of flight.

This argument is problematic given that the Government entered a plea agreement in which they promised to make a good faith recommendation for probation. Mr. White cannot both be a risk of flight or danger to the community, and an appropriate candidate for probation. One of their two arguments, either now or at sentencing, is not made in good faith. Their argument here raises questions about whether they truly advocated for probation at sentencing or intended the Court to impose a sentence of imprisonment despite their recommendation

   II.  White's appeal fails to raise a substantial question likely to result in overturning his conviction or reducing his sentence.

Mr. White entered into a conditional plea that allows him to withdraw his plea if he is successful on appeal. If he succeeds on appeal he must be allowed to withdraw his plea, thus he necessarily meets the requirement that success on appeal is likely to overturn his conviction. The Government's argument to the contrary appears to confuse the "substantial question" jurisprudence with the question of whether success would overturn his conviction on appeal.

The Government also argues that the appeal is taken for the purpose of delaying his detention. A brief review of the docket shows that this is false. Mr. White has repeatedly raised the issue of the validity of the warrant to search his

home and the accuracy of the facts upon which the warrant was based. He filed multiple iterations of suppression motions on these issues. The claim that his primary purpose in continuing to pursue these issues is for delay flies in the face of the amount of litigation that took place before this Court.

Finally, while this Court has decided against Mr. White, this will always be the case when a defendant moves for bond pending appeal. The fact that the Court issued a 20-page opinion shows that Mr. White raised substantial issues requiring extensive briefing and analysis. He should be allowed to remain on appeal while the appellate court reviews his claims.

Respectfully submitted,

/s/ Wanda Dry
Wanda M. Dry
The Dry Law Firm
P.O. Box 2122
Danville, KY 40423
(859) 583-0037

March 21, 2025

CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the Hon. A. Spencer McKiness, Assistant United States Attorney, and Hon Stephanie M. Zimdahl, Assistant United States Attorney.

    Respectfully submitted,

    <u>/s/ Wanda Dry</u>
    Wanda M. Dry
    The Dry Law Firm
    P.O. Box 2122
    Danville, KY 40423
    (859) 583-0037